UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10804 JLT Civil Action No.: _____

MAGISTRATE JUDGE _____

DAD CONSTRUCTION CO., INC.,
    Plaintiff,

v.

DEREK HEIMLICH, ANDREW LEVY and,
ARLEIGH GOODWIN,
    Defendants.

RECEIPT # 55446
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 4-22-04

**NOTICE OF REMOVAL**

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the Defendants, through their attorney Richard J. Bombardo, pursuant to 28 U.S.C. 1446, and hereby give notice that they remove the above-entitled Massachusetts state court action, pending in the Norfolk Superior Court, and assigned docket number 04-00518.

In further support thereof, the Defendants state the following:

1. The ground for removal is diversity jurisdiction of all parties pursuant to 28 U.S.C. 1332.

2. The Plaintiff has filed a claim for money damages against the defendants for at least $95,000.00 (as set forth in paragraph 17 of the attached Complaint). Attached hereto and made a part hereof as Exhibit A are true copies of the Summons, Complaint and Tracking Order, which are all documents served on the defendants to date in the state action.

3. The amount of the claim(s) of the Plaintiff in this action exceed the jurisdictional minimum of $75,000.00 for diversity jurisdiction pursuant to 28 U.S.C. 1332(a).

4. The Plaintiff, upon information and belief, is a Massachusetts Corporation with its principal place of business in Massachusetts. Pursuant to 28 U.S.C. 1332(c)(1), the Plaintiff is a citizen of Massachusetts.

5. Derek Heimlich is a domiciliary of California. His domicile address is 5952 Dial Way, San Jose, CA 95129. He states he attended college in Massachusetts and resides here temporarily but he has not changed his domicile from California.

6. Andrew Levy is a domiciliary of Connecticut. His domicile address is 12 Edge Hill Circle, Monroe, CT 06468. He is a Boston University student.

7. Arleigh Goodwin is a domiciliary of New Jersey. His domicile address is 16 Fostertown Lane, Mullica Hill, NJ 08062. He is a Boston University student.

8. Accordingly, all Defendants are diverse from the Plaintiff in this action and the United States District Court has original jurisdiction in the instant action pursuant to 28 U.S.C. 1332.

9. All three defendants state that they were served with the state court Summons and Complaint on March 29, 2004.

10. Pursuant to 28 U.S.C. 1446(b), the removal is timely because less than 30 days have passed since the Defendants were first served with the Summons and

Complaint.

Dated: April 22, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

_____
Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 742-0575
B.B.O. # 633161

# EXHIBIT

# A

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                                                SUPERIOR COURT
                                                                                                            CIVIL ACTION

                                                                                                            NO.  04 00518

Dad Construction Co., Inc., *Plaintiff(s)*

v.

Derek Heimlich, Andrew Levy
and Arleigh Goodwin, *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Arnold M. Friedfertig, Esq., 1714 Beacon Street, plaintiff's attorney, whose address is Brookline, MA 02445-2124, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ......................the ..........................

day of ............................, in the year of our Lord two thousand and ..........................

                                                                                                            Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                           NORFOLK COUNTY SUPERIOR COURT
                                      DEPARTMENT OF THE TRIAL COURT
                                      CIVIL ACTION NO. 04 00518

Dad Construction Co., Inc., )
         Plaintiff          )
                            )
v.                          )         COMPLAINT
                            )
Derek Heimlich,             )
Andrew Levy and             )
Arleigh Goodwin,            )
         Defendants         )

Parties

1. Plaintiff Dad Construction Co., Inc., is a Massachusetts corporation, having an address of 1714 Beacon Street, Brookline, Norfolk County, Massachusetts.

2. Defendant Derek Heimlich ("Heimlich") is an individual having an address of 8 Farrington Avenue #5, Allston, Suffolk County, Massachusetts.

3. Defendant Andrew Levy ("Levy") is an individual having an address of 8 Farrington Avenue #5, Allston, Suffolk County, Massachusetts.

4. Defendant Arleigh Goodwin ("Goodwin") is an individual having an address of 8 Wadsworth Street, Allston, Suffolk County, Massachusetts.

Facts

5. Plaintiff is the record owner of the real estate known as and numbered 186 Naples Road, Brookline, Norfolk County, Massachusetts, a three (3) unit residential building ("Premises").

6. Heimlich and Levy took occupancy of Unit 2 at the Premises on September 1, 2002.

7. Heimlich and Levy vacated their occupancy of Unit 2 on September 1, 2003.

8. Goodwin took occupancy of Unit 3 at the Premises on September 1, 2002.

9. Goodwin vacated his occupancy of Unit 3 on September 1, 2003.

10. Prior to taking occupancy, Defendants represented themselves to Plaintiff to be quiet, respectful students, who would maintain and care for the Premises and be respectful of the rights and privacy of neighbors.

