MAS-20030912     Case 1:04-cv-10804-Commonwealth of Massachusetts/2004    Page 1 of 24     04/27/2004
mannsusa                             NORFOLK SUPERIOR COURT                          10:09 AM
                                          Case Summary
                                          Civil Docket

# NOCV2004-00518
## Dad Construction Co Inc v Heimlich et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/24/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/27/2004 | **Session** | B - Civil B | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/22/2004 | **Answer** | 08/21/2004 | **Rule12/19/20** | 08/21/2004 |
| **Rule 15** | 08/21/2004 | **Discovery** | 01/18/2005 | **Rule 56** | 02/17/2005 |
| **Final PTC** | 03/19/2005 | **Disposition** | 05/18/2005 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Dad Construction Co Inc
Active 03/24/2004

**Private Counsel 542458**
Arnold M Friedfertig
1714 Beacon Street
1st floor
Brookline, MA 02445
Phone: 617-277-7640
Fax: 617-277-8497
Active 03/24/2004 Notify

**Defendant**
Derek Heimlich
Served: 03/29/2004
Answered: 04/20/2004
Answered 04/20/2004

**Private Counsel 633161**
Richard J Bombardo
11 Beacon Street
Suite 520
Boston, MA 02108
Phone: 617-973-9950
Fax: 617-973-9949
Active 04/20/2004 Notify

**Defendant**
Andrew Levy
Served: 03/29/2004
Answered: 04/20/2004
Answered 04/20/2004

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Arleigh Goodwin
Served: 03/29/2004
Answered: 04/20/2004
Answered 04/20/2004

\*\*\* See Attorney Information Above \*\*\*

MAS-20030912
mannsusa

Case 1:04-cv-10804... Commonwealth of Massachusetts Filed 05/19/2004    Page 2 of 24    04/27/2004
NORFOLK SUPERIOR COURT    10:09 AM
Case Summary
Civil Docket

## NOCV2004-00518
### Dad Construction Co Inc v Heimlich et al

**Plaintiff/counterclaim**
Derek Heimlich
Active 04/20/2004

**Plaintiff/counterclaim**
Andrew Levy
Active 04/20/2004

**Plaintiff/counterclaim**
Arleigh Goodwin
Active 04/20/2004

**Defendant/counterclaim**
Dad Construction Co Inc
Active 04/20/2004

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 03/24/2004 | 1.0 | Complaint entry fee $290 |
| 03/24/2004 | | Origin 1, Type B04, Track F. |
| 03/24/2004 | 2.0 | Civil action cover sheet filed |
| 03/24/2004 | | fast track notice sent to plff attorney |
| 03/26/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 04/20/2004 | 3.0 | SERVICE RETURNED: Arleigh Goodwin(Defendant) L&U, s/o 3/29/04 (Rec'd. 4/16/04) |
| 04/20/2004 | 4.0 | SERVICE RETURNED: Andrew Levy(Defendant) L&U, s/o 3/29/04  (Rec'd. 4/16/04) |
| 04/20/2004 | 5.0 | SERVICE RETURNED: Derek Heimlich(Defendant) L&U, s/o 3/29/04  (Rec'd. 4/16/04) |
| 04/20/2004 | 6.0 | ANSWER, Counterclaims and Jury Claim of Derek Heimlich,Andrew Levy and Arleigh Goodwin (tracking sent to atty Bombardo) |
| 04/27/2004 | 7.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

# NOCV2004-00518
## Dad Construction Co. Inc v Heimlich et al

A TRUE COPY

Attest: _Maura C. Tooter_
Deputy Assistant Clerk

4/27/04

3.0

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

04   00518

Dad Construction Co., Inc. ......, *Plaintiff(s)*

4/16/04
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
4/20/04

**v.**

Derek Heimlich, Andrew Levy
and Arleigh Goodwin ..............., *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Arnold M. Friedfertig, Esq.
1714 Beacon Street,
plaintiff's attorney, whose address is ...Brookline, MA 02445-2124........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...........................the ...........................

day of ....................................., in the year of our Lord two thousand and .......................................

