UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 MAY 27  P 4: 10
U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No.: 04-10804-JLT

|  |  |
|---|---|
| DAD CONSTRUCTION CO., INC., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| DEREK HEIMLICH, ANDREW LEVY and, <br> ARLEIGH GOODWIN, <br> Defendants. | ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MOTION TO STRIKE SAID MOTION

Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the defendants, through their attorney Richard J. Bombardo, hereby submit their opposition to the Plaintiff's Motion to Remand this action to the Norfolk Superior Court. The defendants respectfully request that this Honorable Court deny the plaintiff's motion for the reasons set forth below.

The defendants further move that this Honorable Court strike the Plaintiff's Motion to Remand because the Plaintiff's counsel is not admitted to practice law before the District of Massachusetts and therefore the motion is improper and should be struck. Plaintiff's counsel, Arnold M. Freidfertig, is also, upon information and belief, the sole owner and officer and director of plaintiff corporation Dad Construction Co., Inc., and therefore is a material and necessary witness and therefore cannot serve as counsel for the plaintiff in this matter under the rules set forth by Supreme Judicial Court Rule 3:07, the Mass. Rules of Professional Conduct, Rule 3.7, Lawyer as Witness.

In support of the instant opposition, the defendants offer the following:

1. The defendants incorporate herein the May 26, 2004 affidavit of Derek Heimlich, as if same were fully set forth herein, which is attached hereto as Exhibit A.

2. The defendants incorporate herein the May 26, 2004 affidavit of Andrew Levy, as if same were fully set forth herein, which is attached hereto as Exhibit B.

3. The defendants incorporate herein the May 26, 2004 affidavit of Arleigh Goodwin, as if same were fully set forth herein, which is attached hereto as Exhibit C.

4. This action was removed by the defendants pursuant to 28 U.S.C. 1332, 28 U.S.C. 1446 and Local Rule 81.1 of the U.S. District Court for the District of Massachusetts.

5. The removal of the state court proceeding was based upon the diversity of all defendants from the plaintiff as set forth in 28 U.S.C. 1332(a)(1).

6. The plaintiff argues in its' motion to remand that the basis upon which remand is sought is that the defendants are currently residents of the Commonwealth of Massachusetts and therefore there is no diversity.

7. However, plaintiff's motion is incorrect and does not address the legal issue which is dispositive on the issue of diversity jurisdiction, and that is where the parties are domiciled. Domicile is defined as physical presence with the intent to remain indefinitely. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30 (1989).

8. Mere physical presence in the state and even establishing a residence therein is not the determining factor on domicile. Rather, it is the intent of the party. *See,*

*e.g.*, Boston Safe Deposit & Trust Co. v. Morse, 779 F.Supp 347 (S.D.N.Y. 1991)(intent is the crux of domicile, physical presence alone is not enough); In re Sparfven, 265 B.R. 506 (D.Mass. 2001)(mere physical removal to another jurisdiction without the requisite intent is insufficient to effect a change of domicile); Hakkila v. Consolidated Edison Co. of NY, 745 F.Supp. 988 (S.D.N.Y. 1990)(there must be intent to create a new home or domicile continues despite a change of residence).

9. Furthermore, the court must look at the totality of circumstances to determine domicile. Hicks v. Brophy, 839 F.Supp. 948, *adhered to on reconsideration*, 841 F.Supp. 466 (D.Conn. 1993).

10. Persuasive evidence of domicile intent includes the establishment of a home, place of work, location of assets, registration of one's car and centering one's business, domestic and social and civil life in the jurisdiction. Motive is not determinative although it may tend to show intention. Juvelis by Juvelis v. Snider, 68 F.3d 648 (3rd Cir 1995).

11. Determining domicile is a two-part analysis (1) the person's presence in the state of domicile and (2) the intent to remain there indefinitely. A court should look to all evidence shedding light on intent, including where the party is paying taxes, has bank accounts, works, exercises his rights, belongs to clubs and churches and other factors. Coury v. Prot, 85 F.3d 244 (5th Cir. 1996).

12. In the case at bar, the defendants respectfully submit that they are diverse from the plaintiff. As set forth in the attached affidavits, all three defendants came to Massachusetts for the sole purpose of attending college at Boston University.

13. Defendant Derek Heimlich is a domiciliary of California. He has continued to maintain his parents' home as his domicile. He has specifically affirmed his intent to remain domiciled there and to return to California. He graduated from Boston University last spring and is working temporarily here and part of the reason he has remained is to resolve the pending litigation with his former landlord, the plaintiff in the case at bar. He also maintains a bank and investment account in California. His entire family lives in California, where he was born and has lived all his life except his college and temporary work experience in Massachusetts.

14. Defendant Arleigh Goodwin is a domiciliary of New Jersey. He was born in New Jersey and has always been domiciled in that state. His immediate family continues to live at his domicile address, which has been the same since before he started his college education. Mr. Goodwin just graduated less than two weeks ago and intends to return to New Jersey after obtaining some job experience here. He also maintains a New Jersey Driver's License and his car is registered in New Jersey.

15. Defendant Andrew Levy is a domiciliary of Connecticut. He is still an active college student at Boston University and has one year remaining before he graduates. He has been domiciled in Connecticut for the past 13 years, since he was in second grade. He intends to return to Connecticut after graduating. He maintains a Connecticut Driver's License and has never had a Massachusetts Driver's License. The last place that Mr. Levy registered to vote was Connecticut and he pays income taxes to Connecticut.

16. Accordingly, the defendants respectfully submit that each defendant has established that he maintains a domicile in his respective state wherein he was residing prior to entering college, and that they each have a good faith intent to remain domiciled in their respective states.

17. The defendants further submit that the reason they invoked their right to removal was concern about the plaintiff's familiarity with the Massachusetts legal system and a concern that the action being heard by the Norfolk Superior Court may place these diverse citizens at a disadvantage, which the defendants further submit was a primary reason why the right of diversity jurisdiction was created by statute.

18. The undersigned has conferred with plaintiff's counsel Arnold M. Freidfertig pursuant to Local Rule 7.1(A)(2) on the defendants' request that Attorney Freidfertig be replaced by alternate counsel since he is not presently admitted to practice before the District of Massachusetts and because he is a necessary and material witness and Attorney Freidfertig indicated he would withdraw as counsel in this matter and obtain alternate counsel and for that reason, the defendants have not served or filed a motion requesting same.

19. The defendants do submit however that the instant Motion to Remand of the plaintiff is not properly before the Court since plaintiff's counsel is not admitted to the District of Massachusetts and thus said motion must be struck from the docket and/or denied summarily.

## REQUEST FOR ORAL ARGUMENT

20. The defendants also request that oral argument be granted on Plaintiff's Motion to Remand pursuant to Local Rule 7.1(D).

WHEREFORE, the defendants respectfully request this Honorable Court strike the Plaintiff's Motion to Remand and/or in the alternative, deny the motion as there is diversity of all defendants from the plaintiff in the instant action and therefore removal was proper.

Dated: May 27, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and ARLEIGH GOODWIN,
By their attorney,

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 742-0575
B.B.O. # 633161

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendants' Opposition to Plaintiff's Motion to Remand, and supporting documents, to be served upon counsel for Plaintiff this 27th day of May 2004 by mailing same to: Arnold M. Friedfertig, Esq., 1714 Beacon Street, Brookline, MA 02445-2124.

Richard J. Bombardo