COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

NORFOLK DIVISION                    Civil Action No.: 04-00518

```
                                          )
DAD CONSTRUCTION CO., INC.,               )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
DEREK HEIMLICH, ANDREW LEVY and,          )
ARLEIGH GOODWIN,                          )
              Defendants.                 )
                                          )
```

## ANSWER AND COUNTERCLAIMS

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to collectively as the Defendants, through their attorney Richard J. Bombardo, and answer the Complaint ("Complaint") of Dad Construction, Co., Inc., hereinafter referred to as the Plaintiff, paragraph by paragraph, as follows:

1. The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. The Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendants deny that they threw loud or offensive parties and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14 of the Plaintiff's Complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

## COUNT I

19. The Defendants repeat and reaffirm the responses contained in paragraphs 1-18 as if same were fully set forth herein.

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

## COUNT II

22. The Defendants repeat and reaffirm the responses contained in paragraphs 1-21 as if same were fully set forth herein.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

### COUNT III

26. The Defendants repeat and reaffirm the responses contained in paragraphs 1-25 as if same were fully set forth herein.

27. The Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

### COUNT IV

29. The Defendants repeat and reaffirm the responses contained in paragraphs 1-28 as if same were fully set forth herein.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

### COUNT V

32. The Defendants repeat and reaffirm the responses contained in paragraphs 1-31 as if same were fully set forth herein.

33. The Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

### COUNT VI

35. The Defendants repeat and reaffirm the responses contained in paragraphs 1-34 as if same were fully set forth herein.

36. the Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. This court lacks personal jurisdiction over all Defendants.

## SECOND AFFIRMATIVE DEFENSE

40. The Plaintiff, if damaged, was required to mitigate its damages, but failed to do so.

## THIRD AFFIRMATIVE DEFENSE

41. If the Plaintiff had any claim against the Defendants, that claim has been waived by the actions or inactions of the Plaintiff, its agents, servants and/or representatives.

## FOURTH AFFIRMATIVE DEFENSE

42. The Plaintiff has unclean hands and as such, is barred from recovering any damages from the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

43. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

44. There are prior actions pending against the Plaintiff brought by the Defendants in small claims court for violation of the security deposit law, and since this action involves the same transaction or occurrence the instant action should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff by its conduct and actions and/or conduct and actions of its agents is barred from pursuing any and all rights and claims it may have had.

## EIGHTH AFFIRMATIVE DEFENSE

46. The Plaintiff violated the security deposit law and other statutes causing severe damages to the Defendants. The Defendants are entitled to a set-off of all damages they incurred against any damages that the Plaintiff may have sustained.

## NINTH AFFIRMATIVE DEFENSE

47. The Plaintiff has committed fraud against the Defendants and upon the Court and as a result, is barred from any recovery against the Defendants.

## TENTH AFFIRMATIVE DEFENSE

48. The Plaintiff failed to maintain the premises in a sanitary and legal manner and as such, the Defendants are entitled to set-off the difference in value between that which was let and the fair market rental value of the premises in the condition so let and any damages that they suffered as a result of the Plaintiff's failure to maintain the premises.

## ELEVENTH AFFIRMATIVE DEFENSE

49. If the Plaintiff sustained damages as alleged in the Complaint, such damages were caused by one or more third parties over whom the Defendants did not have direction or control and for whom the Defendants are not responsible.

## COUNTERCLAIMS

50. Plaintiff-in-counterclaim Derek Heimlich is an individual residing at 8 Farrington Avenue, Apt. 5, Allston, MA.

51. Plaintiff-in-counterclaim Andrew Levy is an individual residing at 8 Wadsworth Street, Allston, MA.

52. Plaintiff-in-counterclaim Arleigh Goodwin is an individual residing at 8 Wadsworth Street, Allston, MA.

53. Defendant-in-counterclaim Dad Construction Co., Inc. is, upon information and belief, a Massachusetts corporation with its principal place of business at 1714 Beacon Street, Brookline, MA.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION

54. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 53 as if same were fully set forth herein.

55. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should know are false, including that the Plaintiffs-in-counterclaim have caused any damage to the premises and that the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the Plaintiffs-in-counterclaim.

56. The Defendant-in-counterclaim has brought this fraudulent action solely to intimidate and deter the Plaintiffs-in-counterclaim from pursuing their small claims actions against the Defendant-in-counterclaim for violation of the security deposit law.

57. As a result of the fraud of the Defendant-in-counterclaim, the Plaintiffs-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES

58. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 57 as if same were fully set forth herein.

