UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

| | |
|---|---|
| DAD CONSTRUCTION CO., INC., <br>       Plaintiff | ) <br> ) <br> ) |
| vs. | ) <br> ) <br> ) |
| DEREK HEIMLICH, ANDREW LEVY, <br> ARLEIGH GOODWIN, ALAN E. HEIMLICH, <br> PAUL LEVY, JULIA LEVY, ARLEIGH B. GOODWIN, <br> PETER BORNHOLDT, HELEN BORNHOLDT, <br> PAUL COSTANTINO, FRANCES COSTANTINO, <br> IAN HEYWORTH HILL, CATHLEEN COUNTRYMAN, <br> DAVID A. FAGERLIE, DAVID L. FAGERLIE, <br> RICHARD PETERSON, LINDA PETERSON, <br> NATHANIEL ULRICH, RICHARD ULRICH, <br> BRANDON COOK and ROBERT A. COOK, <br>       Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S AMENDED COMPLAINT

### PARTIES

1.    The Plaintiff, Dad Construction Co., Inc., is a Massachusetts corporation having an address of 1714 Beacon Street, Brookline, Norfolk County, Massachusetts.

2.    The Defendant, Derek Heimlich, is an individual with a domicile of 5952 Dial Way, San Jose, California, 95129.

3.    The Defendant, Andrew Levy, is an individual with a domicile of 12 Edge Hill Circle, Monroe, Connecticut, 06468.

4.    The Defendant, Arleigh Goodwin, is an individual with a domicile of 16 Fostertown Lane, Mullica Hill, New Jersey, 08062-2204.

5.    The Defendant, Alan E. Heimlich, is an individual with a domicile of 5952 Dial Way, San Jose, California, 95129.

6.    The Defendant, Paul Levy, is an individual with a domicile of 12 Edge Hill Circle, Monroe, Connecticut, 06468.

7.    The Defendant, Julia Levy, is an individual with a domicile of 4 Jan's Court, Monroe, Connecticut, 06468.

8.      The Defendant, Arleigh B. Goodwin, is an individual with a domicile of 1762 Crown Point Road, Unit 577, Thorofare, New Jersey, 08086.

9.      The Defendant, Peter Bornholdt, is an individual with a domicile of 1555 Laurel Lane, San Luis Obispo, CA, 93401.

10.     The Defendant, Helen Bornholdt, is an individual with a domicile of 1555 Laurel Lane, San Luis Obispo, CA, 93401.

11.     The Defendant, Paul Costantino, is an individual with a domicile of 91 Loring Avenue, Staten Island, NY, 10312.

12.     The Defendant, Frances Costantino, is an individual with a domicile of 91 Loring Avenue, Staten Island, NY, 10312.

13.     The Defendant, Ian Heyworth Hill, is an individual with a domicile of 626 Lincoln Avenue, Snohomish, Washington, 98290.

14.     The Defendant, Cathleen Countryman, is an individual with a domicile of 626 Lincoln Avenue, Snohomish, Washington, 98290.

15.     The Defendant, David A. Fagerlie, is an individual with a domicile of 2569 Aladdin Street, Roseville, Minnesota, 55113.

16.     The Defendant, David L. Fagerlie, is an individual with a domicile of 2569 Aladdin Street, Roseville, Minnesota, 55113.

17.     The Defendant, Richard Peterson, is an individual with a domicile of 4600 Cresthaven Drive, Colleyville, TX, 76034.

18.     The Defendant, Linda Peterson, is an individual with a domicile of 4600 Cresthaven Drive, Colleyville, TX, 76034.

19.     The Defendant, Nathaniel Ulrich, is an individual with a domicile of 4106 Pembrooke Parkway West, Colleyville, TX, 76034.

20.     The Defendant, Richard Ulrich, is an individual with a domicile of 4106 Pembrooke Parkway West, Colleyville, TX, 76034.

