WHEREFORE, the Plaintiff demands Judgment against the Defendant, Alan E. Heimlich, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Paul Levy and Julia Levy

194. The Plaintiff repeats and reavers paragraphs 1 through 193 of its Complaint as if set forth fully herein.

195. The Defendants, Paul Levy and Julia Levy, signed a contract ("Guarantor Form"), wherein they agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

196. The lease agreement was breached.

197. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendants are responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendants, Paul Levy and Julia Levy, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh B. Goodwin

198. The Plaintiff repeats and reavers paragraphs 1 through 197 of its Complaint as if set forth fully herein.

199. The Defendant, Arleigh B. Goodwin, signed a contract ("Guarantor Form"), wherein he agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

200. The lease agreement was breached.

201. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh B. Goodwin, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Helen Bornholdt

202. The Plaintiff repeats and reavers paragraphs 1 through 201 of its Complaint as if set forth fully herein.

203. The Defendant, Helen Bornholdt, signed a contract ("Guarantor Form"), wherein she agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

204. The lease agreement was breached.

205. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Helen Bornholdt, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Frances Costantino

206. The Plaintiff repeats and reavers paragraphs 1 through 205 of its Complaint as if set forth fully herein.

207. The Defendant, Frances Costantino, signed a contract ("Guarantor Form"), wherein she agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

208. The lease agreement was breached.

209. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Frances Costantino, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Cathleen Countryman

210. The Plaintiff repeats and reavers paragraphs 1 through 209 of its Complaint as if set forth fully herein.

211. The Defendant, Cathleen Countryman, signed a contract ("Guarantor Form"), wherein she agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

212. The lease agreement was breached.

213.   As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

   WHEREFORE, the Plaintiff demands Judgment against the Defendant, Cathleen Countryman, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. David L. Fagerlie

214.   The Plaintiff repeats and reavers paragraphs 1 through 213 of its Complaint as if set forth fully herein.

215.   The Defendant, David L. Fagerlie, signed a contract ("Guarantor Form"), wherein he agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

216.   The lease agreement was breached.

217.   As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

   WHEREFORE, the Plaintiff demands Judgment against the Defendant, David L. Fagerlie, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Linda Peterson

218.   The Plaintiff repeats and reavers paragraphs 1 through 217 of its Complaint as if set forth fully herein.

219.   The Defendant, Linda Peterson, signed a contract ("Guarantor Form"), wherein she agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

220.   The lease agreement was breached.

221.   As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

   WHEREFORE, the Plaintiff demands Judgment against the Defendant, Linda Peterson, plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Richard Ulrich

222. The Plaintiff repeats and reavers paragraphs 1 through 221 of its Complaint as if set forth fully herein.

223. The Defendant, Richard Ulrich, signed a contract ("Guarantor Form"), wherein he agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

224. The lease agreement was breached.

225. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Ulrich,

plus interest, costs and reasonable attorney fees.

### Dad Construction vs. Robert A. Cook

226. The Plaintiff repeats and reavers paragraphs 1 through 225 of its Complaint as if set forth fully herein.

227. The Defendant, Robert A. Cook, signed a contract ("Guarantor Form"), wherein he agreed to be responsible for any and all obligations under the lease agreement and/or breach thereof.

228. The lease agreement was breached.

229. As a direct and proximate result of said breach, the Plaintiff sustained significant damages, loss of income, damage to the Plaintiff's reputation throughout the community and other consequential damages for which the Defendant is responsible.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Robert A. Cook,

plus interest, costs and reasonable attorney fees.

### COUNT VI - PROMISSORY ESTOPPEL

### Dad Construction vs. Derek Heimlich

230. The Plaintiff repeats and realleges paragraphs 1 through 229 as if fully set forth herein.

231. The Defendant promised to perform in compliance with the terms of the lease agreement.

232. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

233. The Plaintiff complied with said terms and conditions of the lease agreement.

234. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

235. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Derek Heimlich, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Andrew Levy

236. The Plaintiff repeats and realleges paragraphs 1 through 235 as if fully set forth herein.

237. The Defendant promised to perform in compliance with the terms of the lease agreement.

238. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

239. The Plaintiff complied with said terms and conditions of the lease agreement.

240. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

241. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Andrew Levy, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Arleigh Goodwin

242. The Plaintiff repeats and realleges paragraphs 1 through 241 as if fully set forth herein.

243. The Defendant promised to perform in compliance with the terms of the lease agreement.

244. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

245. The Plaintiff complied with said terms and conditions of the lease agreement.

246. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

247. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh Goodwin, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Peter Bornholdt

248. The Plaintiff repeats and realleges paragraphs 1 through 247 as if fully set forth herein.

249. The Defendant promised to perform in compliance with the terms of the lease agreement.

250. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

251. The Plaintiff complied with said terms and conditions of the lease agreement.

252. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

253. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Peter Bornholdt, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Paul Costantino

254. The Plaintiff repeats and realleges paragraphs 1 through 253 as if fully set forth herein.

255. The Defendant promised to perform in compliance with the terms of the lease agreement.

256. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

257. The Plaintiff complied with said terms and conditions of the lease agreement.

258. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

259. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Paul Costantino, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Ian Heyworth Hill

260. The Plaintiff repeats and realleges paragraphs 1 through 259 as if fully set forth herein.

261. The Defendant promised to perform in compliance with the terms of the lease agreement.

262. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

263. The Plaintiff complied with said terms and conditions of the lease agreement.

264. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

265. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Ian Heyworth Hill, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. David A. Fagerlie

