UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC., )
    Plaintiff )
 )
vs. )
 )
 )
DEREK HEIMLICH, ANDREW LEVY )
and ARLEIGH GOODWIN, )
    Defendants )

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO NAME ADDITIONAL PARTIES AND TO ASSERT ADDITIONAL CLAIMS

Now comes the Plaintiff, Dad Construction Co., Inc., and pursuant to Fed.R.Civ.P. 15(a) and Fed.R.Civ.P. 19, requests this Court grant it leave to amend its Complaint to add Alan E. Heimlich, Paul Levy, Julia Levy, Peter Bornholdt, Helen Bornholdt, Paul Costantino, Frances Costantino, Ian Heyworth Hill, Cathleen Countryman, David A. Fagerlie, David L. Fagerlie, Richard Peterson, Linda Peterson, Nathan Ulrich, Richard Ulrich, Arleigh B. Goodwin, Brandon Cook and Robert A. Cook as party defendants.

### FACTS

On or about September 1, 2002, the Plaintiff, Dad Construction, owned a three-unit residential building at 186 Naples Road, Brookline, Massachusetts. The proposed defendants, Richard Peterson, Nathaniel Ulrich and Brandon Cook, took possession of Unit 1 on September 1, 2002. The proposed defendant, Peter Bornholdt, took possession of Unit 2 with the Defendants Heimlich and Levy on September 1, 2002. The proposed defendants, Paul Costantino, Ian Heyworth Hill and David A. Fagerlie, took possession of Unit 3 with Defendant Goodwin on September 1, 2002. All of the above-named parties filled out rental applications

and signed lease agreements. (Exhibit 1 – Rental Applications and Lease Agreements). Said occupants of Units 1, 2 and 3 were all students at Boston University during said lease term. The additional proposed defendants are the occupants' parents, all of whom guaranteed the respective leases.

During their occupancy of the Plaintiff's premises, the proposed defendants breached the lease contracts when they caused extensive damage to the premises and allowed the premises to become rundown, filthy and unsanitary. The proposed defendants failed to properly store and dispose of trash, thus causing the Plaintiff to be cited and fined numerous times by the Town of Brookline Health Department. These violations also led to a criminal complaint filed by the Town of Brookline against the Plaintiff for sanitary code violations. (Exhibit 2 – Town of Brookline citations and complaint).

Furthermore, during their occupancy of the Plaintiff's premises, the proposed defendants breached the terms of the lease agreements when they threw loud and offensive parties, which often lasted into the early morning hours and caused many of the neighbors to call the Town of Brookline Police. The proposed defendants' actions caused damage to the Plaintiff's reputation in the Town of Brookline, hindered its ability to conduct business in the Town of Brookline, and damaged its relationship with the Plaintiff's neighbors.

Finally, as a result of the proposed defendants' breach of the lease agreement, the Plaintiff incurred costs of more than $95,000.00 to repair the damage caused to the premises by the defendants and was not able to rent the premises for almost a year. In fact, the Plaintiff had to virtually gut the building as a result of the damage caused by the defendants.

The proposed defendants, Alan E. Heimlich, Paul Levy, Julia Levy, Helen Bornholdt, Frances Costantino, Cathleen Countryman, David L. Fagerlie, Linda Peterson, Richard Ulrich,

Arleigh B. Goodwin and Robert A. Cook are the parents and/or guardians of the parties to the lease agreements. They each signed a Guarantor Form, in which each agreed to take "responsibility for any financial obligation for rent or related services or damages incurred by" the respective lessees at 186 Naples Street, Brookline, MA. (Exhibit 3 – Guarantor Forms).

## ARGUMENT

Federal Rule of Civil Procedure Rule 15(a) provides that a party may amend its pleadings by leave of court, and that "leave shall be freely given when justice so requires."

Furthermore, Federal Rule of Civil Procedure Rule 19(a) states:

> **Rule 19. Joinder of Persons Needed for Just Adjudication. (a) Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In this case, the proposed defendants are necessary to the action, as each of the proposed defendants were lessees of the premises, each breached the lease agreements, and damaged the Plaintiff during their tenancy. The remaining defendants, by signing the Guarantor Forms, became responsible for the damages caused by the defendant lessees. If the proposed defendants are not added to this action, and the Plaintiff prevails in this action, the three defendants already a party to this action will be "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations." Furthermore, none of the parties would be prejudiced by the addition of the proposed defendants. This action was recently removed to the United States District Court and no discovery has yet been conducted. Furthermore, the Plaintiff has the right to bring separate actions against

each proposed Defendant. Accordingly, it is in the interests of judicial economy that all of the proposed Defendants be joined in this action for one trial.

Upon information and belief, the addition of the proposed defendants to this action would not deprive this Court of jurisdiction over the subject matter of the action, as none of the proposed defendants live in Massachusetts.

## CONCLUSION

Wherefore, the Plaintiff, Dad Construction, requests this Court grant it leave to amend its Complaint to add Alan E. Heimlich, Paul Levy, Julia Levy, Peter Bornholdt, Helen Bornholdt, Paul Costantino, Frances Costantino, Ian Heyworth Hill, Cathleen Countryman, David A. Fagerlie, David L. Fagerlie, Richard Peterson, Linda Peterson, Nathan Ulrich, Richard Ulrich, Arleigh B. Goodwin, Brandon Cook and Robert A. Cook as party defendants. The parties are necessary to the action and would prevent an unjust result to the original three Defendants.

    Respectfully Submitted,
    The Plaintiff, Dad Construction,
    By its Attorneys,

    James V. Marano, Jr., BBO# 559722
    **KUSHNER & MARANO, P.C.**
    1231 Washington Street
    Newton, MA 02465
Dated:    (617) 244-1744

CERTIFICATE OF SERVICE

I, James V. Marano, Jr., Esquire, hereby certify that on this 5th day of ~~July~~ August, 2004, I have served a copy of the Plaintiff's Motion for Leave to Amend Its Complaint to Add Party Defendants and Amended Complaint mailing a copy via first-class mail to the following:

Richard J. Bombardo, Esquire
11 Beacon Street, Suite 520
Boston, MA  02108


_____
James V. Marano, Jr.