UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10804 JLT

DAD CONSTRUCTION CO., INC.,
    Plaintiff,

v.

DEREK HEIMLICH, ANDREW LEVY and,
ARLEIGH GOODWIN,
    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO NAME ADDITIONAL PARTIES AND TO ASSERT ADDITIONAL CLAIMS

Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the defendants, through their attorney Richard J. Bombardo, hereby submit their opposition to the Plaintiff's Motion for Leave to Amend Complaint to Name Additional Parties and to Assert Additional Claims. The defendants respectfully request that this Honorable Court deny the plaintiff's motion for the reasons set forth below.

In support of the instant opposition, the defendants offer the following:

1. Dad Construction Co., Inc., hereinafter referred to as the plaintiff, seeks to amend its' complaint to add new parties and new claims.

2. The defendants submit that the plaintiff's motion should be denied in its' entirety.

3. The plaintiff was aware of all facts which underlie the proposed amendments prior to commencement of the original action filed in the Norfolk Superior Court.

4. The plaintiff was aware of all individuals sought to be joined under Rule 19 prior to commencement of the original action filed in the Norfolk Superior Court.

5. The plaintiff was aware of all "damages" it allegedly incurred prior to commencement of the original action filed in the Norfolk Superior Court.

6. The plaintiff, knowing all facts and proposed parties prior to commencing the instant action chose deliberately to file its' lawsuit against only those former tenants of the plaintiff, the defendants herein, whom sued the plaintiff in small claims court for breach of the security deposit law (Chapter 186 of the General Laws of Massachusetts) as a retaliatory measure and solely because the defendants had each sued the plaintiff for return of their security deposit and for damages for violation of the law.

7. The plaintiff did not sue the other tenants of 186 Naples Street, Brookline, Massachusetts and this lawsuit was filed solely to intimidate the defendants. The defendants submit that the plaintiff never would have sued these parties except as a defense to the argument raised by the defendants in the instant action suing only the tenants whom sued the plaintiff was motivated by illegal retaliation (in violation of the anti-SLAPP statute, M.G.L.A. Ch. 231, Sec 59H) and by fraud.

8. Furthermore, there is no basis for the plaintiff to have sued all three original defendants in the same action, as the claims are not related to each other at all and the parties cannot as a matter of law be jointly and separately liable. Derek Heimlich and Andrew Levy rented Unit 2 of the premises at 186 Naples Road. The plaintiff alleges that they did damage to their Unit. Arleigh Goodwin rented Unit 3 of the premises at 186 Naples Road (hereinafter "premises"). The plaintiff

alleges that he did damage to his Unit. The defendants Derek Heimlich and Andrew Levy having a separate unit from defendant Arleigh Goodwin and separate and distinct leases, cannot therefore be jointly and severally liable to the plaintiff herein. Thus, there cannot be any common nucleus of operative facts, nor do the claims emanate from the same transaction or occurrence or series of transactions or occurrences. The defendants did not file a motion to sever the claims merely for the economy of defending one action instead of two separate actions.

9. The plaintiff knew that Peter Bornholdt, Derek Heimlich and Andrew Levy all jointly rented Unit 2 of the premises, and presumably, could not have differentiated between the three tenants as to who allegedly caused the damage alleged to have been caused to the Unit, but nevertheless did not sue Peter Bornholdt. Now the plaintiff seeks to join Peter Bornholdt as a defendant without alleging any new facts. The defendants submit that the plaintiff seeks to join Peter Bornholdt solely as a defense to the argument that this lawsuit was motivated by fraud and or illegal retaliation for the defendants asserting their legal rights in the Brookline District Court.

10. The plaintiff knew that Paul Costantino, Ian Heyworth Hill and David A. Fagerlie all jointly rented Unit 3 of the premises, and presumably, could not have differentiated between the three tenants as to who allegedly caused the damage alleged to have been caused to the Unit, but nevertheless did not sue Paul Costantino or David A. Fagerlie. Now the plaintiff seeks to join Paul Costantino and David A. Fagerlie as defendants without alleging any new facts. The

defendants submit that the plaintiff seeks to join Paul Costantino and David A. Fagerlie solely as a defense to the argument that this lawsuit was motivated by fraud and or illegal retaliation for the defendants asserting their legal rights in the Brookline District Court.

11. The only common facts are that all defendants occupied 186 Naples Road (the premises) at the same time, in three different units, that some of the defendants shared a unit together, and that their parents each provided a personal guaranty for their children. None of the claims are otherwise related in any way to each other, and should not be brought in a single lawsuit. There is nothing preventing the plaintiff from pursuing claims against the unrelated defendants in separate actions and such is the only proper course.

12. Allowing the plaintiff to add unrelated claims and parties merely because each claim relates to a separate tenancy with the plaintiff, would unnecessarily confuse the issues and potentially expose on or more of the defendants to improper liability due to confusion of issues, parties and facts. The joinder of these parties is therefore not proper under Fed.R.Civ.P. Rules 15 and 19.

13. The defendants submit that the argument raised by the plaintiff in its' Motion and Memorandum of Law that the additional defendants should be joined to avoid the defendants who are already parties to this action being exposed to "double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" is without merit. Even assuming, arguendo, that joinder of these additional defendants is proper, failure to join them would not result in double or multiple damages because there is no risk of the plaintiff obtaining a judgment against the

defendants greater than that which may be obtained against them if no additional parties are joined.

14. The plaintiff's seeking to amend the complaint at such a late date is also a delaying tactic designed to increase the defendants' costs and delay just adjudication of this matter.

15. The plaintiff's original complaint was filed on March 19, 2004, almost five months ago. Rule 3.02 Addition of New Parties, of the District Court's Expense and Delay Reduction Plan, in the comments, specifically states, in pertinent part that

> Except in ordinary circumstances, no motion to amend a party's pleading to add a new party should be allowed more than three months after the party's initial pleading was filed unless a showing is made, by affidavit or otherwise, that the moving party: (1) was not aware, and with due diligence reasonably could not have been aware, of the identity of the proposed new party, or (2) was not aware, and with due diligence reasonably could not have been aware, of facts sufficient to put that party on notice of the claim against the new party. For these purposes, the expiration of the applicable statute of limitations on claims against the proposed new party should not in and of itself constitute extraordinary circumstances.

16. The plaintiff has made no showing as required by the commentary of Rule 3.02. The defendants submit that the plaintiff cannot make such a showing and accordingly, the motion must be denied in its' entirety.

17. The plaintiff's filing of the original lawsuit against the original defendants constituted a violation of Massachusetts General Laws, Ch. 231, Sec 59H, the anti-SLAPP statute, because the plaintiff filed its' lawsuit only in retaliation for the defendants exercising their right of petition in a judicial body under the Constitution of the Commonwealth (the filing of their lawsuits in the Brookline

District Court for breach of the security deposit law) and the plaintiff cannot show that (1) the defendant's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the defendant's acts caused actual injury to the plaintiff. M.G.L.A. Ch. 231, Sec 59H. Attached hereto and made a part hereof as Exhibit A is a copy of the said anti-SLAPP statute.

### REQUEST FOR ORAL ARGUMENT

The defendants believe that oral argument will assist the court with its' determination of the instant motion and therefore request that oral argument be granted on Plaintiff's Motion to for Leave to Amend Complaint to Name Additional Parties and to Assert Additional Claims pursuant to Local Rule 7.1(D).

WHEREFORE, the defendants respectfully request this Honorable Court deny the plaintiff's motion in its' entirety for the reasons set forth above and grant any additional relief as the Court may deem just and proper.

Dated: August 17, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

_____
Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA  02108
(617) 742-0575
B.B.O. # 633161

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendants' Opposition to Plaintiff's Motion for Leave to Name Additional Parties and to Assert Additional Claims, and supporting documents, to be served upon counsel for Plaintiff this 17th day of August 2004 by mailing same first-class to: James V. Marano, Jr., Kushner & Marano, P.C., 1231 Washington Street, Newton, MA 02465.

_____
Richard J. Bombardo

# EXHIBIT

# A

MA-STAT-AN - MGLA 231 § 59H, Strategic litigation against public participation; special motion to dismiss

----------- Excerpt from page 67180 follows -----------
M.G.L.A. 231 § 59H

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART III. COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES
TITLE II. ACTIONS AND PROCEEDINGS THEREIN
CHAPTER 231. PLEADING AND PRACTICE
PRACTICE
VACATION OF DISMISSAL FOR FAILURE TO FILE TIMELY REQUEST FOR TRIAL

Current through Ch. 11 of the 2003 1st Annual Sess.

§ 59H. Strategic litigation against public participation; special motion to dismiss

   In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

   The attorney general, on his behalf or on behalf of any government agency or subdivision to which the moving party's acts were directed, may intervene to defend or otherwise support the moving party on such special motion.

   All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion.

   Said special motion to dismiss may be filed within sixty days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper.

   If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law.


----------- Excerpt from page 67181 follows -----------
   As used in this section, the words "a party's exercise of its right of petition" shall mean any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.


Copyright (c) West Group 2003 No claim to original U.S. Govt. works