## COUNT III

26. The Defendants repeat and reaffirm the responses contained in paragraphs 1-25 as if same were fully set forth herein.

27. The Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

## COUNT IV

29. The Defendants repeat and reaffirm the responses contained in paragraphs 1-28 as if same were fully set forth herein.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

## COUNT V

32. The Defendants repeat and reaffirm the responses contained in paragraphs 1-31 as if same were fully set forth herein.

33. The Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

## COUNT VI

35. The Defendants repeat and reaffirm the responses contained in paragraphs 1-34 as if same were fully set forth herein.

36. The Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. This court lacks personal jurisdiction over all Defendants.

## SECOND AFFIRMATIVE DEFENSE

40. The Plaintiff, if damaged, was required to mitigate its damages, but failed to do so.

## THIRD AFFIRMATIVE DEFENSE

41. If the Plaintiff had any claim against the Defendants, that claim has been waived by the actions or inactions of the Plaintiff, its agents, servants and/or representatives.

## FOURTH AFFIRMATIVE DEFENSE

42. The Plaintiff has unclean hands and as such, is barred from recovering any damages from the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

43. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

44. There are prior actions pending against the Plaintiff brought by the Defendants in small claims court for violation of the security deposit law, and since this action involves the same transaction or occurrence the instant action should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff by its conduct and actions and/or conduct and actions of its agents is barred from pursuing any and all rights and claims it may have had.

## EIGHTH AFFIRMATIVE DEFENSE

46. The Plaintiff violated the security deposit law and other statutes causing severe damages to the Defendants. The Defendants are entitled to a set-off of all damages they incurred against any damages that the Plaintiff may have sustained.

## NINTH AFFIRMATIVE DEFENSE

47. The Plaintiff has committed fraud against the Defendants and upon the Court and as a result, is barred from any recovery against the Defendants.

## TENTH AFFIRMATIVE DEFENSE

48. The Plaintiff failed to maintain the premises in a sanitary and legal manner and as such, the Defendants are entitled to set-off the difference in value between that which was let and the fair market rental value of the premises in the condition so let and any damages that they suffered as a result of the Plaintiff's failure to maintain the premises.

## ELEVENTH AFFIRMATIVE DEFENSE

49. If the Plaintiff sustained damages as alleged in the Complaint, such damages were caused by one or more third parties over whom the Defendants did not have direction or control and for whom the Defendants are not responsible.

## COUNTERCLAIMS

50. Plaintiff-in-counterclaim Derek Heimlich is an individual residing at 8 Farrington Avenue, Apt. 5, Allston, MA.

51. Plaintiff-in-counterclaim Andrew Levy is an individual residing at 8 Wadsworth Street, Allston, MA.

52. Plaintiff-in-counterclaim Arleigh Goodwin is an individual residing at 8 Wadsworth Street, Allston, MA.

53. Defendant-in-counterclaim Dad Construction Co., Inc. is, upon information and belief, a Massachusetts corporation with its principal place of business at 1714 Beacon Street, Brookline, MA 02445.

54. Defendant-in-counterclaim Arnold M. Freidfertig, is an individual whose residence is unknown but who maintains an office and principal place of business at 1714 Beacon Street, Brookline, MA 02445.

## FACTS

55. The defendants were tenants at of property owned by Dad Construction Co., Inc. from September 1, 2002 until August 31, 2003

56. The defendants did not cause any damage to the property of Dad Construction Co., Inc.

57. Derek Heimlich and Andrew Levy paid Dad Construction Co., Inc. a security deposit as required by their lease.

58. Arleigh Goodwin paid Dad Construction Co., Inc. a security deposit as required by his lease.

59. Dad Construction Co., Inc. did not deposit the security deposit in an escrow account as required by Massachusetts General Laws Chapter 186 Section 15B.

60. Dad Construction Co., Inc. did not comply with other provisions of said statute relating to security deposits, including that a statement of condition must be given at the time of letting, and that notice of the account in which the security deposit was deposited.

61. Dad Construction Co., Inc. failed to return any portion of the security deposit of each of the plaintiffs-in-counterclaim at any time since the tenancies ended.

62. Dad Construction Co., Inc. never sent the plaintiffs-in-counterclaim notice within 30 days of why the security deposit was not being returned.

63. The plaintiffs-in-counterclaim each sued for the return of their security deposit, plus damages for violation of the statute, first suing Arnold M. Freidfertig individually, and then suing Dad Construction Co., Inc. after Mr. Freidfertig was successful in getting the actions against him dismissed because he was sued personally, and not Dad Construction Co., Inc.

64. In retaliation for the plaintiffs-in-counterclaim filing small claims actions for the return of their security deposits, Dad Construction Co., Inc. filed a lawsuit against them seeking a minimum of $95,000.00 in damages for damage allegedly caused by the plaintiffs-in-counterclaim while they were tenants without ever inspecting the

premises prior to the termination of the tenancies, and never once even sending the plaintiffs-in-counterclaim any notice at all that it claimed they had done any damage at all to the premises.

65. Dad Construction Co., Inc. was required to inspect the premises prior to taking possession of the premises for any damage that it was going to assert against the tenants, but did not ever do so.

66. In the original Complaint filed by Dad Construction Co., Inc., the plaintiff also alleges that it had notice of problems with the tenants for some time, as the police were called to the premises numerous times, and Dad Construction Co., Inc. was cited criminally by the Town of Brookline for improperly storing trash and other violations of the sanitary code throughout the course of the tenancies. Despite this notice and the allegations of significant harm suffered by the plaintiff as a result of the tenants conduct, it took no action.

67. Dad Construction Co., Inc. did not seek any damages from the plaintiffs-in-counterclaim prior to their initiating lawsuits for security deposit violations.

68. Despite such allegations, Dad Construction Co., Inc. never notified the plaintiffs-in-counterclaim that any such damage or charges were being attributed to them.

69. Despite each plaintiff-in-counterclaim having additional roommates whom were listed on their respective leases, Dad Construction Co., Inc. deliberately chose to sue only those tenants which sued it.

70. Without an investigation, which Dad Construction Co., Inc. never performed, there was no way for Dad Construction Co., Inc. to determine who had caused any alleged damage and therefore had no basis to sue only those tenants which sued him first.

71. Dad Construction Co., Inc. chose deliberately to single out only those tenants which sued it for the purpose of intimidating the tenants from continuing their suits against it.

72. The plaintiffs-in-counterclaim did not cause any damage to the premises and believe that any repairs made to the property were either the result of Dad Construction Co., Inc.'s failure to maintain the premises in accord with the sanitary and building code or were improvements that it always intended to make and now asserts as a false basis of damages in a fraudulent scheme to intimidate the plaintiffs-in-counterclaim from pursuing their claims against it.

73. Dad Construction Co., Inc. has never provided any receipts or proof to the plaintiffs-in-counterclaim of repairs it alleges were made as a result of damage caused by them.

74. Dad Construction Co., Inc. has used the legal system as a means to deny the plaintiffs-in-counterclaim their right to petition a judicial body for redress of their grievances in violation of state and federal statutes.

75. Arnold M. Freidfertig is the sole corporate officer and shareholder of Dad Construction Co., Inc.

76. In operating Dad Construction Co., Inc., Mr. Freidfertig has failed to follow corporate formalities, has commingled his personal funds with that of the corporation, and has failed to always hold out Dad Construction Co., Inc. as the entity which owned and managed the property located at 186 Naples Road, Brookline, MA.

77. Arnold M. Freidferitg has used Dad Construction Co., Inc. as a mechanism to commit fraud and shield himself from personal liability for fraudulent and/or criminal conduct.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION
## DAD CONSTRUCTION CO., INC.

78. The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 77 as if same were fully set forth herein.

79. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should know are false, including that the Plaintiffs-in-counterclaim have caused any damage to the premises and that the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the Plaintiffs-in-counterclaim.

80. The Defendant-in-counterclaim has brought this fraudulent action solely to intimidate and deter the Plaintiffs-in-counterclaim from pursuing their small claims actions against the Defendant-in-counterclaim for violation of the security deposit law.

81. As a result of the fraud of the Defendant-in-counterclaim, the Plaintiffs-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES
## DAD CONSTRUCTION CO., INC.

82. The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 81 as if same were fully set forth herein.

83. The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

a.  Requiring a security deposit from the Plaintiffs-in-counterclaim, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the tenants a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

b.  Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

c.  Breach of the warranty of habitability including multiple violations of the building and sanitary code;

d.  Failing to inform the Plaintiffs-in-counterclaim about fire insurance in violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec. 21.

e.  Bringing fraudulent claims against the Plaintiffs-in-counterclaim in the instant action;

f.  Engaging in conduct which was reasonably foreseeable to result in the infliction of extreme emotional distress on the Plaintiffs-in-counterclaim.

84. All of the Defendant-in-counterclaim's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiffs-in-counterclaim are entitled to up to three times, but not less than two times, all damages awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable attorney's fees.

## COUNT III – BREACH OF WARRANTY OF HABITABILITY
## DAD CONSTRUCTION CO., INC.

85. The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 84 as if same were fully set forth herein.

86. The Defendant-in-counterclaim expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

87. The Defendant-in-counterclaim breached said warranty allowing the following conditions to exist in the premises:

a. UNIT 2

   1. mold in the bedroom and bathroom on the ceiling;

   2. Ceiling paint peeling;

   3. 3 broken windows;

   4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

   5. failing to deliver the premises in clean and sanitary condition;

   6. smoke detector inoperable;

   7. the oven had a gas leak;

   8. ceiling leaked water; and

   9. inadequate and improperly working furnace

b. UNIT 3

   1. Heater improperly connected to Unit 2;

   2. extensive water damage to walls (including mold);

   3. peeling paint and plaster;

4.  cabinets falling off the wall;

5.  rotten and decaying food left in the refrigerator from prior tenant; and

6.  trash throughout the apartment at the time of letting.

88.  As a result of the Breach of Warranty of Habitability, the Plaintiffs-in-counterclaim suffered damages and are entitled to the difference between the fair market rental value of the premises in good repair and in compliance with all applicable laws and regulations and the value of the premises in disrepair and any damages they suffered which are the consequence of the breach of warranty.

## COUNT IV- NEGLIGENT FAILURE TO MAINTAIN THE PREMISES
## DAD CONSTRUCTION CO., INC.

89. The Plaintiffs-in-Counterclaim repeat and reallege the allegations contained in paragraphs 1 through 88 as if same were fully set forth herein.

90. Throughout the tenancy of the Plaintiffs-in-counterclaim, the Defendant-in-counterclaim negligently failed to maintain and keep the premises in good repair and condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury, inconvenience, expense, discomfort, great anxiety, distress and upset.

91. The conditions that the Defendant-in-counterclaim have failed to maintain and/or repair existed at the inception of the tenancy and include, but are not necessarily limited to, the following:

a.  UNIT 2

1.  mold in the bedroom and bathroom on the ceiling;

2.  Ceiling paint peeling;

3.  3 broken windows;

4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

5. failing to deliver the premises in clean and sanitary condition;

6. smoke detector inoperable;

7. the oven had a gas leak;

8. ceiling leaked water; and

9. inadequate and improperly working furnace

b. UNIT 3

1. Heater improperly connected to Unit 2;

2. extensive water damage to walls (including mold);

3. peeling paint and plaster;

4. cabinets falling off the wall;

5. rotten and decaying food left in the refrigerator from prior tenant; and

6. trash throughout the apartment at the time of letting.

92. As a result of the Defendant-in-counterclaim's negligent failure to maintain the premises, the Plaintiffs-in-counterclaim have suffered damages, including incidental and consequential damages which proof at time of trial will reveal.

## COUNT V- VIOLATION OF SECURITY DEPOSIT LAW DAD CONSTRUCTION CO., INC.

93. The Plaintiffs-in-Counterclaim repeat and reallege the allegations contained in paragraphs 1 through 92 as if same were fully set forth herein.

94. The Plaintiffs-in-counterclaim were required to pay a security deposit to Dad Construction Co., Inc. as a condition of their tenancy.

95. Dad Construction Co., Inc. failed to comply with Massachusetts General Laws, Ch. 186, Sec. 15B, including failing to escrow the security deposits in a trust account, failing to give a statement of condition to the tenants at the time of letting, failing to return the security deposit within 30 days of the termination of the tenancy or giving the tenants notice in writing of the reason why their security deposits were not returned, and other violations of the law.

96. As a result of Dad Construction Co., Inc.'s breach of the security deposit law, the plaintiffs-in-counterclaim suffered damages.

97. The plaintiffs-in-counterclaim are therefore entitled to three times the value of their security deposit, plus interest and attorney's fees.

## COUNT VI – FRAUD, DECEIT AND MISREPRESENTATION
## ARNOLD M. FREIDFERTIG

98. The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 97 as if same were fully set forth herein.

99. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should know are false, including that the Plaintiffs-in-counterclaim have caused any damage to the premises and that the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the Plaintiffs-in-counterclaim.

100.   The Defendant-in-counterclaim has brought this fraudulent action solely to intimidate and deter the Plaintiffs-in-counterclaim from pursuing their small claims actions against the Defendant-in-counterclaim for violation of the security deposit law.

101.   As a result of the fraud of the Defendant-in-counterclaim, the Plaintiffs-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

### COUNT VII – UNFAIR AND DECEPTIVE PRACTICES ARNOLD M. FREIDFERTIG

102.   The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 101 as if same were fully set forth herein.

103.   The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

a.   Requiring a security deposit from the Plaintiffs-in-counterclaim, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the tenants a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

b.   Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

c.   Breach of the warranty of habitability including multiple violations of the building and sanitary code;

d.   Failing to inform the Plaintiffs-in-counterclaim about fire insurance in violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec. 21.

e. Bringing fraudulent claims against the Plaintiffs-in-counterclaim in the instant action;

f. Engaging in conduct which was reasonably foreseeable to result in the infliction of extreme emotional distress on the Plaintiffs-in-counterclaim.

104.    All of the Defendant-in-counterclaim's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiffs-in-counterclaim are entitled to up to three times, but not less than two times, all damages awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable attorney's fees.

## <u>COUNT VIII – BREACH OF WARRANTY OF HABITABILITY ARNOLD M. FREIDFERTIG</u>

105.    The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 104 as if same were fully set forth herein.

106.    The Defendant-in-counterclaim expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

107.    The Defendant-in-counterclaim breached said warranty allowing the following conditions to exist in the premises:

g. UNIT 2

a. mold in the bedroom and bathroom on the ceiling;

b. Ceiling paint peeling;

c. 3 broken windows;

d. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

    e.  failing to deliver the premises in clean and sanitary condition;

    f.  smoke detector inoperable;

    g.  the oven had a gas leak;

    h.  ceiling leaked water; and

    i.  inadequate and improperly working furnace

h.  UNIT 3

    a.  Heater improperly connected to Unit 2;

    b.  extensive water damage to walls (including mold);

    c.  peeling paint and plaster;

    d.  cabinets falling off the wall;

    e.  rotten and decaying food left in the refrigerator from prior tenant; and

    f.  trash throughout the apartment at the time of letting.

108.    As a result of the Breach of Warranty of Habitability, the Plaintiffs-in-counterclaim suffered damages and are entitled to the difference between the fair market rental value of the premises in good repair and in compliance with all applicable laws and regulations and the value of the premises in disrepair and any damages they suffered which are the consequence of the breach of warranty.

## COUNT IX- NEGLIGENT FAILURE TO MAINTAIN THE PREMISES ARNOLD M. FREIDFERTIG

109.    The Plaintiffs-in-Counterclaim repeat and reallege the allegations contained in paragraphs 1 through 108 as if same were fully set forth herein.

110.    Throughout the tenancy of the Plaintiffs-in-counterclaim, the Defendant-in-counterclaim negligently failed to maintain and keep the premises in good repair and

condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury, inconvenience, expense, discomfort, great anxiety, distress and upset.

111.   The conditions that the Defendant-in-counterclaim have failed to maintain and/or repair existed at the inception of the tenancy and include, but are not necessarily limited to, the following:

a.   UNIT 2

    g.   mold in the bedroom and bathroom on the ceiling;

    h.   Ceiling paint peeling;

    i.   3 broken windows;

    j.   improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

    k.   failing to deliver the premises in clean and sanitary condition;

    l.   smoke detector inoperable;

    m.   the oven had a gas leak;

    n.   ceiling leaked water; and

    o.   inadequate and improperly working furnace

b.   UNIT 3

    i.   Heater improperly connected to Unit 2;

    j.   extensive water damage to walls (including mold);

    k.   peeling paint and plaster;

    l.   cabinets falling off the wall;

    m.   rotten and decaying food left in the refrigerator from prior tenant; and

    n.   trash throughout the apartment at the time of letting.

condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury, inconvenience, expense, discomfort, great anxiety, distress and upset.

111.    The conditions that the Defendant-in-counterclaim have failed to maintain and/or repair existed at the inception of the tenancy and include, but are not necessarily limited to, the following:

    a.  UNIT 2

        g.  mold in the bedroom and bathroom on the ceiling;

        h.  Ceiling paint peeling;

        i.  3 broken windows;

        j.  improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

        k.  failing to deliver the premises in clean and sanitary condition;

        l.  smoke detector inoperable;

        m.  the oven had a gas leak;

        n.  ceiling leaked water; and

        o.  inadequate and improperly working furnace

    b.  UNIT 3

    i.  Heater improperly connected to Unit 2;

    j.  extensive water damage to walls (including mold);

    k.  peeling paint and plaster;

    l.  cabinets falling off the wall;

    m.  rotten and decaying food left in the refrigerator from prior tenant; and

    n.  trash throughout the apartment at the time of letting.

112.    As a result of the Defendant-in-counterclaim's negligent failure to maintain the premises, the Plaintiffs-in-counterclaim have suffered damages, including incidental and consequential damages which proof at time of trial will reveal.

## COUNT X- VIOLATION OF SECURITY DEPOSIT LAW
## ARNOLD M. FREIDFERTIG

113.    The Plaintiffs-in-Counterclaim repeat and reallege the allegations contained in paragraphs 1 through 112 as if same were fully set forth herein.

114.    The Plaintiffs-in-counterclaim were required to pay a security deposit to Defendant-in-counterclaim as a condition of their tenancy.

115.    Defendant-in-counterclaim failed to comply with Massachusetts General Laws, Ch. 186, Sec. 15B, including failing to escrow the security deposits in a trust account, failing to give a statement of condition to the tenants at the time of letting, failing to return the security deposit within 30 days of the termination of the tenancy or giving the tenants notice in writing of the reason why their security deposits were not returned, and other violations of the law.

116.    As a result of the Defendant-in-counterclaim's breach of the security deposit law, the plaintiffs-in-counterclaim suffered damages.

117.    The plaintiffs-in-counterclaim are therefore entitled to three times the value of their security deposit, plus interest and attorney's fees.

## COUNT XI- ALTER EGO LIABILITY
## ARNOLD M. FREIDFERTIG

118.    The Plaintiffs-in-Counterclaim repeat and reallege the allegations contained in paragraphs 1 through 117 as if same were fully set forth herein.

119.    Arnold M. Freidfertig is the alter ego of Dad Construction Co., Inc.

120.   Arnold M. Freidfertig exercises pervasive and extensive control over Dad Construction Co., Inc.

121.   Arnold M. Freidfertig utilized Dad Construction Co., Inc. as a mechanism to commit fraud against the Plaintiffs-in-counterclaim, including commencing the underlying action in the Norfolk Superior Court.

122.   Arnold M. Freidfertig engaged in commingling of funds and intermingling the affairs of Dad Construction Co., Inc. with that of his own.

123.   Arnold M. Freidfertig failed to observe corporate formalities.

124.   Arnold M. Freidfertig failed to use the corporate designation in all correspondence, communications and documents and it was not possible to tell whether it was the corporation or himself personally acting.

125.   Arnold M. Freidfertig has utilized Dad Construction Co., Inc. as a means to shield himself from personal liability for criminal and/or fraudulent conduct.

126.   Arnold M. Freidfertig has used the corporation and court process as a means to intimidate the plaintiffs-in-counterclaim from pursuing their legal rights for redress of the grievances in a court of law in violation of Massachusetts General Law Ch. 231, Sec. 59H.

127.   The corporate veil of Dad Construction Co., Inc. should be pierced.

128.   Arnold M. Freidfertig is liable to the Plaintiffs-in-counterclaim for all damages they suffered as a result of his conduct and the conduct of Dad Construction Co., Inc. over which he exercised exclusive control, plus attorney's fees.

WHEREFORE, the Defendants and Plaintiffs-in-counterclaim respectfully pray

that this Honorable Court:

1. Dismiss the Plaintiff's Complaint in its entirety;

2. Enter judgment in favor of Defendants on all counts alleged in Plaintiff's Complaint;

3. Enter judgment in favor of Plaintiffs-in-Counterclaim on all Counterclaims;

4. Award the Plaintiffs-in-counterclaim damages on each Counterclaim in accordance with the damages proven at trial, including double or treble damages;

5. Award the Defendants and Plaintiffs-in-counterclaim their reasonable attorney's fees incurred in the instant action.

6. Grant such other and further relief as the Court deems just and proper.

**THE DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:  October 1, 2004

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 742-0575
B.B.O. # 633161