UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC., )
    Plaintiff )
)
vs. )
)
)
DEREK HEIMLICH, ANDREW LEVY )
and ARLEIGH GOODWIN, )
    Defendants )

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO AMEND ANSWER AND COUNTERCLAIMS TO ASSERT ADDITIONAL CLAIMS AND JOIN A NEW PARTY

Now comes the Plaintiff, Dad Construction Co., Inc., and opposes the Defendants Motion to Amend Answer and Counterclaims to Assert Additional Claims and Join a New Party. As grounds therefore, the Plaintiff states the following:

### FACTS

1. The Defendants seek to amend their answer to add new parties and new claims.

2. The Plaintiff submits that the Defendants' motion should be denied.

3. The Defendants, at the time of Answering the Complaint, knew or should have known all of the facts which form the basis of the proposed amendments.

4. The Plaintiff's complaint was filed in the Norfolk Superior Court on March 19, 2004. The Defendants' Answered the Complaint and removed it to this Court on or about April 22, 2004 – almost six months ago.

5. The Defendants' attorney, in his motion, asserts that he first learned of a claim against Mr. Friedfertig during a telephone conversation that took place on May 5, 2003 – more than five months ago.

6. The Plaintiff's Motion to Amend Complaint to Add Parties was previously denied by this Court.

## ARGUMENT

### A. **The Defendants' motion is not timely and should be denied. Furthermore, the Defendants have not made the requisite showing of "extraordinary circumstances" to circumvent the Local Rules.**

Rule 3.02 Addition of New Parties, of the District Court's Expense and Delay Reduction Plan, in the comments, specifically states, in pertinent part that:

> *[N]o motion to amend a party's pleading to add a new party should be allowed more than three months after the party's initial pleading was filed* unless a showing is made, by affidavit or otherwise, that the moving party (1) was not aware, and with due diligence reasonably could not have been aware, of the identity of the proposed new party, or (2) was not aware, and with due diligence reasonably could not have been aware, of facts sufficient to put that party on notice of the claim against the new party. For these purposes, the expiration of the applicable statute of limitations on claims against the proposed new party should not in and of itself constitute extraordinary circumstances. (Emphasis added).

The Plaintiff's complaint was filed in the Norfolk Superior Court on March 19, 2004. The Defendants Answered the Complaint and removed it to this Court on or about April 22, 2004 – almost six months ago. In August 2004, just five months after the Plaintiff's Complaint was filed, the Plaintiff filed a Motion to Add Additional Parties, which was denied by this Court. The Defendants argued in opposition to that motion that it was not timely in light of the Plaintiff's knowledge of the proposed parties' existence and the basis of the claims alleged against the proposed parties. The Defendants are now attempting to circumvent the same rules by filing this Motion. Notwithstanding, pursuant to Rule 3.02, the Defendants' motion is not timely and should be denied.

Although Rule 3.02 sets forth two exceptions, said exceptions do not apply in this case. The first exception allows the addition of the proposed party if the moving party "was not aware,

and with due diligence reasonably could not have been aware, of the identity of the proposed new party." The Defendants knew of the existence of Arnold Friedfertig since the inception of their tenancy at 186 Naples Street, Brookline on September 1, 2002. On that date, they signed lease agreements with Dad Construction Company, Inc. The Defendants admit in their motion that they had dealings with Arnold Friedfertig as agent of Dad Construction throughout their tenancy, and that they corresponded with him on several occasions in relation to their tenancy. Any contention that they Defendants were not aware of Mr. Friedfertig's existence is contrary to their own allegations.

The second exception allows the addition of the new party despite the three-month deadline if the movant "was not aware, and with due diligence reasonably could not have been aware, of facts sufficient to put that party on notice of the claim against the new party." The Defendants assert that they were not aware that a claim against Mr. Friedfertig would be "appropriate" until he had a telephone conversation with Mr. Stone in May 2004. Once again, the Defendants claim is disingenuous. The Defendants had commenced small claims lawsuits against Mr. Friedfertig in the small claims session of the Brookline District Court at the end of the year 2003. Clearly, the Defendants were in possession of facts sufficient to put them on notice of their alleged claims against Mr. Friedfertig. Furthermore, even if the Defendants did not know of facts sufficient, they needed only to call the Secretary of State's office to obtain the information to learn of Dad Construction's corporate structure. The Defendants, therefore, knew of facts sufficient or, with diligence, could have become aware of facts sufficient to put them on notice of their claims.

B. **<u>Piercing of the Corporate Veil is not Warranted in this Action.</u>**

A corporation is a legal entity which may act through its agents; thus, a contract made by the authorized agent of a corporation is the corporation's contract. <u>Williams v. Vanaria</u>, 2000 WL 7956589 (Mass.App.Div. 2000). There is nothing fraudulent or against public policy in limiting one's liability by the appropriate use of corporate insulation. <u>Miller v. Honda Motor Co.</u>, 779 F.2d 769, 773 (1st Cir. 1985).

In Massachusetts, disregarding separate corporate entities is the exception, not the rule. <u>Dale v. H.B. Smith Co., Inc., et al</u>, 910 F.Supp. 14, 18 (1995) citing <u>American Home Assurance Co. v. Sport Maska, Inc.</u>, 808 F.Supp. 67, 73 (D. Mass. 1992). In order for a court to disregard separate corporate entities, very high standards must be met. <u>Id.</u> Factors to be considered when determining whether to pierce the corporate veil and impose direct liability are: common ownership; pervasive control; confused intermingling of business activity assets or management; thin capitalization; nonobservance of corporate formalities; absence of corporate record; no payment of dividends; insolvency at the time of the litigated transaction; siphoning away of corporate assets by dominant shareholders; nonfunctioning of officers and directors; use of the corporation for transactions of the dominant shareholders; and use of the corporation in promoting fraud. <u>Pepsi-Cola Bottling Co. v. Checkers, Inc.</u>, 754 F.2d 10, 14-16 (1st Cir. 1985). "One examines the twelve factors to form an opinion whether the overall structure and operation misleads. There is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance, finagling, such that corporate identities are confused and third parties cannot be quite certain with what they are dealing." <u>Evans v. Multicon Constr. Corp.</u>, 30 Mass.App.Ct. 728, 736 (1991). In <u>Evans</u>, the Court found that four of the factors were proved as to the Defendants and, yet, refused to pierce the veil. (Court refused to pierce

corporate veil despite evidence of common ownership, pervasive control, nonpayment of dividends and use of corporation for transactions of dominant shareholders).

Allegations that an individual controlled the company, was the sole stockholder and sole officer of the company is insufficient to pierce the corporate veil. See Saveall v. Adams, 36 Mass.App.Ct. 349, 353 (1994). Dad Construction is a closely held corporation. Mr. Friedfertig is the president, treasurer and clerk of the corporation. As such, Mr. Friedfertig has much control over the corporation. It is not unusual for Mr. Friedfertig to participate in negotiations and act as landlord in collecting rent from the tenants and fielding complaints and/or inquiries. Neither is it unusual for Mr. Friedfertig to sign checks on behalf of the corporation. Mr. Friedfertig is an agent of the corporation and has acted as agent of Dad Construction in his dealings with the Defendants. As such, he should not be held personally liable for the actions he took on behalf of Dad Construction, Inc.

The Defendants knew at all times that they were dealing with Dad Construction Company, Inc. The lease documents – the contracts from which all of the parties' claims arise – were negotiated between Dad Construction and the Defendants. The rent payments were made payable to Dad Construction Company and deposited into an account held by Dad Construction Company, Inc.

The Defendants also allege that, perhaps, Dad Construction is thinly capitalized and would not be able to honor a judgment, should there be one. "The risk that a [party], without fraud and in the normal course of business operations, may become unable to answer to a judgment is inherent in any civil litigation." Evans, supra, at 737-38. Regardless, this allegation alone is not a basis for piercing the corporate veil.

## CONCLUSION

The contracts between Dad Construction and the Defendants and the manner in which Dad Construction functioned does not justify piercing the corporate veil and holding Arnold Friedfertig personally liable. For the aforementioned reasons, the Defendants' motion must be denied.

        Respectfully Submitted,
        The Plaintiff, Dad Construction, Inc.
        By its Attorneys,

*/s/ James V. Marano, Jr.*
James V. Marano, Jr., BBO# 559722
**KUSHNER & MARANO, P.C.**
1231 Washington Street
Newton, MA 02465
(617) 244-1744

Dated: