UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC., )
    Plaintiff )
  )
vs. )
  )
DEREK HEIMLICH, ANDREW LEVY )
and ARLEIGH GOODWIN, )
    Defendants )

### THE PLAINTIFF, DEFENDANT IN COUNTERCLAIM'S, MOTION FOR SUMMARY JUDGMENT ON COUNTS I, III, IV AND VI OF THE COUNTERCLAIM

Now comes the Plaintiff/Defendant in Counterclaim (hereinafter "Dad Construction"), and hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 56(e), to enter Summary Judgment in its favor on Count I (Fraud, Misrepresentation and/or Deceit), III (Breach of the Warranty of Habitability), IV (Negligent Failure to Maintain Premises) and VI (Breach of the Covenant of Quiet Enjoyment) of the Defendants/Plaintiffs in Counterclaims', (hereinafter "Defendants"), Counterclaim. As grounds for this motion, Dad Construction states as follows.

In Count I of the Counterclaim, the Defendants have failed to allege that Dad Construction's false representations were made to induce the Defendants to act and that they did, in fact, act to their detriment based on said representations. In order to sustain a claim for fraud, misrepresentation, and/or deceit, the Defendants must "allege [that] a false statement of a material fact [was] made to induce the [Defendants] to act, together with reliance on the false statement by the [Defendants] to the [Defendants'] detriment" *Ravosa v. Zais*, 40 Mass.App.Ct. 47, 52 (1996); quoting, *Zimmerman v. Kent*, 31 Mass.App.Ct. 77, 77 (1991); See also, *Trustees of the Green at Shrewsbury Condominium Trust v. Randev*, 04-MBAR-475, (Middlesex Superior Court, Lauriat, J.)(2004). Count I is insufficiently pled and Summary Judgment must enter in favor of Dad Construction.

Counts III, IV and VI of the Counterclaim allege breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment, respectively. These are contractual

1

causes of action that must be raised by a tenant during the life of the tenancy or they are waived. See generally, Mass.Gen.Laws ch. 186, § 14; *Berman & Sons, Inc. v. Jefferson*, 379 Mass. 196, 202 (Mass. 1979); See also, *Sullivan v. H.H. Gilbert Management Corp.*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997). The lease at issue in this case was fully executed by the parties and terminated on August 31, 2003. The Counterclaim alleging breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment was filed on ***December 17, 2004, over a year after the lease had terminated***. This is the ***first time*** these allegations were raised. Counts III, IV and VI are untimely and Summary Judgment must enter. Dad Construction's motion should be allowed.

Dad Construction refers this Honorable Court to the attached Memorandum of Law in further support of its motion.

Respectfully Submitted,
The Plaintiff/Defendant in Counterclaim
By its attorneys,

*/s/ James Marano (bd1)*
James V. Marano, Jr., BBO# 559722
James V. Marano, Jr., BBO# 652348
**KUSHNER & MARANO, P.C.**
450 Lexington Street, Suite 101
Newton, MA  02466
(617) 244-1744

Dated:  June 17, 2005

## CERTIFICATE OF SERVICE

I, James V. Marano, Jr., Esquire, hereby certify that on this 17th day of June, 2005, I have served a copy of the Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment by mailing a copy via first-class mail to the following:

Richard J. Bombardo, Esquire
Lovenberg & Associates
11 Beacon Street, Suite 625
Boston, MA  02108

*James Marano (bdl)*
James V. Marano, Jr., BBO# 559722