UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC.,  )
    Plaintiff  )
      )
vs.  )
      )
DEREK HEIMLICH, ANDREW LEVY  )
and ARLEIGH GOODWIN,  )
    Defendants  )

### THE PLAINTIFF/DEFENDANT IN COUNTERCLAIM, DAD CONSTRUCTION CO., INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON COUNTS I, III, IV AND VI OF THE COUNTERCLAIM

Now comes the Plaintiff/Defendant in Counterclaim, Dad Construction Co., Inc. (hereinafter "Dad Construction"), and hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 56(a), to enter Summary Judgment in its favor on Counts I (Fraud, Deceit and Misrepresentation), III (Breach of Warranty of Habitability), IV (Negligent Failure to Maintain Premises) and VI (Breach of the Covenant of Quiet Enjoyment) of the Defendants/Plaintiffs in Counterclaim's, (hereinafter "Defendants"), Counterclaim.

Dad Construction initiated the present lawsuit alleging, *inter alia*, that the Defendants caused in excess of one hundred and twenty thousand dollars, ($120,000.00), in damage to a multi-family home owned by Dad Construction. The Defendants filed a six Count Counterclaim and alleged, ***for the first time***, that the premises were uninhabitable and negligently maintained. The Defendants also alleged that Dad Construction somehow breached the covenant of quiet enjoyment. The Defendants are making these allegations after they resided in the subject premises ***for an entire year, the full duration of the lease period***. Counts I, III, IV and VI of the Defendants' Counterclaim should be dismissed as a matter of law.

In Count I of the Counterclaim, the Defendants have failed to allege that Dad Construction's false representations were made to induce the Defendants to act and that they did, in fact, act to their detriment based on said representations. In order to sustain a claim for fraud, misrepresentation, and/or deceit, the Defendants

1

must "allege [that] a false statement of a material fact [was] made to induce the [Defendants] to act, together with reliance on the false statement by the [Defendants] to the [Defendants'] detriment" *Ravosa v. Zais*, 40 Mass.App.Ct. 47, 52 (1996); quoting, *Zimmerman v. Kent*, 31 Mass.App.Ct. 77, 77 (1991); See also, *Trustees of the Green at Shrewsbury Condominium Trust v. Randev*, 04-MBAR-475, (Middlesex Superior Court, Lauriat, J.)(2004). Count I is insufficiently pled and Summary Judgment must enter in favor of Dad Construction.

Counts III, IV and VI of the Counterclaim allege breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment, respectively. These are contractual causes of action that must be raised by a tenant during the life of the tenancy or they are waived. See generally, Mass.Gen.Laws ch. 186, § 14; *Berman & Sons, Inc. v. Jefferson*, 379 Mass. 196, 202 (Mass. 1979); See also, *Sullivan v. H.H. Gilbert Management Corp.*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997). The lease at issue in this case was fully executed by the parties and terminated on August 31, 2003. The Counterclaim alleging breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment was filed on ***December 17, 2004, over a year after the lease had terminated***. This is the ***first time*** these allegations were raised. Counts III, IV and VI are untimely and Summary Judgment must enter. Dad Construction's motion should be allowed.

I.    **FACTUAL BACKGROUND**

Dad Construction is the owner of a multi-family dwelling located at 186 Naples Road in Brookline, Massachusetts. On or about August 30, 2002, the Defendants entered into a lease agreement with Dad Construction. Pursuant to the lease agreement, the Defendants were to live in the dwelling at 186 Naples Road for a period of one year, and were to pay Dad Construction $2,100 per month as rent. Under the lease, the Defendants were allowed to take possession of the dwelling on or about September 1, 2002. (See Standard Form Apartment Lease, dated August 26, 2002, and attached hereto as "**Exhibit A**").

The Defendants resided within the leased premises for one year, the full duration of the lease period. During the course of their tenancy, the Defendants caused substantial damage to the leased premises. At the

conclusion of the lease period, the Defendants vacated the premises. After they had vacated the premises, the Defendants demanded the return of the money they had provided to Dad Construction as security deposits. Dad Construction initially refused to refund the security deposits to the Defendants. Since that time, Dad Construction has offered to refund said security deposits in full settlement of this case but the Defendants have refused to accept them.

## II.  PROCEDURAL HISTORY

The Defendants filed suit in the small claims division of the Brookline District Court for the recovery of their security deposits. Arnold Friedfertig was incorrectly named as a Defendant in that action. A small claims trial was conducted and judgment was entered against Mr. Friedfertig. Mr. Friedfertig was not present at the small claims trial.

Subsequently, Dad Construction filed suit against the Defendants in the Norfolk Superior Court seeking remuneration for the damage caused to the premises at 186 Naples Road. The Defendants Answered Dad Construction's Complaint and also asserted several Counterclaims.[1] The Defendants subsequently removed the case to this Court. Since that time, the case has proceeded through the normal course of pre-trial discovery.

## III.  ARGUMENT

### A.  Summary Judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law

"Summary judgment is appropriate where there are no genuine issues of material fact, and when the record entitles the moving party to judgment as a matter of law." *Theran v. Rokoff*, 413 Mass. 590 (1992). "The moving party may satisfy its burden by establishing the absence of a triable issue. Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege ***specific facts*** establishing the existence of material fact." *Doe v. Liberty Mutual Ins. Co.*, 423 Mass. 366, 368 (1996); *Wheatley v. American Tel. & Tel. Co.*, 418 Mass. 394, 397 (1994); See generally, Mass.R.Civ.P. 56(e).

---

[1] The Defendants' Counterclaim is comprised of six Counts. Count II alleging unfair and deceptive practices and Count V alleging violation of the security deposit law will not be addressed in the instant motion.

3

(Emphasis added). "If the opposing party cannot demonstrate a genuine, triable issue, summary judgment will enter against him." *Davidson v. Commonwealth*, 8 Mass.App.Ct. 541, 551 (1979). Upon review of a motion for summary judgment the court is "obligated to search the record and independently determine whether or not a genuine issue of fact exists." *Higgins v. Baker*, 309 F.Supp. 635, 639 (D.C.N.Y. 1970); See also, *Jimminez Dreis & Krump Mfg. Co.*, 736 F.Supp. 51, 53 (2d Cir. 1984). Summary Judgment shall be entered where appropriate. See generally, Mass.R.Civ.P. 56 (e).

    **B.**     **The Defendants have failed to allege that Dad Construction made any false statements with the intention of making them take any action, or that they took any action, or suffered any detriment, as a result of any such false statements**

To properly plead a Count for fraud, the moving party must allege "(1) that the misrepresentation was as to a matter of fact, which may include a belief or an intention, made by the Defendant or his agent, (2) ***that it was made with the intention to induce another to act upon it***, (3) that it was made with knowledge of its untruth or was made of a fact susceptible of actual knowledge with recklessness as to its truth or falsehood, or was the utterance of a half truth which in effect is a lie, or was the failure to disclose known facts when there was a duty, original or supervening, to disclose, (4) ***that it was intended that it should be acted upon, as it was***, and (5) ***that damage directly resulted therefrom***." Richard W. Bishop, Prima Facie Case-Proof and Defense § 28.1, at 434 (1997 & Supp. 1999); See also, *Zimmerman v. Kent*, 31 Mass.App.Ct 72 (1991). (Emphasis added).

Put another way, "[t]o state a claim for fraud, misrepresentation, and/or deceit, the [moving party] must allege 'a false statement of a material fact made to induce the [moving party] to act, together with reliance on the false statement by the [moving party] to the [moving party's] detriment." *Trustee of the Green at Shrewsbury Condominium Trust*, 04-MBAR-475 (Middlesex Superior Court, Lauriat, J.)(2004); See also, *Equipment & Sys. for Indus., Inc.v. Northmeadows Constr. Co., Inc.*, 59 Mass.App.Ct. 931, 931-32 (2003)("at a minimum, a Plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation,…where and when it took place[,] the materiality of the misrepresentation,

4

its reliance thereon, and resulting harm"); *Schinkel v. Maxi-Holding, Inc.*, 30 Mass.App.Ct. 41, 48 (1991)(complaint alleged fraud with particularity where "allegations indicate[d] the statements made, the period in which they were made, their falsity and the Defendant's knowledge of their falsity, as well as the Plaintiff's detrimental reliance thereon"); Fed.R.Civ.P. 9(b)("[i]n all averments of fraud…the circumstances constituting the fraud…shall be stated with particularity").

In Count I of the Counterclaim, the Defendants alleged the following:

328. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should have known are false, including that the tenants have caused any damage to the premises and that the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the tenants.

329. The Defendant-in-counterclaim has brought this fraudulent action solely as a fraudulent defense to the claims and counterclaims asserted by the tenants in the District Court action.

330. As a result of the fraud of the Defendant-in-counterclaim, the Plaintiff-in-counterclaim suffered damages, included incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

(See the Defendants' Counterclaim, Count I, ¶s 328-330, attached hereto as "**Exhibit B**").

In essence, the Defendants are claiming that the allegations in Dad Construction's Complaint are incorrect and therefore support a Count for fraud. (See Exhibit **B**). This argument is without merit. Rather than assert a Count for fraud, the Defendants should have availed themselves of one of the appropriate remedies for challenging Dad Construction's allegations. For instance, the Defendants could have moved for Judgment on the Pleadings, filed a Motion to Dismiss or moved for Summary Judgment. Asserting a claim for fraud is procedurally improper.

Moreover, the Defendants' allegations are facially insufficient to sustain a Count for fraud. The Defendants have failed to allege that Dad Construction made any false statements of material fact with the intention of inducing the Defendants to act. Moreover, the Defendants failed to allege that they did, in fact, act in reliance on those representations to their detriment. See, *Trustee of the Green at Shrewsbury Condominium*

5

*Trust*, 04-MBAR-475 (Middlesex Superior Court, Lauriat, J.)(2004); *Equipment & Sys. for Indus., Inc.*, 59 Mass.App.Ct. at 931-32 (Mass.App.Ct. 2003); *Schinkel*, 30 Mass.App.Ct. at 48 (Mass.App.Ct. 1991).

The Defendants allegations are insufficient to sustain a Count for fraud, misrepresentation and/or deceit. Accordingly, Summary Judgment must enter in favor of Dad Construction on Count I of the Defendants' Counterclaim.

C. **Breach of the Warranty of Habitability, Negligent Failure to Maintain the Premises and Breach of the Covenant of Quiet Enjoyment are contractual causes of action that must be raised by the tenant during the life of the tenancy or they are waived**

"In a rental of any premises for dwelling purposes, under a written or oral lease, for a specified time or at will, there is implied a warranty that the premises are fit for human occupation." *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 199 (1973). "The lease that exists is essentially a ***contract*** between the landlord and the tenant, thus the claim for breach of warranty is ***contractually based***." *Hemingway*, 363 Mass. at 199 (1973). (Emphasis added). "The essential objective of the warranty is to make sure that the tenant receives what he is paying for." *Berman & Sons, Inc*, 379 Mass. at 202 (1979). "The intent of the legislature was to ensure that the tenant was protected." *Sullivan*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997). Where there is full performance by the parties to a contract, their obligations to each other under the contract are discharged. See generally, *Bressel v. Jolicoeur*, 34 Mass.App.Ct. 205 (Mass.App.Ct. 1992).

The lease in question was valid for a period of one year, from September 1, 2002 until August 31, 2003. (See Exhibit A). The Defendants occupied the subject premises for ***the entire period specified in the lease***. They paid rent to Dad Construction each month during the life of the tenancy. At the conclusion of the lease period, the Defendants vacated the subject premises and the lease terminated. At that point, both parties had fulfilled their obligations under the lease. Their contract was fully executed. Their obligations under the original contract were discharged.

A cause of action for breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment would have been timely if initiated during the life of the

6

Defendants' tenancy. The Defendants chose to advance these causes of action over a year after the lease had terminated, and only after Dad Construction brought suit to recover for the damages the Defendants caused to the subject premises. The Defendants asserted these Counts merely to retaliate against Dad Construction. Summary Judgment must enter in favor of Dad Construction as to Counts III, IV and VI.

## IV.  CONCLUSION

Dad Construction's motion for Summary Judgment should be allowed. In Count I of the Counterclaim, the Defendants have failed to allege that they relied, to their detriment, on any false statements made to them by Dad Construction. The Defendants have failed to sufficiently plead a Count for fraud, misrepresentation and/or deceit and Summary Judgment must enter against them.

The Counterclaim also includes Counts for breach of the warranty of habitability, negligent failure to maintain the premises and breach of the covenant of quiet enjoyment. These are contractual matters that need to asserted by the tenant during the life of the tenancy or they are waived. Counts III, IV and VI are untimely. Summary Judgment must enter against the defendants on Counts III, IV and VI as well.

WHEREFORE, the Plaintiff/Defendant in counterclaim, Dad Construction Co., Inc., hereby moves this Honorable Court to enter Summary Judgment in its favor as to Counts I, III, IV and VI of the Defendants/Plaintiffs in Counterclaim's Counterclaim and to grant whatever other relief this Court deems just and fair.

## REQUEST FOR ORAL ARGUMENT

Should this Court deem necessary, the Plaintiff/Defendant in Counterclaim, requests an oral argument on its Motion for Summary Judgment.

          Respectfully submitted,
          The Plaintiff/Defendant in Counterclaim,
          By its attorneys,

          */s/ James Marano*
          James V. Marano, Jr., BBO# 559722
          Brian D. Lajeunesse, BBO# 652348
          **KUSHNER & MARANO, P.C.**
          450 Lexington Street, Suite 101
          Newton, MA 02466
          Tel: (617) 244-1744

Dated: June 17, 2005

## CERTIFICATE OF SERVICE

    I, James V. Marano, Jr., Esquire, hereby certify that on this 17th day of June, 2005, I have served a copy of the Plaintiff/Defendant in Counterclaim's Memorandum of Law in Support of its Motion for Summary Judgment by mailing a copy via first-class mail to the following:

Richard J. Bombardo, Esquire
Lovenberg & Associates
11 Beacon Street, Suite 625
Boston, MA  02108

*/s/ James Marano*
James V. Marano, Jr., BBO# 559722
