COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

NORFOLK, ss                                        Civil Action No.: 04-01659-B

```
                                    )
DAD CONSTRUCTION CO., INC.,         )
             Plaintiff,             )
                                    )
v.                                  )
                                    )
ALAN E. HEIMLICH, PAUL LEVY, JULIA LEVY)
ARLEIGH B. GOODWIN, PETER BORNHOLDT, )
HELEN BORNHOLDT, PAUL CONSTANTINO,  )
FRANCES CONSTANTINO, IAN HEYWORTH   )
HILL, CATHLEEN COUNTRYMAN, DAVID A. )
FAGERLIE, DAVID L. FAGERLIE, RICHARD )
PETERSON, NATHANIEL ULRICH, RICHARD )
ULRICH, BRANDON COOK and ROBERT A.  )
COOK,                               )
             Defendants.            )
                                    )
```

### ANSWER AND COUNTERCLAIMS

NOW COMES Julia Levy, hereinafter referred to as the Defendant, through her

attorney Jennifer Bockstahler, and answers the Complaint ("Complaint") of Dad

Construction, Co., Inc., hereinafter referred to as the Plaintiff, paragraph by paragraph, as

follows:

1.   The Defendant presently lacks knowledge or information sufficient to form a belief
     as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.   The Defendant presently lacks knowledge or information sufficient to form a belief as
     to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.   The Defendant presently lacks knowledge or information sufficient to form a belief as
     to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

7. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

8. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth o f the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint

15. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint

16. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint

17. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint

18. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.

## FACTS

20. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint

23. The Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint

24. The Defendant admits the allegations contained in paragraph 24 of Plaintiff's Complaint

25. The Defendant admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. The Defendant admits the allegations contained in paragraph 26 of the Plaintiff's Complaint as far as it references the defendant, and presently lack knowledge or

information sufficient to form a belief as to the truth of the remainder of the

allegations contained in paragraph 26 of the plaintiff's complaint.

27. The Defendant admits the allegations contained in paragraph 27 of the Plaintiff's

Complaint.

28. The Defendant admits the allegations contained in paragraph 28 of the Plaintiff's

Complaint.

29. The Defendant admits the allegations contained in paragraph 29 of the Plaintiff's

Complaint.

30. The Defendant admits the allegations contained in paragraph 30 of the Plaintiff's

Complaint.

31. The Defendant admits the allegations contained in paragraph 31 of the Plaintiff's

Complaint.

32. The Defendant admits the allegations contained in paragraph 32 of the Plaintiff's

Complaint.

33. The Defendant admits the allegations contained in paragraph 33 of the Plaintiff's

Complaint.

34. The Defendant admits the allegations contained in paragraph 34 of the Plaintiff's

Complaint.

35. The Defendant denies the allegations contained in paragraph 35 of the Plaintiff's

Complaint.

36. The Defendant denies the allegations contained in paragraph 36 of the Plaintiff's

Complaint.

37. The Defendant denies the allegations contained in paragraph 37 of the Plaintiff's

Complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the Plaintiff's Complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. The Defendant denies the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. The Defendant admits the allegations contained in paragraph 43 of the Plaintiff's Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the Plaintiff's Complaint.

46. The Defendant denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

## COUNT I – BREACH OF CONTRACT

### Dad Construction vs. Peter Bornholdt

47. The Defendant repeats and reaffirms the responses contained in paragraphs 1-46 as if same were fully set forth herein.

48. Paragraph 48 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

49. Paragraph 49 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Paul Constantino

50. The Defendant repeats and reaffirms the responses contained in paragraphs 1-49 as if same were fully set forth herein.

51. Paragraph 51 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

52. Paragraph 52 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Ian Heyworth Hill

53. The Defendant repeats and reaffirms the responses contained in paragraphs 1-52 as same were fully set forth herein.

54. Paragraph 54 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

55. Paragraph 55 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. David A. Fagerlie

56. The Defendant repeat and reaffirm the responses contained in paragraphs 1-55 as same were fully set forth herein.

57. Paragraph 57 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

58. Paragraph 58 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction vs. Richard Peterson

59. The Defendant repeats and reaffirms the responses contained in paragraphs 1-58 as same were fully set forth herein.

60. Paragraph 60 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

61. Paragraph 61 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction vs. Nathaniel Ulrich

62. The Defendant repeats and reaffirms the responses contained in paragraphs 1-61 as same were fully set forth herein.

63. Paragraph 63 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

64. Paragraph 64 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction vs. Brandon Cook

65. The Defendant repeats and reaffirms the responses contained in paragraphs 1-64 as same were fully set forth herein.

66. Paragraph 66 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

67. Paragraph 67 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## COUNT II –WASTE/DESTRUCTION OF PROPERTY

### Dad Construction v. Peter Bornholdt

68. The Defendant repeats and reaffirms the responses contained in paragraphs 1-67 as
same were fully set forth herein.

69. Paragraph 69 of Plaintiff's Complaint does not pertain to the Defendant and therefore
no response is required.

70. Paragraph 70 of Plaintiff's Complaint does not pertain to the Defendant and therefore
no response is required.

### Dad Construction v. Paul Constantino

71. The Defendant repeats and reaffirms the responses contained in paragraphs 1-70 as
same were fully set forth herein.

72. Paragraph 72 of Plaintiff's Complaint does not pertain to the Defendants and
therefore no response is required.

73. Paragraph 73 of Plaintiff's Complaint does not pertain to the Defendants and
therefore no response is required.

### Dad Construction vs. Ian Heyworth Hill

74. The Defendant repeats and reaffirms the responses contained in paragraphs 1-73 as
same were fully set forth herein.

75. Paragraph 75 of Plaintiff's Complaint does not pertain to the Defendant and therefore
no response is required.

76. Paragraph 76 of Plaintiff's Complaint does not pertain to the Defendant and therefore
no response is required.

## Dad Construction vs. David A. Fagerlie

77. The Defendant repeats and reaffirms the responses contained in paragraphs 1-76 as same were fully set forth herein.

78. Paragraph 78 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

79. Paragraph 79 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Richard Peterson

80. The Defendant repeats and reaffirms the responses contained in paragraphs 1-79 as same were fully set forth herein.

81. Paragraph 81 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

82. Paragraph 82 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Nathaniel Ulrich

83. The Defendant repeats and reaffirms the responses contained in paragraphs 1-82 as same were fully set forth herein.

84. Paragraph 84 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

85. Paragraph 85 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Brandon Cook

86. The Defendant repeats and reaffirms the responses contained in paragraphs 1-85 as same were fully set forth herein.

87. Paragraph 87 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

88. Paragraph 88 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## COUNT III – NEGLIGENCE

### Dad Construction vs. Peter Bornholdt

89. The Defendant repeats and reaffirms the responses contained in paragraphs 1-88 as same were fully set forth herein.

90. Paragraph 90 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

91. Paragraph 91 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required. . .

92. Paragraph 92 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction vs. Paul Costantino

93. The Defendant repeats and reaffirms the responses contained in paragraphs 1-92 as same were fully set forth herein.

94. Paragraph 94 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

95. Paragraph 95 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

96. Paragraph 96 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Ian Heyworth Hill

97. The Defendant repeats and reaffirms the responses contained in paragraphs 1-96 as same were fully set forth herein.

98. Paragraph 98 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

99. Paragraph 99 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

100. Paragraph 100 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. David A. Fagerlie

101. The Defendant repeats and reaffirms the responses contained in paragraphs 1-100 as same were fully set forth herein.

102. Paragraph 102 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

103. Paragraph 103 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

104. Paragraph 104 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Richard Peterson

105. The Defendant repeats and reaffirms the responses contained in paragraphs 1-104 as same were fully set forth herein.

106. Paragraph 106 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

107. Paragraph 107 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

108. Paragraph 108 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Nathaniel Ulrich

109. The Defendant repeats and reaffirms the responses contained in paragraphs 1-108 as same were fully set forth herein.

110. Paragraph 110 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

111. Paragraph 111 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

112. Paragraph 112 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction vs. Brandon Cook

113. The Defendant repeats and reaffirms the responses contained in paragraphs 1-112 as same were fully set forth herein.

114. Paragraph 114 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

115. Paragraph 115 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

116. Paragraph 116 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## COUNT IV – BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

### Dad Construction v. Peter Bornholdt

117. The Defendant repeats and reaffirms the responses contained in paragraphs 1-116 as same were fully set forth herein.

118. Paragraph 122 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

119. Paragraph 122 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

120. Paragraph 122 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Paul Costantino

121. The Defendant repeats and reaffirm the responses contained in paragraphs 1-120 as same were fully set forth herein.

122. Paragraph 122 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

123. Paragraph 123 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

124. Paragraph 124 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Ian Heyworth Hill

125.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-124 as same were fully set forth herein.

126.   Paragraph 126 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

127.   Paragraph 127 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

128.   Paragraph 128 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. David A. Fagerlie

129.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-128 as same were fully set forth herein.

130.   Paragraph 130 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

131.   Paragraph 131 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

132.   Paragraph 132 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Richard Peterson

133.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-132 as same were fully set forth herein.

134.   Paragraph 134 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

135.   Paragraph 135 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

136.   Paragraph 136 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Nathaniel Ulrich

137.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-136 as same were fully set forth herein.

138.   Paragraph 138 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

139.   Paragraph 139 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

140.   Paragraph 140 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Brandon Cook

141.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-140 as same were fully set forth herein.

142.   Paragraph 142 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

143.   Paragraph 143 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

144.   Paragraph 144 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## COUNT V – GUARANTOR LIABILITY

### Dad Construction v. Alan E. Heimlich

145.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-144 as same were fully set forth herein.

146.    Paragraph 146 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

147.    Paragraph 147 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

148.    Paragraph 148 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Paul Levy and Julia Levy

149.    · The Defendant, Julia Levy, repeats and reaffirms the responses contained in paragraphs 1-148 as if same were fully set forth herein.

150.    Paragraph 150 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia Levy, denies the allegations relative to her which are contained in paragraph 150 of Plaintiff's Complaint.

151.    Paragraph 151 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia Levy, denies the allegations relative to her which are contained in paragraph 151 of Plaintiff's Complaint.

152.    Paragraph 151 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia

Levy, denies the allegations relative to her which are contained in paragraph 151 of
Plaintiff's Complaint.

## Dad Construction v. Arleigh B. Goodwin

153.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-152
as if same were fully set forth herein.

154.    Paragraph 154 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

155.    Paragraph 155 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

156.    Paragraph 156 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

## Dad Construction v. Helen Bornholdt

157.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-156
as if same were fully set forth herein.

158.    Paragraph 158 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

159.    Paragraph 159 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

160.    Paragraph 160 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

## Dad Construction v. Frances Costantino

161.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-160
as if same were fully set forth herein.

162.    Paragraph 162 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

163.    Paragraph 163 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

164.    Paragraph 164 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

### Dad Construction v. Cathleen Countryman

165.    The Defendant repeat and reaffirm the responses contained in paragraphs 1-164 as
if same were fully set forth herein.

166.    Paragraph 166 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

167.    Paragraph 167 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

168.    Paragraph 168 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

### Dad Construction v. David L. Fagerlie

169.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-168
as if same were fully set forth herein.

170.    Paragraph 170 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

171.    Paragraph 171 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

172.    Paragraph 172 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

## Dad Construction v. Linda Peterson

173.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-172 as if same were fully set forth herein.

174.   Paragraph 174 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

175.   Paragraph 175 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

176.   Paragraph 176 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction v. Richard Ulrich

177.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-176 as if same were fully set forth herein.

178.   Paragraph 178 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

179.   Paragraph 179 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

180.   Paragraph 180 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required

## Dad Construction v. Robert A. Cook

181.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-180 as if same were fully set forth herein.

182.   Paragraph 182 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

183.    Paragraph 183 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

184.    Paragraph 184 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### COUNT VI – PROMISSORY ESTOPPEL

#### Dad Construction v. Peter Bornholdt

185.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-184 as if same were fully set forth herein.

186.    Paragraph 186 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required

187.    Paragraph 187 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

188.    Paragraph 188 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

189.    Paragraph 189 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

190.    Paragraph 190 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

#### Dad Construction v. Paul Costantino

191.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-190 as if same were fully set forth herein.

192.    Paragraph 192 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

193.    Paragraph 193 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

194.    Paragraph 194 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

195.    Paragraph 195 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

196.    Paragraph 196 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Ian Heyworth Hill

197.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-196 as if same were fully set forth herein.

198.    Paragraph 198 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

199.    Paragraph 199 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

200.    Paragraph 200 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

201.    Paragraph 201 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

202.    Paragraph 202 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. David A. Fagerlie

203.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-202 as if same were fully set forth herein.

204.    Paragraph 204 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

205.    Paragraph 205 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

206.    Paragraph 206 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

207.    Paragraph 207 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

208.    Paragraph 208 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Richard Peterson

209.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-208 as if same were fully set forth herein.

210.    Paragraph 210 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

211.    Paragraph 211 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

212.    Paragraph 212 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

213.    Paragraph 213 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

214.    Paragraph 214 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction v. Nathaniel Ulrich

215.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-214 as if same were fully set forth herein.

216.   Paragraph 216 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

217.   Paragraph 217 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

218.   Paragraph 218 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

219.   Paragraph 219 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

220.   Paragraph 220 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction v. Brandon Cook

221.   The Defendant repeats and reaffirms the responses contained in paragraphs 1-220 as if same were fully set forth herein.

222.   Paragraph 222 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

223.   Paragraph 223 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

224.   Paragraph 224 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

225.   Paragraph 225 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

226.    Paragraph 226 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

### Dad Construction v. Alan E. Heimlich

227.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-226
as if same were fully set forth herein.

228.    Paragraph 228 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

229.    Paragraph 229 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

230.    Paragraph 230 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

231.    Paragraph 231 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

232.    Paragraph 232 of Plaintiff's Complaint does not pertain to the Defendant and
therefore no response is required.

### Dad Construction v. Paul Levy and Julia Levy

233.    The Defendant, Julia Levy, repeats and reaffirms the responses contained in
paragraphs 1-232 as if same were fully set forth herein.

234.    Paragraph 234 of Plaintiff's Complaint relative to Paul Levy, does not pertain to
the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia
Levy, denies the allegations relative to her which are contained in paragraph 234 of
Plaintiff's Complaint.

235.    Paragraph 235 of Plaintiff's Complaint relative to Paul Levy, does not pertain to
the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia

Levy, denies the allegations relative to her which are contained in paragraph 235 of Plaintiff's Complaint.

236.    Paragraph 236 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia Levy, denies the allegations relative to her which are contained in paragraph 236 of Plaintiff's Complaint.

237.    Paragraph 237 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia Levy, denies the allegations relative to her which are contained in paragraph 237 of Plaintiff's Complaint.

238.    Paragraph 238 of Plaintiff's Complaint relative to Paul Levy, does not pertain to the Defendant, Julia Levy, and therefore no response is required. The Defendant, Julia Levy, denies the allegations relative to her which are contained in paragraph 238 of Plaintiff's Complaint.

## Dad Construction v. Arleigh B. Goodwin

239.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-238 as if same were fully set forth herein.

240.    Paragraph 240 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

241.    Paragraph 241 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

242.    Paragraph 242 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

243. Paragraph 243 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

244. Paragraph 244 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Helen Bornholdt

245. The Defendant repeats and reaffirms the responses contained in paragraphs 1-244 as if same were fully set forth herein.

246. Paragraph 246 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

247. Paragraph 247 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

248. Paragraph 248 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

249. Paragraph 249 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

250. Paragraph 250 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Frances Costantino

251. The Defendant repeats and reaffirms the responses contained in paragraphs 1-250 as if same were fully set forth herein.

252. Paragraph 252 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

253. Paragraph 253 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

254.    Paragraph 254 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

255.    Paragraph 255 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

256.    Paragraph 256 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction v. Cathleen Countryman

257.    The Defendant repeats and reaffirms the responses contained in paragraphs 1-256 as if same were fully set forth herein.

258.    Paragraph 258 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

259.    Paragraph 259 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

260.    Paragraph 260 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

261.    Paragraph 261 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

262.    Paragraph 262 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## Dad Construction v. David L. Fagerlie

263.    The Defendant repeat and reaffirm the responses contained in paragraphs 1-262 as if same were fully set forth herein.

264.    Paragraph 264 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

265.  Paragraph 265 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

266.  Paragraph 266 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

267.  Paragraph 267 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

268.  Paragraph 268 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

270.  Paragraph 270 of Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required (there is no paragraph 269 in Plaintiff's Complaint).

### Dad Construction v. Linda Peterson

271. The Defendant repeats and reaffirms the responses contained in paragraphs 1-270 as if same were fully set forth herein.

272.  Paragraph 272 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

273.  Paragraph 273 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

274.  Paragraph 274 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

275. Paragraph 275 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

276.  Paragraph 276 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Richard Ulrich

277. The Defendant repeats and reaffirms the responses contained in paragraphs 1-276 as if same were fully set forth herein.

278. Paragraph 278 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

279. Paragraph 279 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

280. Paragraph 280 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

281. Paragraph 281 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

282. Paragraph 282 of the Plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

### Dad Construction v. Robert A. Cook

283. The Defendant repeats and reaffirms the responses contained in paragraphs 1-282 as if same were fully set forth herein.

284. Paragraph 284 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

285. Paragraph 285 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

286. Paragraph 286 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

287. Paragraph 287 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

288. Paragraph 288 of plaintiff's Complaint does not pertain to the Defendant and therefore no response is required.

## FIRST AFFIRMATIVE DEFENSE

289. This court lacks personal jurisdiction over the Defendant.

## SECOND AFFIRMATIVE DEFENSE

290. The Plaintiff, if damaged, was required to mitigate its damages, but failed to do so.

## THIRD AFFIRMATIVE DEFENSE

291. If the Plaintiff had any claim against the Defendant, that claim has been waived by the actions or inactions of the Plaintiff, its agents, servants and/or representatives.

## FOURTH AFFIRMATIVE DEFENSE

292. The Plaintiff has unclean hands and as such, is barred from recovering any damages from the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

293. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

294. There is an action pending in the United States District Court, District of Massachusetts, that involves the same transaction or occurrence and names the Tenant for which the Defendant gave a guaranty, thus, this action should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

295. The Plaintiff by its conduct and actions and/or the conduct and actions of its agents is barred from pursuing any and all rights and claims it may have had.

## EIGHTH AFFIRMATIVE DEFENSE

296. The Plaintiff violated the security deposit law and other statutes causing severe

damages to the Defendant. The Defendant is entitled to a set-off of all damages

she incurred against any damages that the Plaintiff may have sustained.

## NINTH AFFIRMATIVE DEFENSE

297. The Plaintiff has committed fraud against the Defendant and upon the Court and as

a result, is barred from any recovery against the Defendant and is liable for the

defendant's reasonable attorney's fees.

## TENTH AFFIRMATIVE DEFENSE

298. The Plaintiff failed to maintain the premises in a sanitary and legal manner and as

such, the Defendant is entitled to set-off the difference in value between that which

was let and the fair market rental value of the premises in the condition so let and

any damages that she suffered as a result of the Plaintiff's failure to maintain the

premises. The Plaintiff is also liable for the defendant's reasonable attorney's fees

as a result.

## ELEVENTH AFFIRMATIVE DEFENSE

299. If the Plaintiff sustained damages as alleged in the Complaint, such damages were

caused by one or more third parties over whom the Defendant did not have

direction or control and for whom the Defendant is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

300. The Plaintiff violated the covenant of quiet enjoyment and therefore the Defendant

is entitled to a set-off for such violation against any damages the Plaintiff may have

sustained and the Plaintiff is also liable for the Defendant's reasonable attorney's

fees as a result of such violation(s).

## THIRTEENTH AFFIRMATIVE DEFENSE

301. The Plaintiff violated the covenant of good faith and fair dealing which is implied

in all leases in the Commonwealth and therefore, the Plaintiff is barred from any

recovery herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

302. The Plaintiff has failed to join an indispensable party, and therefore, pursuant to

Rule 19 of the Massachusetts Rules of Civil Procedure, the Complaint must be

dismissed.

## COUNTERCLAIMS

303. Plaintiff-in-counterclaim Julia Levy, is an individual residing at 4 Jan's Court,

Monroe, Connecticut, 06468.

304. Dad Construction Co., Inc. is, upon information and belief, a Massachusetts

corporation with its principal place of business at 1714 Beacon Street, Brookline,

MA 02445.

## FACTS

305. Julia Levy gave a guaranty for her son, Andrew Levy (hereinafter referred to as

Tenant), who was a tenant at a property owned by Dad Construction Co., Inc.,

located at 186 Naples Road, Brookline, MA, from approximately September 1,

2002 until August 31, 2003.

306. The Tenant did not cause any damage to the property of Dad Construction Co.,

Inc.

307. The Tenant did not improperly store any item or trash on the premises.

308. The Tenant did not engage in or cause any loud or offensive party to occur at the

premises.

309. The Tenant paid Dad Construction Co., Inc. a security deposit as required by his lease.

310. Dad Construction Co., Inc. did not deposit the security deposits in an escrow account as required by Massachusetts General Laws Chapter 186 Section 15B.

311. Dad Construction Co., Inc. did not comply with other provisions of said statute relating to security deposits, including that a statement of condition must be given at the time of letting, and notice of the account in which the security deposit was deposited.

312. Dad Construction Co., Inc. failed to return any portion of the security deposit to the tenant at any time since the tenancy ended.

313. Dad Construction Co., Inc. never sent the tenant or the Plaintiff-in-counterclaim notice within 30 days of why the security deposit was not being returned.

314. Dad Construction Co., Inc. was required to inspect the premises prior to taking possession of the premises for any damage that it was going to assert against the tenant, but did not ever do so.

315. In the original action filed by Dad Construction Co., Inc. against Derek Heimlich, the Tenant and Arleigh Goodwin, it also asserted that it had notice of problems with the tenants for some time, that the police were called to the premises numerous times, and that it was cited criminally by the town of Brookline for improperly storing trash and other violations of the sanitary code throughout the course of the tenancies.

316. Dad Construction, Co., Inc. did not seek any damages from the Plaintiff-in-counterclaim prior to Derek Heimlich, the Tenant and Arleigh Goodwin initiating lawsuits for security deposit violations.

317. Despite such allegations, Dad Construction Co., Inc. never once notified the Plaintiff-in-counterclaim that any such damage or charges were being attributed to her

318. Despite the Tenant having additional roommates whom were listed on his lease, Dad Construction, Co., Inc. deliberately chose to sue only those tenants which sued it.

319. Without an investigation, which Dad Construction Co., Inc. never performed, there was no way for Dad Construction Co., Inc. to determine who had caused any alleged damage and thus had no basis to sue only those tenants which sued it first. It deliberately singled out the tenants who sued it for the purpose of intimidating them from pursuing their suits.

320. The Tenant did not cause any damage to the premises and the Plaintiff-in-counterclaim believes that any repairs made to the property were either the result of Dad Construction Co., Inc.'s failure to maintain the premises in accord with the sanitary and building code or were improvements that it always intended to make and now asserts as a false basis of damages in a fraudulent scheme originally intended to intimidate the tenants from pursuing their claims against it.

321. Dad Construction Co., Inc. never provided any receipts or proof to the Tenant or the Plaintiff-in-counterclaim of repairs it alleges were made as a result of damage caused by the Tenant or any other loss or damage now claimed prior to Derek Heimlich, the Tenant and Arleigh Goodwin asserting counterclaims fro fraud against Dad Construction Co., Inc. District Court action.

322. Dad Construction Co., Inc. has used the legal system as a means to deny the tenants their right to petition a judicial body for redress of their grievances in violation of state and federal statutes.

323. Arnold M. Freidfertig is the sole corporate officer and shareholder of Dad Construction Co., Inc.

324. In operating Dad Construction Co., Inc., Mr. Freidfertig has failed to follow corporate formalities, has commingled his personal funds with that of the corporation, and has failed to always hold out Dad Construction Co., Inc. as the entity which owned and managed the property located at 186 Naples Road, Brookline, MA.

325. Arnold M. Freidferitg has used Dad Construction Co., Inc. as a mechanism to commit fraud and shield himself from personal liability for fraudulent and/or criminal conduct.

326. Dad Construction Co., Inc. has filed the instant action against the Plaintiff-in-counterclaim in bad faith and solely as a fraudulent defense to the claims and counterclaims asserted by the tenants in the United States District Court action.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION
## DAD CONSTRUCTION CO., INC.

327. The Plaintiff-in-counterclaim repeats and realleges the allegations contained in paragraphs 1 through 326 as if same were fully set forth herein.

328. The Defendant-in-counterclaim has made representations in Plaintiff's Complaint which the Defendant-in-counterclaim knows or reasonably should have known are false, including that the tenants have caused any damage to the premises and that

the Defendant-in-counterclaim was criminally charged as a result of any action or inaction of any of the tenants.

329. The Defendant-in-counterclaim has brought this fraudulent action solely as a fraudulent defense to the claims and counterclaims asserted by the tenants in the District Court action.

330. As a result of the fraud of the Defendant-in-counterclaim, the Plaintiff-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES
## DAD CONSTRUCTION CO., INC.

331. The Plaintiff-in-counterclaim repeats and realleges the allegations contained in paragraphs 1 through 330 as if same were fully set forth herein.

332. The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the Tenant's tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

a. Requiring a security deposit from the Tenant, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the Tenant a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

b. Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

c.  Breach of the warranty of habitability including multiple violations of the
building and sanitary code;

d.  Failing to inform the Tenant and Plaintiff-in-counterclaim about fire insurance in
violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec.
21.

e.  Bringing fraudulent claims against the Plaintiff-in-counterclaim in the instant
action;

f.  Engaging in conduct which was reasonably foreseeable to result in the infliction
of extreme emotional distress to the Plaintiff-in-counterclaim.

333. All of the Defendant-in-counterclaim's unfair and deceptive practices were willful
and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiff-in-
counterclaim is entitled to three times, but not less than two times, all damages
awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable
attorney's fees.

## COUNT III – BREACH OF WARRANTY OF HABITABILITY DAD CONSTRUCTION CO., INC.

334. The Plaintiff-in-counterclaim repeats and realleges the allegations contained in
paragraphs 1 through 333 as if same were fully set forth herein.

335. The Defendant-in-counterclaim expressly or impliedly warranted to provide and
keep the premises in good repair, in compliance with all applicable laws and
regulations, and in all other respects fit for habitation.

336. The Defendant-in-counterclaim breached said warranty allowing the following
conditions to exist in the premises:

a.  mold in the apartment;

     c.  trash and refuse all about the premises;

     d.  failing to deliver the premises in clean and sanitary condition;

     e.  exposed electrical wires;

     f.  the carpet was in poor condition and had a profuse odor emanating from it

       so that it had to be removed; and

     g.  inadequate and improperly working furnace.

341. As a result of the Defendant-in-counterclaim's negligent failure to maintain the

     premises, the Plaintiff-in-counterclaim has suffered damages, including incidental

     and consequential damages which proof at time of trial will reveal.

## COUNT V- VIOLATION OF SECURITY DEPOSIT LAW
## DAD CONSTRUCTION CO., INC.

342. The Plaintiff-in-Counterclaim repeats and realleges the allegations contained in

     paragraphs 1 through 341 as if same were fully set forth herein.

343. The Tenant was required to pay a security deposit to Dad Construction Co., Inc. as

     a condition of his tenancy.

344. Dad Construction Co., Inc. failed to comply with Massachusetts General Laws,

     Ch. 186, Sec. 15B, including failing to escrow the security deposits in a trust

     account, failing to give a statement of condition to the Tenant at the time of letting,

     failing to return the security deposit within 30 days of the termination of the

     tenancy or giving the Tenant notice in writing of the reason why their security

     deposits were not returned, and other violations of the law.

345. As a result of Dad Construction Co., Inc.'s breach of the security deposit law, the

     Plaintiff-in-counterclaim suffered damages.

346. The Plaintiff-in-counterclaim are therefore entitled to three times the value of the
security deposit, plus interest and attorney's fees.

## COUNT VI – BREACH OF THE COVENANT OF QUIET ENJOYMENT
## DAD CONSTRUCTION CO., INC.

347. The Plaintiff-in-counterclaim repeats and realleges the allegations contained in
paragraphs 1 through 346 as if same were fully set forth herein.

348. There was implied in the Tenant's lease a covenant of quiet enjoyment of the
premises by the Defendant-in-counterclaim.

349. The Defendant-in-counterclaim failed to maintain the premises in compliance with
applicable laws and regulations as set forth above.

350. The Defendant-in-counterclaim's failure to maintain the premises in compliance
with applicable laws and regulations constituted a breach of the covenant of quiet
enjoyment.

351. As a result of the Defendant-in-counterclaim's breach of the covenant of quiet
enjoyment, the Plaintiff-in-counterclaim is entitled to the greater of her actual
damages or three times the Tenant's rent plus reasonable attorney's fees.

WHEREFORE, the Defendant and Plaintiff-in-counterclaim respectfully pray that
this Honorable Court:

1. Dismiss the Plaintiff's Complaint in its entirety;

2. Enter judgment in favor of Plaintiff-in-counterclaim on all counts alleged in
Plaintiff's Complaint;

3. Enter judgment in favor of Plaintiff-in-counterclaim on all Counterclaims;

4. Award the Plaintiff-in-counterclaim damages on each Counterclaim in accordance
with the damages proven at trial, including interest and double or treble damages;

5. Award the Defendant and Plaintiff-in-counterclaim her reasonable attorney's fees

   incurred in the instant action.

6. Grant such other and further relief as the Court deems just and proper.

**THE DEFENDANT AND PLAINTIFF-IN-COUNTERCLAIM DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:  December 17, 2004

Respectfully Submitted,
JULIA LEVY
By her attorney,

Jennifer Bockstahler, Esq.
11 Beacon Street, Suite 625
Boston, MA  02108
(617) 973-9948
B.B.O. # 655155


### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendant's Answer and Counterclaims to be served upon Plaintiff through its counsel, James V. Marano, Esq., Kushner & Marano, P.C., 1231 Washington Street, Suite Two, Newton, MA 02465 this 17th day of December, 2004 by mailing same first-class.

Jennifer Bockstahler