UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC.,      )
            Plaintiff            )
                                 )
vs.                              )
                                 )
DEREK HEIMLICH, ANDREW LEVY      )
and ARLEIGH GOODWIN,             )
            Defendants           )

## CONCISE STATEMENT OF MATERIAL FACTS AND SUPPORTING AUTHORITIES

Now comes the Plaintiff/Defendant in Counterclaim, Dad Construction Co., Inc. (hereinafter "Dad Construction"), and respectfully submits this concise statement of material facts and supporting authorities pursuant to Fed.R.Civ.P. 10(b)(1) and 56.1 in conjunction with its Motion for Summary Judgment.

## CONCISE STATEMENT OF MATERIAL FACTS

1.    Dad Construction is the owner of a multi-family dwelling located at 186 Naples Road in Brookline, Massachusetts.

2.    On or about August 30, 2002, the Defendants/Plaintiffs' in Counterclaim, (hereinafter "The Defendants"), entered into a lease agreement with Dad Construction.

3.    Pursuant to the lease agreement, the Defendants were to live in the dwelling at 186 Naples Road for a period of one year, and were to pay Dad Construction $2,100 per month as rent. Under the lease, the Defendants were allowed to take possession of the dwelling on or about September 1, 2002. (See Standard Form Apartment Lease, dated August 26, 2002, and attached to the Motion for Summary Judgment as "**Exhibit A**").

4.    The Defendants resided within the leased premises for one year, the full duration of the lease period. During the course of their tenancy, the Defendants caused substantial damage to the leased premises. At the conclusion of the lease period, the Defendants vacated the premises.

1

5.    After they had vacated the premises, the Defendants demanded the return of the money they had provided to Dad Construction as security deposits. Dad Construction initially refused to refund the security deposits to the Defendants based on the extensive damage the Defendants caused to the premises.

6.    The Defendants filed suit in the small claims division of the Brookline District Court for the recovery of their security deposits. Arnold Friedfertig was incorrectly named as a Defendant in that action. A small claims trial was conducted and judgment was entered against Mr. Friedfertig. Mr. Friedfertig was not present at the small claims trial.

7.    Subsequently, Dad Construction filed suit against the Defendants in the Norfolk Superior Court seeking remuneration for the damage caused to the premises at 186 Naples Road. The Defendants Answered Dad Construction's Complaint and also asserted several Counterclaims. Said Counters included, for the first time, allegations that the premises were uninhabitable and negligently maintained. The Counterclaim also alleged that Dad Construction had breached the covenant of quiet enjoyment.

8.    The Defendants subsequently removed the case to this Court. Since that time, the case has proceeded through the normal course of pre-trial discovery.

## SUPPORTING AUTHORITY

1.    "Summary judgment is appropriate where there are no genuine issues of material fact, and when the record entitles the moving party to judgment as a matter of law." *Theran v. Rokoff*, 413 Mass. 590 (1992).

2.    "The moving party may satisfy its burden by establishing the absence of a triable issue. Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege ***specific facts*** establishing the existence of material fact." *Doe v. Liberty Mutual Ins. Co.*, 423 Mass. 366, 368 (1996); *Wheatley v. American Tel. & Tel. Co.*, 418 Mass. 394, 397 (1994); See generally, Mass.R.Civ.P. 56(e). (Emphasis added). "If the opposing party cannot demonstrate a

2

genuine, triable issue, summary judgment will enter against him." *Davidson v. Commonwealth*, 8 Mass.App.Ct. 541, 551 (1979).

3.   Upon review of a motion for summary judgment the court is "obligated to search the record and independently determine whether or not a genuine issue of fact exists." *Higgins v. Baker*, 309 F.Supp. 635, 639 (D.C.N.Y. 1970); See also, *Jimminez Dreis & Krump Mfg. Co.*, 736 F.Supp. 51, 53 (2d Cir. 1984).  Summary Judgment shall be entered where appropriate. See generally, Mass.R.Civ.P. 56 (e).

4.   To properly plead a Count for fraud, the moving party must allege "(1) that the misrepresentation was as to a matter of fact, which may include a belief or an intention, made by the Defendant or his agent, (2) *that it was made with the intention to induce another to act upon it*, (3) that it was made with knowledge of its untruth or was made of a fact susceptible of actual knowledge with recklessness as to its truth or falsehood, or was the utterance of a half truth which in effect is a lie, or was the failure to disclose known facts when there was a duty, original or supervening, to disclose, (4) *that it was intended that it should be acted upon, as it was*, and (5) *that damage directly resulted therefrom*." Richard W. Bishop, Prima Facie Case-Proof and Defense § 28.1, at 434 (1997 & Supp. 1999); See also, *Zimmerman v. Kent*, 31 Mass.App.Ct 72 (1991). (Emphasis added).

5.   Put another way, "[t]o state a claim for fraud, misrepresentation, and/or deceit, the [moving party] must allege 'a false statement of a material fact made to induce the [moving party] to act, together with reliance on the false statement by the [moving party] to the [moving party's] detriment." *Trustee of the Green at Shrewsbury Condominium Trust*, 04-MBAR-475 (Middlesex Superior Court, Lauriat, J.)(2004); See also, *Equipment & Sys. for Indus., Inc.v. Northmeadows Constr. Co., Inc.*, 59 Mass.App.Ct. 931, 931-32 (2003)("at a minimum, a Plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation,…where and when it took place[,] the materiality of the misrepresentation, its reliance thereon, and resulting harm"); *Schinkel v. Maxi-Holding, Inc.*, 30 Mass.App.Ct. 41, 48 (1991)(complaint alleged fraud with

3

particularity where "allegations indicate[d] the statements made, the period in which they were made, their falsity and the Defendant's knowledge of their falsity, as well as the Plaintiff's detrimental reliance thereon"); Fed.R.Civ.P. 9(b)("[i]n all averments of fraud...the circumstances constituting the fraud...shall be stated with particularity").

6.    "In a rental of any premises for dwelling purposes, under a written or oral lease, for a specified time or at will, there is implied a warranty that the premises are fit for human occupation." *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 199 (1973).

7.    "The lease that exists is essentially a ***contract*** between the landlord and the tenant, thus the claim for breach of warranty is ***contractually based*.**" *Hemingway*, 363 Mass. at 199 (1973). (Emphasis added). "The essential objective of the warranty is to make sure that the tenant receives what he is paying for." *Berman & Sons, Inc*, 379 Mass. at 202 (1979). "The intent of the legislature was to ensure that the tenant was protected." *Sullivan*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997).

8.    Where there is full performance by the parties to a contract, their obligations to each other under the contract are discharged. See generally, *Bressel v. Jolicoeur*, 34 Mass.App.Ct. 205 (Mass.App.Ct. 1992).

Respectfully submitted,
The Plaintiff/Defendant in Counterclaim
By its attorneys,

James Marano (bdl)

James V. Marano, Jr., BBO# 559722
Brian D. Lajeunesse, BBO# 652348
**KUSHNER & MARANO, P.C.**
450 Lexington Street, Suite 101
Newton, MA 02466
Tel: (617) 244-1744

Dated: June 17, 2005

4

## CERTIFICATE OF SERVICE

I, James V. Marano, Jr., Esquire, hereby certify that on this 17th day of June, 2005, I have served a copy of the Plaintiff/Defendant in Counterclaim's Concise Statement of Material Facts and Supporting Authorities by mailing a copy via first-class mail to the following:

Richard J. Bombardo, Esquire
Lovenberg & Associates
11 Beacon Street, Suite 625
Boston, MA 02108


James Marano (bdl)
James V. Marano, Jr., BBO# 559722