UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10804 JLT

|  |  |
|---|---|
| DAD CONSTRUCTION CO., INC., <br>         Plaintiff, <br><br> v. <br><br> DEREK HEIMLICH, ANDREW LEVY and, <br> ARLEIGH GOODWIN, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF, DEFENDANT IN COUNTERCLAIM'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I, III, IV AND VI OF THE COUNTERCLAIM

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the defendants, through their attorney Richard J. Bombardo, and hereby oppose the Plaintiff/Defendant in Counterclaims Motion for Summary Judgment on Counts I, III, IV and VI because there exists a genuine issue of material fact on each claim and as a matter of law, summary judgment cannot be granted. For Counterclaim Counts III, IV and VI, the plaintiff has wholly misstated the law and it is clear that the claims made in its' Motion are without merit.

In ruling on a motion for summary judgment, the court must look at the facts in the light most favorable to the non-moving party. *Brosseau v. Haugen*, No.03-1261 (fn. 2) (U.S. 2004); citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Count I of the counterclaims asserts Fraud, Deceit and Misrepresentation. The defendants agree with the plaintiff's statement of the law regarding claims for fraud and

case citations. However, this case is very unusual and the defendants do assert that the plaintiff's entire case is fraudulent. The defendants have thoroughly researched the law and now agree that the claim as plead is insufficient. Rather, if the defendants prove at trial that the plaintiff's Complaint was fraudulent or frivolous, then the proper course would be for the defendants to seek sanctions after judgment.

The defendants do nevertheless assert that the plaintiff committed substantial fraud in the inducement of the leases which are the subject of this action. These allegations are specifically set forth in the Defendants' Motion to Amend Answer and Counterclaims filed concurrently with their opposition to the Motion for Summary Judgment.

Every contract in Massachusetts contains the covenant of good faith and fair dealing. *Ayash v. Dana-Farber*, 443 Mass. 367, 385 (2005). The plaintiff breached the covenant and committed fraud by making material representations that it knew it was not going to comply with, including complying with the requirements for security deposits, the warranty of habitability and the covenant of quiet enjoyment. A 'material misrepresentation' is one which would naturally influence the judgment of the party in making the contract at all. *See Guerrier v. Commerce Ins. Co.*, 2004 Mass.App.Div. 10, 12 (B.M.C. 2005). These misrepresentations were material because they go to the very essence of the contract and specifically the landlord's obligations. These misrepresentations were made for the specific purpose of inducing the defendants to enter into written leases with the plaintiff to rent residential apartments. The defendants reasonably relied on these misrepresentations to their detriment, including suffering deplorable living conditions, having their right to quiet enjoyment interfered with, never

receiving their security deposits back, and enduring violations of Chapter 93A of the *General Laws* of Massahcusetts.

The plaintiff's argument in its' Motion seeking summary judgment on Counts III (Breach of the Warranty of Habitability), IV (Negligent Failure to Maintain Premises) and VI (Breach of the Covenant of Quite Enjoyment), are all based on the fallacious argument that these claims cannot survive the end of the tenancy. The plaintiff cites G.L. Ch. 186 Sec. 14; *Berman & Sons, Inc. v. Jefferson*, 379 Mass. 196, 202 (Mass. 1979); *Sullivan v. H.H. Gilbert Management Corp.*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997) and *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 199 (1973) as its sole and specific authority for this argument. This argument is wholly meritless and borders on frivolity. Neither the statute nor any of the cases cited by plaintiff even discuss this issue, not even in dicta or a footnote. In fact, the statute merely sets out civil claims for "wrongful acts of lessor." It is silent on the issue of termination of the claim, and not a single annotated case holds that these claims die at the termination of the tenancy. Likewise, the cases cited by plaintiff present issues for appellate review that have nothing to do with the argument set forth by the plaintiff, as explained more fully in the Defendants' Memorandum of Law. Not a single issue for review in the cases cited even raises the question of when these claims of a tenant expire, little alone discuss that issue in any way whatsoever. The only case correctly cited by plaintiff merely holds that a tenancy is a contractual relationship. *Hemingway*, 363 Mass. at 199. There is no mention whatsoever in *Hemingway* or any other authority cited by the plaintiff that supports its argument or interpretation of the cases it cites.

The defendants have correctly asserted their claims in Counts III, IV and VI and the plaintiff has failed to cite any authority that supports its' contention that these claim die at the conclusion of the tenancy proper. As such, plaintiff's Motion for Summary Judgment must be denied in its entirety.

### REQUEST FOR ORAL ARGUMENT

The defendants believe that oral argument will assist the court with its determination of the instant motion and therefore request that oral argument be granted on Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment pursuant to Local Rule 7.1(D).

WHEREFORE, the defendants respectfully request this Honorable Court grant the requested relief for the reasons set forth above and such other and further relief as the Court may deem just and proper.

Dated: July 1, 2005

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

_____
Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 973-9950
B.B.O. # 633161

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a true copy of the Defendants' Opposition to Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment, with request for oral argument, to be served upon plaintiff's counsel of record this 1st day of July 2005 by mailing same first-class to: James V. Marano, Jr., Kushner & Marano, P.C., 1231 Washington Street, Newton, MA  02465.

_____
Richard J. Bombardo