11. During their occupancy of the Premises, Defendants caused extensive damage to the Premises.

12. During their occupancy of the Premises, Defendants caused the Premises to become rundown, filthy and unsanitary, to the point where prospective future tenants and real estate brokers would refuse to enter the Premises.

13. During their occupancy of the Premises, Defendants continually failed to properly store and dispose of trash, and permitted trash to be strewn about the Premises.

14. During their occupancy of the Premises, Defendants threw loud and offensive parties, often lasting to the early morning hours, resulting in the Town of Brookline police being summoned to the Premises on numerous occasions, and many complaints from neighbors made to Plaintiff.

15. As a result of Defendants' actions and negligence, Plaintiff was fined numerous times by the Town of Brookline Health Department.

16. As a result of Defendants' actions and negligence, Plaintiff was criminally charged by the Town of Brookline for sanitary code violations.

17. As a result of Defendants' actions and negligence, Plaintiff has spent $95,000.00 repairing and rebuilding the Premises.

18. As a result of Defendants' actions and negligence, the Premises has been unable to be rented for approximately ten (10) months.

## Count I
## Negligence

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18.

20. Defendants' actions constitute negligence.

21. Plaintiff has suffered damages in an amount to be determined at trial.

## Count II
## Destruction of Property

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21.

23. Defendants' actions resulted in the destruction of Plaintiff's property.

24. Plaintiff has had to repair and renovate the Premises because of the actions of Defendants.

25. Plaintiff has suffered damages in an amount to be determined at trial.

## Count III
## Fraud

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25.

27. Defendants' actions and misrepresentations constitute fraud.

28. Plaintiff has suffered damages in an amount to be determined at trial.

## Count IV
## Loss of Income

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28.

30. Defendants' actions and negligence have rendered the Premises unrentable.

31. Plaintiff has suffered damages in an amount to be determined at trial.

## Count V
### Criminal Violations

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31.

33. Defendants' actions and negligence have caused Plaintiff to be criminally charged by the Town of Brookline.

34. Plaintiff has suffered damages in an amount to be determined at trial.

## Count VI
### Fines and Penalties

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-34.

36. Defendants' actions and negligence have caused Plaintiff to be fined and penalized by the Town of Brookline.

37. Plaintiff has suffered damages in an amount to be determined at trial.

## Count VII
### Damage to Reputation

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35.

37. Defendants' actions and negligence have caused severe damage to Plaintiff's reputation and ability to conduct business in the community, with the Town of Brookline and with the neighbors of the Premises.

38. Plaintiff has suffered damages in an amount to be determined at trial.

Prayers for Relief

Wherefore, Plaintiff prays this Honorable Court for relief as follows:

(i) With respect to Count I, that Plaintiff be awarded the fair and reasonable costs necessary to repair and renovate the Premises, payment of all fines, violations and penalties, and payment of lost rents.

(ii) With respect to Count II, that Plaintiff be awarded the fair and reasonable costs necessary to repair and renovate the Premises.

(iii) With respect to Count III, that Plaintiff be damages as determined by the Court.

(iv) With respect to Count IV, that Plaintiff be awarded the fair and reasonable lost rents for the Premises.

(v) With respect to Count V, that Plaintiff be awarded the cost of all violations.

(vi) With respect to Count VI, that Plaintiff be awarded all fines and penalties against it in connection with this matter.

(vii) With respect to Count VII, that Plaintiff be awarded such damages as determined by the Court.

(viii) That Plaintiff be awarded reasonable attorneys fees and costs in connection with this litigation.

(ix) That Plaintiff be awarded all other fees, costs and/or damages as determined by the Court.

Respectfully submitted,

Dated: March 19, 2004

Arnold M. Friedfertig, Esq.
Attorney for Plaintiff
BBO# 542458
1714 Beacon Street
Brookline, MA 02445-2124
(617) 277-7640

Commonwealth of Massachusetts
County of Norfolk
The Superior Court

CIVIL DOCKET# **NOCV2004-00518-B**

RE:   **Dad Construction Co Inc v Heimlich et al**

TO: Richard J Bombardo, Esquire
11 Beacon Street
Suite 520
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/22/2004 |
| Response to the complaint filed (also see MRCP 12) | 08/21/2004 |
| All motions under MRCP 12, 19, and 20 filed | 08/21/2004 |
| All motions under MRCP 15 filed | 08/21/2004 |
| All discovery requests and depositions completed | 01/18/2005 |
| All motions under MRCP 56 served and heard | 02/17/2005 |
| Final pre-trial conference held and firm trial date set | 03/19/2005 |
| Case disposed | 05/18/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in **CtRm 3 at Norfolk Superior Court.**

Dated: 04/20/2004

Walter F. Timilty
Clerk of the Courts

BY:
Assistant Clerk

Location: CtRm 3
Telephone: (781) 326-1600

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 479199 inidoc01 lenckipa