_Walter F. Dimitry_ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY
Attest: _Virginia Foster_
Deputy Ass. stant Clerk
4/27/04



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

April 7, 2004

I hereby certify and return that on 3/29/2004 at 10:10:00 AM I served a true and attested copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, in this action in the following manner: To wit, by leaving at the last and usual place of abode of Arleigh Goodwin, , 8 Wadsworth Street, , Allston, MA. Basic Service Fee (LU) ($20.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $26.00

Deputy Sheriff Edward J. Tobin

*Edward J. Tobin*
Deputy Sheriff

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

> , 20   .

0V0010804

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT**
**CIVIL ACTION**

**NORFOLK, ss.**

NO.

........................ *Plaintiff*

v.

........................ *Defendant*

**SUMMONS**

**(Mass. R. Civ. P.4)**

*4.0*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - (OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. **04 00518**

Dad Construction Co., Inc., *Plaintiff(s)*

*4/16/04*

RECEIVED & FILED

**CLERK OF THE COURTS**
NORFOLK COUNTY
*( 4/24/04 )*

**v.**

Derek Heimlich, Andrew Levy
and Arleigh Goodwin
......................................., *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Arnold M. Friedfertig, Esq.
1714 Beacon Street,
plaintiff's attorney, whose address is Brookline, MA 02445-2124..........., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ..........................the ..........................

day of ......................................, in the year of our Lord two thousand and ......................................

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
*4/27/04*

F-53



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*                         April 7, 2004

I hereby certify and return that on 3/29/2004 at 10:20:00 AM I
served a true and attested copy of the Summons, Complaint,
Interrogatories & Request for Production of Docs. in this action
in the following manner: To wit, by leaving at the last and usual
place of abode of Andrew Levy,  8 Farrington Avenue Apt 5 Allston,
MA and by mailing 1st class to the above address on 3/29/2004. In
the service hereof it was necessary and I actually used a motor
vehicle 8 miles. Basic Service Fee (LU) ($20.00), Conveyance
($2.40), Travel ($6.40), Postage and Handling ($1.00),
Attest/Copies ($5.00) Total Charges $34.80

Deputy Sheriff Edward J. Tobin

*Edward J. Tobin*
*Deputy Sheriff*

**N. B. TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON
DEFENDANT.**

| , 20 |
|---|

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT**
**CIVIL ACTION**

**NO.**

......................., *Plaintiff*

v.

......................., *Defendant*

**SUMMONS**

**(Mass. R. Civ. P.4)**

**NORFOLK, ss.**

*5.0*

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

## 04  00518

*4/16/04*

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
( *4/20/04* )

.Dad. Construction. Co.,. Inc...., *Plaintiff(s)*

**v.**

Derek Heimlich, Andrew Levy
.and. Arleigh. Goodwin ................, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Arnold M. Friedfertig, Esq.
1714 Beacon Street,
plaintiff's attorney, whose address is ..Brookline,. MA. 02445-2124........., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...........................the ........................

day of ...................................., in the year of our Lord two thousand and ...................................

_____ Clerk.

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY
Attest:_____
Deputy Assistant Clerk
*4/27/04*

F-88

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

Suffolk, ss.

April 7, 2004

I hereby certify and return that on 3/29/2004 at 10:20:00 AM I served a true and attested copy of the Summons,Complaint,Interrogatories,Request for Production of Documents, in this action in the following manner: To wit, by leaving at the last and usual place of abode of Derek Heimlich, 8 Farringotn Avenue, Apt. 5, Allston, MA. Basic Service Fee (LU) ($20.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $26.00

Deputy Sheriff Edward J. Tobin

*Edward J. Tobin*
Deputy Sheriff
.................................

## N. B.   TO PROCESS SERVER:-
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20 .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NORFOLK, ss.

NO.

............................, *Plaintiff*

v.

............................, *Defendant*

SUMMONS

(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

NORFOLK COUNTY SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

04 C0518

| | |
|---|---|
| Dad Construction Co., Inc., )<br>Plaintiff )<br> )<br>v. )<br> )<br>Derek Heimlich, )<br>Andrew Levy and )<br>Arleigh Goodwin, )<br>Defendants ) | COMPLAINT<br> |

### Parties

1.  Plaintiff Dad Construction Co., Inc., is a Massachusetts corporation, having an address of 1714 Beacon Street, Brookline, Norfolk County, Massachusetts.

2.  Defendant Derek Heimlich ("Heimlich") is an individual having an address of 8 Farrington Avenue #5, Allston, Suffolk County, Massachusetts.

3.  Defendant Andrew Levy ("Levy") is an individual having an address of 8 Farrington Avenue #5, Allston, Suffolk County, Massachusetts.

4.  Defendant Arleigh Goodwin ("Goodwin") is an individual having an address of 8 Wadsworth Street, Allston, Suffolk County, Massachusetts.

### Facts

5.  Plaintiff is the record owner of the real estate known as and numbered 186 Naples Road, Brookline, Norfolk County, Massachusetts, a three (3) unit residential building ("Premises").

6.  Heimlich and Levy took occupancy of Unit 2 at the Premises on September 1, 2002.

7.  Heimlich and Levy vacated their occupancy of Unit 2 on September 1, 2003.

8.  Goodwin took occupancy of Unit 3 at the Premises on September 1, 2002.

9.  Goodwin vacated his occupancy of Unit 3 on September 1, 2003.

10. Prior to taking occupancy, Defendants represented themselves to Plaintiff to be quiet, respectful students, who would maintain and care for the Premises and be respectful of the rights and privacy of neighbors.

11. During their occupancy of the Premises, Defendants caused extensive damage to the Premises.

12. During their occupancy of the Premises, Defendants caused the Premises to become rundown, filthy and unsanitary, to the point where prospective future tenants and real estate brokers would refuse to enter the Premises.

13. During their occupancy of the Premises, Defendants continually failed to properly store and dispose of trash, and permitted trash to be strewn about the Premises.

14. During their occupancy of the Premises, Defendants threw loud and offensive parties, often lasting to the early morning hours, resulting in the Town of Brookline police being summoned to the Premises on numerous occasions, and many complaints from neighbors made to Plaintiff.

15. As a result of Defendants' actions and negligence, Plaintiff was fined numerous times by the Town of Brookline Health Department.

16. As a result of Defendants' actions and negligence, Plaintiff was criminally charged by the Town of Brookline for sanitary code violations.

17. As a result of Defendants' actions and negligence, Plaintiff has spent $95,000.00 repairing and rebuilding the Premises.

18. As a result of Defendants' actions and negligence, the Premises has been unable to be rented for approximately ten (10) months.

## Count 1
### Negligence

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18.

20. Defendants' actions constitute negligence.

21. Plaintiff has suffered damages in an amount to be determined at trial.

## Count II
### Destruction of Property

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-21.

23. Defendants' actions resulted in the destruction of Plaintiff's property.

24. Plaintiff has had to repair and renovate the Premises because of the actions of Defendants.

25. Plaintiff has suffered damages in an amount to be determined at trial.

## Count III
### Fraud

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-25.

27. Defendants' actions and misrepresentations constitute fraud.

28. Plaintiff has suffered damages in an amount to be determined at trial.

## Count IV
### Loss of Income

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-28.

30. Defendants' actions and negligence have rendered the Premises unrentable.

31. Plaintiff has suffered damages in an amount to be determined at trial.

### Count V
### Criminal Violations

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31.

33. Defendants' actions and negligence have caused Plaintiff to be criminally charged by the Town of Brookline.

34. Plaintiff has suffered damages in an amount to be determined at trial.

### Count VI
### Fines and Penalties

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-34.

36. Defendants' actions and negligence have caused Plaintiff to be fined and penalized by the Town of Brookline.

37. Plaintiff has suffered damages in an amount to be determined at trial.

### Count VII
### Damage to Reputation

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-35.

37. Defendants' actions and negligence have caused severe damage to Plaintiff's reputation and ability to conduct business in the community, with the Town of Brookline and with the neighbors of the Premises.

38. Plaintiff has suffered damages in an amount to be determined at trial.

Prayers for Relief

Wherefore, Plaintiff prays this Honorable Court for relief as follows:

(i)  With respect to Count I, that Plaintiff be awarded the fair and reasonable costs necessary to repair and renovate the Premises, payment of all fines, violations and penalties, and payment of lost rents.

(ii)  With respect to Count II, that Plaintiff be awarded the fair and reasonable costs necessary to repair and renovate the Premises.

(iii)  With respect to Count III, that Plaintiff be damages as determined by the Court.

(iv)  With respect to Count IV, that Plaintiff be awarded the fair and reasonable lost rents for the Premises.

(v)  With respect to Count V, that Plaintiff be awarded the cost of all violations.

(vi) With respect to Count VI, that Plaintiff be awarded all fines and penalties against it in connection with this matter.

(vii) With respect to Count VII, that Plaintiff be awarded such damages as determined by the Court.

(viii) That Plaintiff be awarded reasonable attorneys fees and costs in connection with this litigation.

(ix)  That Plaintiff be awarded all other fees, costs and/or damages as determined by the Court.

                          Respectfully submitted,


Dated: March 19, 2004

                          Arnold M. Friedfertig, Esq.
                          Attorney for Plaintiff
                          BBO# 542458
                          1714 Beacon Street
                          Brookline, MA 02445-2124
                          (617) 277-7640


Attest: A TRUE COPY
Deputy Assistant Clerk
4/27/04

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04 00518 | Trial Court of Massachusetts Superior Court Department County: NORFOLK |

**PLAINTIFF(S)**
Dach Construction Co. Inc.

**DEFENDANT(S)** Derek Heimlich, Andrew Levy and Arleigh Goodwin

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 617-277-7640
Arnold M. Friedery Esq.
1714 Beacon St, Brookline, MA 02445-2124
Board of Bar Overseers number: # ~~90645070 905906~~ 542458

**ATTORNEY** (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| BO4 | Negligence, Property Damage Lost Income | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . Subtotal $. . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . $ 95,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $. . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70,000.00
F. Other documented items of damages (describe) LOST RENTS    1,000.00
Fines, penalties    $. . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendants' caused severe property damage to Plaintiff's building. Property has been unrentable due to Defendants' actions & negligence. Defendants' actions and negligence have caused Plaintiff to face criminal charges, plates, fines and penalties. Other damages to be determined at trial.

$. . . . . . .
**TOTAL** $ 166,100.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL** $. . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

A TRUE COPY

DATE: 3/24/04

Signature of Attorney of Record _____

Attest: _____
DEPUTY Assistant Clerk
4/27/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

RECEIVED & FILED
CLERK OF THE COURT
NORFOLK COUNTY

NORFOLK DIVISION                    Civil Action No.: 04-00518

DAD CONSTRUCTION CO., INC., )
                Plaintiff, )
                           )
                           )
v.                         )
                           )
DEREK HEIMLICH, ANDREW LEVY and, )
ARLEIGH GOODWIN,           )
                Defendants. )
                           )

## ANSWER AND COUNTERCLAIMS

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to collectively as the Defendants, through their attorney Richard J. Bombardo, and answer the Complaint ("Complaint") of Dad Construction, Co., Inc., hereinafter referred to as the Plaintiff, paragraph by paragraph, as follows:

1.  The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.  The Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.  The Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.  The Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.  The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.  The Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.  The Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendants deny that they threw loud or offensive parties and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14 of the Plaintiff's Complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

## COUNT I

19. The Defendants repeat and reaffirm the responses contained in paragraphs 1-18 as if same were fully set forth herein.

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

## COUNT II

22. The Defendants repeat and reaffirm the responses contained in paragraphs 1-21 as if same were fully set forth herein.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

## COUNT III

26. The Defendants repeat and reaffirm the responses contained in paragraphs 1-25 as if same were fully set forth herein.

27. The Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

## COUNT IV

29. The Defendants repeat and reaffirm the responses contained in paragraphs 1-28 as if same were fully set forth herein.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

## COUNT V

32. The Defendants repeat and reaffirm the responses contained in paragraphs 1-31 as if same were fully set forth herein.

33. The Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

## COUNT VI

35. The Defendants repeat and reaffirm the responses contained in paragraphs 1-34 as if same were fully set forth herein.

36. the Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. This court lacks personal jurisdiction over all Defendants.

## SECOND AFFIRMATIVE DEFENSE

40. The Plaintiff, if damaged, was required to mitigate its damages, but failed to do so.

## THIRD AFFIRMATIVE DEFENSE

41. If the Plaintiff had any claim against the Defendants, that claim has been waived by the actions or inactions of the Plaintiff, its agents, servants and/or representatives.

## FOURTH AFFIRMATIVE DEFENSE

42. The Plaintiff has unclean hands and as such, is barred from recovering any damages from the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

43. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

44. There are prior actions pending against the Plaintiff brought by the Defendants in small claims court for violation of the security deposit law, and since this action involves the same transaction or occurrence the instant action should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff by its conduct and actions and/or conduct and actions of its agents is barred from pursuing any and all rights and claims it may have had.

## EIGHTH AFFIRMATIVE DEFENSE

46. The Plaintiff violated the security deposit law and other statutes causing severe damages to the Defendants. The Defendants are entitled to a set-off of all damages they incurred against any damages that the Plaintiff may have sustained.

## NINTH AFFIRMATIVE DEFENSE

47. The Plaintiff has committed fraud against the Defendants and upon the Court and as a result, is barred from any recovery against the Defendants.

## TENTH AFFIRMATIVE DEFENSE

48. The Plaintiff failed to maintain the premises in a sanitary and legal manner and as such, the Defendants are entitled to set-off the difference in value between that which was let and the fair market rental value of the premises in the condition so let and any damages that they suffered as a result of the Plaintiff's failure to maintain the premises.

## ELEVENTH AFFIRMATIVE DEFENSE

49. If the Plaintiff sustained damages as alleged in the Complaint, such damages were caused by one or more third parties over whom the Defendants did not have direction or control and for whom the Defendants are not responsible.

## COUNTERCLAIMS

50. Plaintiff-in-counterclaim Derek Heimlich is an individual residing at 8 Farrington Avenue, Apt. 5, Allston, MA.

51. Plaintiff-in-counterclaim Andrew Levy is an individual residing at 8 Wadsworth Street, Allston, MA.

52. Plaintiff-in-counterclaim Arleigh Goodwin is an individual residing at 8 Wadsworth Street, Allston, MA.

53. Defendant-in-counterclaim Dad Construction Co., Inc. is, upon information and belief, a Massachusetts corporation with its principal place of business at 1714 Beacon Street, Brookline, MA.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION

54. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 53 as if same were fully set forth herein.

55. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should know are false, including that the Plaintiffs-in-counterclaim have caused any damage to the premises and that the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the Plaintiffs-in-counterclaim.

56. The Defendant-in-counterclaim has brought this fraudulent action solely to intimidate and deter the Plaintiffs-in-counterclaim from pursuing their small claims actions against the Defendant-in-counterclaim for violation of the security deposit law.

57. As a result of the fraud of the Defendant-in-counterclaim, the Plaintiffs-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES

58. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 57 as if same were fully set forth herein.

59. The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

   a. Requiring a security deposit from the Plaintiffs-in-counterclaim, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the tenants a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

   b. Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

    c.  Breach of the warranty of habitability including multiple violations of the building and sanitary code;

    d.  Failing to inform the Plaintiffs-in-counterclaim about fire insurance in violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec. 21.

    e.  Bringing fraudulent claims against the Plaintiffs-in-counterclaim in the instant action;

    f.  Engaging in conduct which was reasonably foreseeable to result in the infliction of extreme emotional distress on the Plaintiffs-in-counterclaim.

60. All of the Defendant-in-counterclaim's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiffs-in-counterclaim are entitled to three times, but not less than two times, all damages awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable attorney's fees.

## COUNT III – BREACH OF WARRANTY OF HABITABILITY

61. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 60 as if same were fully set forth herein.

62. The Defendant-in-counterclaim expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

63. The Defendant-in-counterclaim breached said warranty allowing the following conditions to exist in the premises:

    a.  UNIT 2
        1.  mold in the bedroom and bathroom on the ceiling;
        2.  Ceiling paint peeling;
        3.  3 broken windows;
        4.  improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;
        5.  failing to deliver the premises in clean and sanitary condition;
        6.  smoke detector inoperable;
        7.  the oven had a gas leak;
        8.  ceiling leaked water; and
        9.  inadequate and improperly working furnace

    b.  UNIT 3
        1.  Heater improperly connected to Unit 2;
        2.  extensive water damage to walls (including mold);
        3.  peeling paint and plaster;

     4. cabinets falling off the wall;

     5. rotten and decaying food left in the refrigerator from prior tenant; and

     6. trash throughout the apartment at the time of letting.

64. As a result of the Breach of Warranty of Habitability, the Plaintiffs-in-counterclaim suffered damages and are entitled to the difference between the fair market rental value of the premises in good repair and in compliance with all applicable laws and regulations and the value of the premises in disrepair and any damages they suffered which are the consequence of the breach of warranty.

## COUNT IV- NEGLIGENT FAILURE TO MAINTAIN THE PREMISES

65. The Plaintiffs-in-Counterclaim repeat and reallege the responses contained in paragraphs 1 through 64 as if same were fully set forth herein.

66. Throughout the tenancy of the Plaintiffs-in-counterclaim, the Defendant-in-counterclaim negligently failed to maintain and keep the premises in good repair and condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury, inconvenience, expense, discomfort, great anxiety, distress and upset.

67. The conditions that the Defendant-in-counterclaim have failed to maintain and/or repair existed at the inception of the tenancy and include, but are not necessarily limited to, the following:

  a. UNIT 2

     1. mold in the bedroom and bathroom on the ceiling;

     2. Ceiling paint peeling;

     3. 3 broken windows;

     4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

     5. failing to deliver the premises in clean and sanitary condition;

     6. smoke detector inoperable;

     7. the oven had a gas leak;

     8. ceiling leaked water; and

     9. inadequate and improperly working furnace

  b. UNIT 3

     1. Heater improperly connected to Unit 2;

     2. extensive water damage to walls (including mold);

     3. peeling paint and plaster;

     4. cabinets falling off the wall;

     5. rotten and decaying food left in the refrigerator from prior tenant; and

     6. trash throughout the apartment at the time of letting.

68. As a result of the Defendant-in-counterclaim's negligent failure to maintain the premises, the Plaintiffs-in-counterclaim have suffered damages, including incidental and consequential damages which proof at time of trial will reveal.

WHEREFORE, the Defendants and Plaintiffs-in-counterclaim respectfully pray that this Honorable Court:

1. Dismiss the Plaintiff's Complaint in its entirety;

2. Enter judgment in favor of Defendants on all counts alleged in Plaintiff's Complaint;

3. Enter judgment in favor of Plaintiffs-in-Counterclaim on all Counterclaims;

4. Award the Plaintiffs-in-counterclaim damages on each Counterclaim in accordance with the damages proven at trial, including double or treble damages;

5. Award the Defendants and Plaintiffs-in-counterclaim their reasonable attorney's fees incurred in the instant action.

6. Grant such other and further relief as the Court deems just and proper.

**THE DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: April 18, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA  02108
(617) 742-0575
B.B.O. # 633161

Attest: A TRUE COPY
Deputy Assistant Clerk
4/27/04

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing to be served upon counsel for Plaintiff this 19th day of April 2004 by mailing same to: Arnold M. Friedfertig, Esq., 1714 Beacon Street, Brookline, MA  02445-2124.

Richard J. Bombardo