59. The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

   a. Requiring a security deposit from the Plaintiffs-in-counterclaim, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the tenants a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

   b. Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

    c. Breach of the warranty of habitability including multiple violations of the building and sanitary code;

    d. Failing to inform the Plaintiffs-in-counterclaim about fire insurance in violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec. 21.

    e. Bringing fraudulent claims against the Plaintiffs-in-counterclaim in the instant action;

    f. Engaging in conduct which was reasonably foreseeable to result in the infliction of extreme emotional distress on the Plaintiffs-in-counterclaim.

60. All of the Defendant-in-counterclaim's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiffs-in-counterclaim are entitled to three times, but not less than two times, all damages awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable attorney's fees.

## COUNT III – BREACH OF WARRANTY OF HABITABILITY

61. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 60 as if same were fully set forth herein.

62. The Defendant-in-counterclaim expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

63. The Defendant-in-counterclaim breached said warranty allowing the following conditions to exist in the premises:

    a. UNIT 2
        1. mold in the bedroom and bathroom on the ceiling;
        2. Ceiling paint peeling;
        3. 3 broken windows;
        4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;
        5. failing to deliver the premises in clean and sanitary condition;
        6. smoke detector inoperable;
        7. the oven had a gas leak;
        8. ceiling leaked water; and
        9. inadequate and improperly working furnace

    b. UNIT 3
        1. Heater improperly connected to Unit 2;
        2. extensive water damage to walls (including mold);
        3. peeling paint and plaster;

    4. cabinets falling off the wall;
    5. rotten and decaying food left in the refrigerator from prior tenant; and
    6. trash throughout the apartment at the time of letting.

64. As a result of the Breach of Warranty of Habitability, the Plaintiffs-in-counterclaim suffered damages and are entitled to the difference between the fair market rental value of the premises in good repair and in compliance with all applicable laws and regulations and the value of the premises in disrepair and any damages they suffered which are the consequence of the breach of warranty.

## COUNT IV- NEGLIGENT FAILURE TO MAINTAIN THE PREMISES

65. The Plaintiffs-in-Counterclaim repeat and reallege the responses contained in paragraphs 1 through 64 as if same were fully set forth herein.

66. Throughout the tenancy of the Plaintiffs-in-counterclaim, the Defendant-in-counterclaim negligently failed to maintain and keep the premises in good repair and condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury, inconvenience, expense, discomfort, great anxiety, distress and upset.

67. The conditions that the Defendant-in-counterclaim have failed to maintain and/or repair existed at the inception of the tenancy and include, but are not necessarily limited to, the following:

  a. UNIT 2
    1. mold in the bedroom and bathroom on the ceiling;
    2. Ceiling paint peeling;
    3. 3 broken windows;
    4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;
    5. failing to deliver the premises in clean and sanitary condition;
    6. smoke detector inoperable;
    7. the oven had a gas leak;
    8. ceiling leaked water; and
    9. inadequate and improperly working furnace

  b. UNIT 3
    1. Heater improperly connected to Unit 2;
    2. extensive water damage to walls (including mold);
    3. peeling paint and plaster;
    4. cabinets falling off the wall;
    5. rotten and decaying food left in the refrigerator from prior tenant; and
    6. trash throughout the apartment at the time of letting.

68. As a result of the Defendant-in-counterclaim's negligent failure to maintain the premises, the Plaintiffs-in-counterclaim have suffered damages, including incidental and consequential damages which proof at time of trial will reveal.

WHEREFORE, the Defendants and Plaintiffs-in-counterclaim respectfully pray that this Honorable Court:

1. Dismiss the Plaintiff's Complaint in its entirety;

2. Enter judgment in favor of Defendants on all counts alleged in Plaintiff's Complaint;

3. Enter judgment in favor of Plaintiffs-in-Counterclaim on all Counterclaims;

4. Award the Plaintiffs-in-counterclaim damages on each Counterclaim in accordance with the damages proven at trial, including double or treble damages;

5. Award the Defendants and Plaintiffs-in-counterclaim their reasonable attorney's fees incurred in the instant action.

6. Grant such other and further relief as the Court deems just and proper.

**THE DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: April 18, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

_[signature]_

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 742-0575
B.B.O. # 633161

Attest: _[signature]_ A TRUE COPY
Deputy Assistant Clerk
4/27/04

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing to be served upon counsel for Plaintiff this 19th day of April 2004 by mailing same to: Arnold M. Friedfertig, Esq., 1714 Beacon Street, Brookline, MA 02445-2124.

Richard J. Bombardo