21.     The Defendant, Brandon Cook, is an individual with a domicile of 253 Emerald Bay, Laguna Beach, CA, 92651.

22.     The Defendant, Robert A. Cook, is an individual with a domicile of 253 Emerald Bay, Laguna Beach, CA, 92651.

## FACTS

23.    At all times material, the Plaintiff was the owner of a 3-unit residential building located at 186 Naples Road, Brookline, MA (hereinafter "the premises").

24.    On or about August 30, 2002, the defendants, Richard Peterson, Nathaniel Ulrich and Brandon Cook ("occupants"), entered into a standard lease agreement with the Plaintiff for a one-year lease of Unit 1 of the premises.

25.    On or about August 30, 2002, the defendants, Peter Bornholdt, Derek Heimlich and Andrew Levy ("occupants"), entered into a standard lease agreement with the Plaintiff for a one-year lease of Unit 2 of the premises.

26.    On or about August 30, 2002, the defendants, Arleigh Goodwin, Paul Costantino, Ian Heyworth Hill and David A. Fagerlie ("occupants"), entered into a standard lease agreement with the Plaintiff for a one-year lease of Unit 3 of the premises.

27.    The occupants took possession of the leased premises on September 1, 2002.

28.    Said occupants were all students of Boston University during the said lease term.

29.    The defendants, Alan E. Heimlich, Paul Levy, Julia Levy, Arleigh B. Goodwin, Helen Bornholdt, Frances Costantino, Cathleen Countryman, David L. Fagerlie, Linda Peterson, Richard Ulrich and Robert A. Cook, are the occupants' parents, all of whom signed Guarantor Forms, guaranteeing the respective leases.

30.    By signing the lease agreement, the occupants promised that they would "not make . . . alterations . . . to the leased premises without the prior written consent of the Lessor, nor make nor suffer any strip or waste, nor suffer the heat or water to be wasted, and at the termination of this lease shall deliver up the leased premises and all property belonging to the Lessor in good, clean and tenantable order and condition, reasonable wear and tear excepted."

31.    By signing the lease agreement, the occupants promised that they would pay, as they became due, all bills for electricity and other utilities.

32.    By signing the lease agreement, the occupants promised that they would "maintain the leased premises in a clean condition. [They] shall not sweep, throw, or dispose of, nor permit to be swept, thrown or disposed of, from said premises, nor from any doors, windows, balconies, porches or other parts of said building, any dirt, waste, rubbish or other substance or article into any other parts said building or the land adjacent thereon, except in proper receptacles and except in accordance with the rules of the Lessor."

33.    By signing the lease agreement, the occupants promised that they would not "make or suffer any unlawful, noisy or otherwise offensive use of the leased premises, nor commit or permit any nuisance to exist thereon, nor cause damage to the leased premises, nor create any

substantial interference with the rights, comfort, safety or enjoyment of the Lessor or other occupants of the same. . ."

34.    By signing the lease agreement, the occupants promised that they would not host "[p]arties on or within the premises which cause disturbances and/or damage", "keg parties" or parties of "15 or more people." The occupants further agreed that any and all parties must "terminate no later than 11:00 p.m. on weekdays and midnight on weekends."

35.    By signing the lease agreement, the occupants promised that they would "remove all trash from the premises in sealed plastic bags placed in proper trash containers. Trash is not to be left out overnight . . . Trash is not be left in the hallways. Any trash strewn about the premises or the collection area shall be cleaned up by the Lessees."

36.    By signing the lease agreement, the occupants promised that they would keep all personal property (i.e., bicycles, strollers) within the apartment and not in the hallways, stairways or common areas.

37.    By signing the lease agreement, the occupants promised that rent would be paid with one check on the first day of each calendar month, but no later than the third day of each calendar month, and that any rent payment made after the third of the month is subject to late fees.

38.    By signing the lease agreement, the occupants agreed to pay any and all costs including attorneys fees in any action involving the enforcement of the lease or the terms thereof.

39.    The occupants caused extensive damage to the premises.

40.    The occupants of Unit 1 failed to pay their respective Keyspan gas bill.

41.    The occupants threw loud and offensive parties, often lasting to the early morning hours and which caused many of the neighbors to call the Town of Brookline Police.

42.    The occupants failed to properly store and dispose of trash, thus causing the Plaintiff to be cited and fined numerous times by the Town of Brookline Health Department, and caused the Plaintiff to be criminally charged with a sanitary code violation by the Town of Brookline.

43.    The occupants allowed the premises to become rundown, filthy and unsanitary.

44.    The occupants failed to pay rent by the third day of each calendar month and presently owe late fees in accordance with the lease.

45.    The occupants kept furniture, grills, and other miscellaneous debris in hallways, on decks and in other common areas throughout the premises.

46.    The lease terminated and the occupants vacated the premises on August 31, 2003.

47.    Upon termination of the lease, the Plaintiff incurred expenses in excess of $95,000.00 to renovate and rehabilitate the premises.

48.    The premises was not shown to prospective tenants during the lease term for the 2003-2004 year because real estate brokers refused to enter the building because of the stench and filth that permeated the premises, which caused loss of income and damage to the Plaintiff's reputation.

49.    The premises was not able to be rented for almost a year due to the extensive rehabilitation and renovations necessary once the occupants vacated the premises.

## COUNT I – BREACH OF CONTRACT

### Dad Construction vs. Derek Heimlich

50.    The Plaintiff repeats and reavers paragraphs 1 through 49 of its Complaint as if set forth fully herein.

51.    The Defendant breached the lease agreement with the Plaintiff.

52.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

    WHEREFORE, the Plaintiff demands Judgment against the Defendant, Derek Heimlich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Andrew Levy

53.    The Plaintiff repeats and reavers paragraphs 1 through 52 of its Complaint as if set forth fully herein.

54.    The Defendant breached the lease agreement with the Plaintiff.

55.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

    WHEREFORE, the Plaintiff demands Judgment against the Defendant, Andrew Levy,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh Goodwin

56.     The Plaintiff repeats and reavers paragraphs 1 through 55 of its Complaint as if set forth fully herein.

57.     The Defendant breached the lease agreement with the Plaintiff.

58.     As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

  WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh Goodwin, plus

interest, costs and reasonable attorney fees.

### Dad Construction vs. Peter Bornholdt

59.     The Plaintiff repeats and reavers paragraphs 1 through 58 of its Complaint as if set forth fully herein.

60.     The Defendant breached the lease agreement with the Plaintiff.

61.     As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

        WHEREFORE, the Plaintiff demands Judgment against the Defendant, Peter Bornholdt,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Paul Costantino

62.     The Plaintiff repeats and reavers paragraphs 1 through 61 of its Complaint as if set forth fully herein.

63.     The Defendant breached the lease agreement with the Plaintiff.

64.     As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

        WHEREFORE, the Plaintiff demands Judgment against the Defendant, Paul Costantino,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Ian Heyworth Hill

65.    The Plaintiff repeats and reavers paragraphs 1 through 64 of its Complaint as if set forth fully herein.

66.    The Defendant breached the lease agreement with the Plaintiff.

67.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Ian Heyworth

Hill, plus interest, costs and reasonable attorney fees.

## Dad Construction vs. David A. Fagerlie

68.    The Plaintiff repeats and reavers paragraphs 1 through 67 of its Complaint as if set forth fully herein.

69.    The Defendant breached the lease agreement with the Plaintiff.

70.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A.

Fagerlie, plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Richard Peterson

71.    The Plaintiff repeats and reavers paragraphs 1 through 70 of its Complaint as if set forth fully herein.

72.    The Defendant breached the lease agreement with the Plaintiff.

73.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Peterson,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Nathaniel Ulrich

74.    The Plaintiff repeats and reavers paragraphs 1 through 73 of its Complaint as if set forth fully herein.

75.    The Defendant breached the lease agreement with the Plaintiff.

76.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Nathaniel Ulrich,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Brandon Cook

77.    The Plaintiff repeats and reavers paragraphs 1 through 76 of its Complaint as if set forth fully herein.

78.    The Defendant breached the lease agreement with the Plaintiff.

79.    As a direct and proximate result of said breach, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Brandon Cook,

plus interest, costs and reasonable attorney fees.

## COUNT II – WASTE/DESTRUCTION OF PROPERTY

### Dad Construction vs. Derek Heimlich

80.    The Plaintiff repeats and reavers paragraphs 1 through 79 of its Complaint as if set forth fully herein.

81.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

82.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Derek Heimlich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Andrew Levy

83.    The Plaintiff repeats and reavers paragraphs 1 through 82 of its Complaint as if set forth fully herein.

84.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

85.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Andrew Levy,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh Goodwin

86.    The Plaintiff repeats and reavers paragraphs 1 through 85 of its Complaint as if set forth fully herein.

87.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

88.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh

Goodwin, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Peter Bornholdt

89.    The Plaintiff repeats and reavers paragraphs 1 through 88 of its Complaint as if set forth fully herein.

90.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

91.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Peter Bornholdt,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Paul Costantino

92.    The Plaintiff repeats and reavers paragraphs 1 through 91 of its Complaint as if set forth fully herein.

93.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

94.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Paul Costantino,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Ian Heyworth Hill

95.    The Plaintiff repeats and reavers paragraphs 1 through 94 of its Complaint as if set forth fully herein.

96.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

97.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Ian Heyworth

Hill, plus interest, costs and reasonable attorney fees.

## Dad Construction vs. David A. Fagerlie

98.    The Plaintiff repeats and reavers paragraphs 1 through 97 of its Complaint as if set forth fully herein.

99.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

100.   As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A.

Fagerlie, plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Richard Peterson

101.   The Plaintiff repeats and reavers paragraphs 1 through 100 of its Complaint as if set forth fully herein.

102.   The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

103.   As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Peterson,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Nathaniel Ulrich

104.   The Plaintiff repeats and reavers paragraphs 1 through 103 of its Complaint as if set forth fully herein.

105.   The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

106.   As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Nathaniel Ulrich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Brandon Cook

107.    The Plaintiff repeats and reavers paragraphs 1 through 106 of its Complaint as if set forth fully herein.

108.    The Defendant's actions and/or inactions caused voluntary waste of the premises and destruction of property.

109.    As a direct and proximate result of said waste and destruction, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Brandon Cook,

plus interest, costs and reasonable attorney fees.

## COUNT III - NEGLIGENCE

### Dad Construction vs. Derek Heimlich

110.    The Plaintiff repeats and reavers paragraphs 1 through 109 of its Complaint as if set forth fully herein.

111.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

112.    The Defendant breached that duty of care owed to the Plaintiff.

113.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Derek Heimlich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Andrew Levy

114.    The Plaintiff repeats and reavers paragraphs 1 through 113 of its Complaint as if set forth fully herein.

115.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

116.    The Defendant breached that duty of care owed to the Plaintiff.

117.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Andrew Levy,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh Goodwin

118.    The Plaintiff repeats and reavers paragraphs 1 through 117 of its Complaint as if set forth fully herein.

119.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

120.    The Defendant breached that duty of care owed to the Plaintiff.

121.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh

Goodwin, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Peter Bornholdt

122.    The Plaintiff repeats and reavers paragraphs 1 through 121 of its Complaint as if set forth fully herein.

123.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

124.    The Defendant breached that duty of care owed to the Plaintiff.

125.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Peter Bornholdt,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Paul Costantino

126.    The Plaintiff repeats and reavers paragraphs 1 through 125 of its Complaint as if set forth fully herein.

127.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

128.    The Defendant breached that duty of care owed to the Plaintiff.

129.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Paul Costantino,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Ian Heyworth Hill

130.    The Plaintiff repeats and reavers paragraphs 1 through 129 of its Complaint as if set forth fully herein.

131.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

132.    The Defendant breached that duty of care owed to the Plaintiff.

133.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Ian Heyworth

Hill, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. David A. Fagerlie

134.    The Plaintiff repeats and reavers paragraphs 1 through 133 of its Complaint as if set forth fully herein.

135.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

136.    The Defendant breached that duty of care owed to the Plaintiff.

137.   As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A.

Fagerlie, plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Richard Peterson

138.   The Plaintiff repeats and reavers paragraphs 1 through 137 of its Complaint as if set forth fully herein.

139.   Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

140.   The Defendant breached that duty of care owed to the Plaintiff.

141.   As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Peterson,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Nathaniel Ulrich

142.   The Plaintiff repeats and reavers paragraphs 1 through 141 of its Complaint as if set forth fully herein.

143.   Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

144.   The Defendant breached that duty of care owed to the Plaintiff.

145.   As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Nathaniel Ulrich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Brandon Cook

146.    The Plaintiff repeats and reavers paragraphs 1 through 145 of its Complaint as if set forth fully herein.

147.    Pursuant to the terms of the lease agreement, the Defendant owed the Plaintiff a duty of care with respect to the Defendant's duties and responsibilities during his tenancy.

148.    The Defendant breached that duty of care owed to the Plaintiff.

149.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused significant damage, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Brandon Cook,

plus interest, costs and reasonable attorney fees.

## COUNT IV – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### Dad Construction vs. Derek Heimlich

150.    The Plaintiff repeats and reavers paragraphs 1 through 149 of its Complaint as if set forth fully herein.

151.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

152.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

153.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Derek Heimlich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Andrew Levy

154.    The Plaintiff repeats and reavers paragraphs 1 through 153 of its Complaint as if set forth fully herein.

155.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

156.   The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

157.   As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Andrew Levy,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh Goodwin

158.   The Plaintiff repeats and reavers paragraphs 1 through 157 of its Complaint as if set forth fully herein.

159.   Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

160.   The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

161.   As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh

Goodwin, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Peter Bornholdt

162.   The Plaintiff repeats and reavers paragraphs 1 through 161 of its Complaint as if set forth fully herein.

163.   Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

164.   The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

165.   As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Peter Bornholdt,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Paul Costantino

166.    The Plaintiff repeats and reavers paragraphs 1 through 165 of its Complaint as if set forth fully herein.

167.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

168.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

169.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Paul Costantino,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Ian Heyworth Hill

170.    The Plaintiff repeats and reavers paragraphs 1 through 169 of its Complaint as if set forth fully herein.

171.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

172.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

173.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Ian Heyworth

Hill, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. David A. Fagerlie

174.    The Plaintiff repeats and reavers paragraphs 1 through 173 of its Complaint as if set forth fully herein.

175.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

176.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

177.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A.

Fagerlie, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Richard Peterson

178.    The Plaintiff repeats and reavers paragraphs 1 through 177 of its Complaint as if set forth fully herein.

179.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

180.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

181.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Peterson,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Nathaniel Ulrich

182.    The Plaintiff repeats and reavers paragraphs 1 through 181 of its Complaint as if set forth fully herein.

183.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

184.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

185.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Nathaniel Ulrich,

plus interest, costs and reasonable attorney fees.

## Dad Construction vs. Brandon Cook

186.    The Plaintiff repeats and reavers paragraphs 1 through 185 of its Complaint as if set forth fully herein.

187.    Implicit in the contract between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

188.    The actions of the Defendant, as set forth above, constitute violations of his duty of good faith and fair dealing owed to the Plaintiff.

189.    As a direct and proximate result of the Defendant's breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Brandon Cook,

plus interest, costs and reasonable attorney fees.

## COUNT V – GUARANTOR LIABILITY

### Dad Construction vs. Alan E. Heimlich

190.    The Plaintiff repeats and reavers paragraphs 1 through 189 of its Complaint as if set forth fully herein.

191.    The Defendant, Alan E. Heimlich, signed a contract ("Guarantor Form"), wherein he agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

192.    The lease agreement was breached.

193.    As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.