266. The Plaintiff repeats and realleges paragraphs 1 through 265 as if fully set forth herein.

267. The Defendant promised to perform in compliance with the terms of the lease agreement.

268. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

269. The Plaintiff complied with said terms and conditions of the lease agreement.

270. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

271. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A. Fagerlie, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Richard Peterson

272. The Plaintiff repeats and realleges paragraphs 1 through 271 as if fully set forth herein.

273. The Defendant promised to perform in compliance with the terms of the lease agreement.

274. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

275. The Plaintiff complied with said terms and conditions of the lease agreement.

276. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

277. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Peterson, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Nathaniel Ulrich

278. The Plaintiff repeats and realleges paragraphs 1 through 277 as if fully set forth herein.

279. The Defendant promised to perform in compliance with the terms of the lease agreement.

280. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

281. The Plaintiff complied with said terms and conditions of the lease agreement.

282. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

283. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Nathaniel Ulrich, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Brandon Cook

284. The Plaintiff repeats and realleges paragraphs 1 through 283 as if fully set forth herein.

285. The Defendant promised to perform in compliance with the terms of the lease agreement.

286. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

287. The Plaintiff complied with said terms and conditions of the lease agreement.

288. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

289. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Brandon Cook, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Alan E. Heimlich

290. The Plaintiff repeats and realleges paragraphs 1 through 289 as if fully set forth herein.

291. The Defendant promised to perform in compliance with the terms of the lease agreement.

292. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

293. The Plaintiff complied with said terms and conditions of the lease agreement.

294. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

295. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Alan E. Heimlich, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Paul Levy and Julia Levy

296. The Plaintiff repeats and realleges paragraphs 1 through 295 as if fully set forth herein.

297. The Defendants promised to perform in compliance with the terms of the lease agreement.

298. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

299. The Plaintiff complied with said terms and conditions of the lease agreement.

300. As a direct and proximate result of the Defendants' failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

301. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendants, Paul Levy and Julia Levy, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Arleigh B. Goodwin

302. The Plaintiff repeats and realleges paragraphs 1 through 301 as if fully set forth herein.

303. The Defendant promised to perform in compliance with the terms of the lease agreement.

304. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

305. The Plaintiff complied with said terms and conditions of the lease agreement.

306. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

307. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Arleigh B. Goodwin, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Helen Bornholdt

308. The Plaintiff repeats and realleges paragraphs 1 through 307 as if fully set forth herein.

309. The Defendant promised to perform in compliance with the terms of the lease agreement.

310. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

311. The Plaintiff complied with said terms and conditions of the lease agreement.

312. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

313. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Helen Bornholdt, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Frances Costantino

314. The Plaintiff repeats and realleges paragraphs 1 through 313 as if fully set forth herein.

315. The Defendant promised to perform in compliance with the terms of the lease agreement.

316. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

317. The Plaintiff complied with said terms and conditions of the lease agreement.

318. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

319. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Frances Costantino, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Cathleen Countryman

320. The Plaintiff repeats and realleges paragraphs 1 through 319 as if fully set forth herein.

321. The Defendant promised to perform in compliance with the terms of the lease agreement.

322. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

323. The Plaintiff complied with said terms and conditions of the lease agreement.

324. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

325. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Cathleen Countryman, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. David L. Fagerlie

326. The Plaintiff repeats and realleges paragraphs 1 through 325 as if fully set forth herein.

327. The Defendant promised to perform in compliance with the terms of the lease agreement.

328. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

329. The Plaintiff complied with said terms and conditions of the lease agreement.

330. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

331. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, David A. Fagerlie, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Linda Peterson

332. The Plaintiff repeats and realleges paragraphs 1 through 331 as if fully set forth herein.

333. The Defendant promised to perform in compliance with the terms of the lease agreement.

334. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

335. The Plaintiff complied with said terms and conditions of the lease agreement.

336. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

337. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Linda Peterson, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

## Dad Construction vs. Richard Ulrich

338. The Plaintiff repeats and realleges paragraphs 1-337 as if fully set forth herein.

339. The Defendant promised to perform in compliance with the terms of the lease agreement.

340. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

341. The Plaintiff complied with said terms and conditions of the lease agreement.

342. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

343. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Richard Ulrich, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

### Dad Construction vs. Robert A. Cook

344. The Plaintiff repeats and realleges paragraphs 1-343 as if fully set forth herein.

345. The Defendant promised to perform in compliance with the terms of the lease agreement.

346. The Plaintiff reasonably relied upon said promises to its detriment by entering into the lease agreement.

347. The Plaintiff complied with said terms and conditions of the lease agreement.

348. As a direct and proximate result of the Defendant's failure to honor the promises made, the Plaintiff sustained significant damages, loss of income, damage to its reputation throughout the community and other consequential damages.

349. The only way to avoid injustice is to enforce the promises upon which the Plaintiff relied to its detriment.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Robert A. Cook, for specific performance of said promises, as well as damages, interest, costs and reasonable attorney fees.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully Submitted,
The Plaintiff, Dad Construction Co., Inc.,
By its Attorneys,

*/s/ James V. Marano, Jr./LAD*
James V. Marano, Jr., BBO# 559722
**KUSHNER & MARANO, P.C.**
1231 Washington Street
Newton, MA 02465
(617) 244-1744

Dated: