UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10804 JLT

DAD CONSTRUCTION CO., INC., )
        Plaintiff, )
)
v. )
)
DEREK HEIMLICH, ANDREW LEVY and, )
ARLEIGH GOODWIN, )
        Defendants. )
)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF, DEFENDANT IN COUNTERCLAIM'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I, III, IV AND VI OF THE COUNTERCLAIM**

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the defendants, through their attorney Richard J. Bombardo, and hereby oppose the Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment on Counts I, III, IV and VI because there exists a genuine issue of material fact on each claim and as a matter of law, summary judgment cannot be granted. For Counterclaim Counts III, IV and VI, the plaintiff has wholly misstated the law and it is clear that the claims made in its Motion are without merit.[1]

---

[1] The Plaintiff has attached to its Memorandum of Law and Concise Statement of Material Facts documents which relate only to other tenants of the Plaintiff at the same address who are defendants in a separate pending Norfolk Superior Court action, and no documents for the three defendants in this action. The Plaintiff's Motion also has attached to it the Answer and Counterclaims of one party to the other action, Julia Levy, which was a separate case brought against other tenants and guarantors as a defense to the claims of the defendants in this action. The Defendants Answer in the instant action was not attached. The defendants assume this was unintentional error but allege that these documents demonstrate even more basis

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action was filed by the plaintiff only after the defendants had each sued the plaintiff in Brookline District Court for return of their security deposit plus damages. The original Small Claims Complaint of defendants Heimlich and Levy are attached hereto as Exhibit A. These actions were originally filed by the defendants against Arnold M. Freidfertig individually, the sole owner of plaintiff corporation Dad Construction Co., Inc. Mr. Freidfertig was able to get those claims dismissed because the defendants did not sue the corporation. The defendants re-filed their complaints seeking security deposit damages from plaintiff corporation.

In direct retaliation and in violation of the anti-SLAPP statute, the plaintiff filed this outrageous lawsuit seeking approximately $100,000.00 in damages from the defendants asserting they had done catastrophic damage to the premises. However, as set forth in the defendants' original Answer and Counterclaims, the plaintiff never sent any notice of any damage or calls to police to the defendants at any time. **The plaintiff, which is solely owned and operated by an attorney who practices primarily in real estate law, did not comply with any provision of the security deposit law, Ch. 186 Sec. 15B**, which requires a statement of condition to be given to the tenants at the time of letting and allows them an opportunity to dispute the condition, and which requires the landlord to escrow the entire deposit in a trust account, and which requires the landlord to provide written notice within 30 days of the termination of the tenancy to the tenant with specifics if the landlord is claiming any damage out of the security deposit, along with receipts and/or damage estimates, and it is typical that a landlord will do a final walk

---

for the Plaintiff to be on notice of the claims made by the Defendants in this action, including the Proposed

through with the tenants to inspect the premises for any alleged damage. **The plaintiff never claimed, orally or in writing, even after 30 days, that the tenants did any damage until after they sued him for return of their security deposit**. The plaintiff would have this Court believe that the tenants did $100,000.00 in damage yet he, even after making allegedly extensive repairs, never even notified them of any alleged damage, let alone sought to recover any money, even though the defendants' parents all signed guarantees for their sons. **The plaintiff sued only those tenants who sued it first, and did not sue any other tenants, even room mates of the defendants**, when the plaintiff could not possibly even determine which tenants allegedly did damage if any occurred. **Plaintiff filed this lawsuit for one sole purpose, to intimidate the defendants into dropping their lawsuit and protect itself from criminal and civil penalties** because it knew, as did Mr. Freidfertig, that it had severely violated the law and was in big trouble.

Solely as a defense to the claims raised by the defendants in the case at bar, the plaintiff sued all other tenants and all other guarantors. The plaintiff never sent any notice of damage to any other tenant or guarantor either, and is just trying to cover its fraud.

II. **ARGUMENT**

    A. **Looking at the facts in the light most favorable to the non-moving party, there exists a genuine issue of material fact and summary judgment must be denied as a matter of law**

Summary judgment is appropriate when there are no genuine issues of material fact and when the record entitles the moving party to judgment as a matter of law. *Theran v. Rokoff*, 413 Mass. 590 (1992). In order to obtain summary judgment on a

---

Amended Complaint and Counterclaims.

claim, the moving party has the burden of establishing that there is an absence of a triable issue. Only once the moving party has met this burden, is the non-moving party required to respond and allege specific facts which establish that there is a material fact in dispute. *See, e.g., Doe v. Liberty Mutual Ins. Co.,* 423 Mass. 366, 368 (1996). In deciding a motion for summary judgment, the court is "obligated to search the record and independently determine whether or not a genuine issue of fact exists." *Higgins v. Baker,* 309 F.Supp. 635, 639 (D.C.N.Y. 1970). If the record demonstrates that there is a genuine issue of material fact, summary judgment may not be entered on that claim. *See e.g., Higgins v. Baker,* 309 F.Supp. at 639.

In ruling on a motion for summary judgment, the court must look at the facts in the light most favorable to the non-moving party. *Brosseau v. Haugen,* No.03-1261 (fn. 2) (U.S. 2004); citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001). The court is further required to draw all reasonable inferences in the record in favor of the non-moving party. *Brosseau v. Haugen,* No.03-1261 (fn. 2) (U.S. 2004); citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

    **B.** **The Plaintiff correctly asserts that Count I as plead is insufficient as a matter of law, however the defendants seek to amend this claim based on allegations already in their original Answer and plainly visible in the record itself, which would not prejudice the plaintiff in any way**

Count I of the counterclaims asserts Fraud, Deceit and Misrepresentation. The defendants agree with the plaintiff's statement of the law regarding claims for fraud and case citations. However, this case is very unusual and the defendants do assert that the plaintiff's entire case is fraudulent. The defendants have thoroughly researched the law and now agree that the claim as plead is insufficient. Rather, if the defendants prove at

trial that the plaintiff's Complaint was fraudulent or frivolous, then the proper course would be for the defendants to seek sanctions after judgment.

The defendants do nevertheless assert that the plaintiff committed substantial fraud in the inducement of the leases which are the subject of this action. These allegations are specifically set forth in the Defendants' Motion to Amend Answer and Counterclaims and Proposed Amended Answer and Counterclaims filed concurrently with their opposition to the Motion for Summary Judgment.

Every contract in Massachusetts contains the covenant of good faith and fair dealing. *Ayash v. Dana-Farber*, 443 Mass. 367, 385 (2005). The plaintiff breached the covenant and committed fraud by making material representations that it knew it was not going to comply with, including complying with the requirements for security deposits, the warranty of habitability and the covenant of quiet enjoyment. A 'material misrepresentation' is one which would naturally influence the judgment of the party in making the contract at all. *See Guerrier v. Commerce Ins. Co.*, 2004 Mass.App.Div. 10, 12 (B.M.C. 2005). These misrepresentations were material because they go to the very essence of the contract and specifically the landlord's obligations. These misrepresentations were made by plaintiff for the specific purpose of inducing the defendants to enter into written leases with the plaintiff to rent residential apartments. The defendants reasonably relied on these misrepresentations to their detriment, including suffering deplorable living conditions, having their right to quiet enjoyment interfered with, never receiving their security deposits back, and enduring violations of Chapter 93A of the *General Laws* of Massachusetts. These claims are precisely plead in the proposed Amended Answer and Counterclaims, including specifically:

a. In the lease, Dad Construction Co., Inc. represented to the defendants that it would maintain the premises in good and habitable condition.

. In the lease, Dad Construction Co., Inc. represented to the defendants that it would take a security deposit and comply with all requirements of the security deposit law.

. In the lease, Dad Construction Co., Inc. represented to the defendants that it would not interfere with the defendants quiet enjoyment of the premises.

. In inducing the defendants to sign their respective leases, Dad Construction made the affirmative representation that it would comply with the entire lease and that it would fulfill all its' statutory, lease and implied covenants.

. When Dad Construction Co., Inc. was attempting to obtain the defendants' acceptance of the lease and premises, it materially represented that it would comply with these requirements.

. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the security deposit law.

. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the warranty of habitability.

. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the covenant of quiet enjoyment.

Whether the plaintiff intended to commit fraud, knew it was committing fraud, and whether the defendants reasonably relied on the fraud to their detriment are questions of fact, which must be left for the jury. Summary judgment can only be granted based on rulings of law, only the trier of fact may determine issues of fact. Since the defendants

have plead facts which, if true, would clearly support a claim for fraud, deceit and misrepresentation, summary judgment may not be entered.

It would result in an injustice if the defendants were not permitted to go forward on their amended claim for fraud, even at this stage of the pleadings. None of the facts alleged are new. The plaintiff has been on notice of these claims since being served with the original Answer and Counterclaims. No additional witnesses or evidence will be required to present this claim and defenses to the claim to the jury. The trial will not be any more complex and the plaintiff will be able to just as vigorously defend this claim. Since this case is so unusual, and even appears to be the first of its kind in the Commonwealth of Massachusetts, the defendants were not sure how to plead this claim, but there has never been any doubt in the record that the defendants are claiming the plaintiff committed fraud.

C. **The Plaintiff has failed to even raise an argument that summary judgment may lie on Counts III, IV and VI of the Counterclaims and cites authority that clearly and unequivocally does not support the arguments plaintiff asserts**

The plaintiff's argument in its' Motion seeking summary judgment on Counts III (Breach of the Warranty of Habitability), IV (Negligent Failure to Maintain Premises) and VI (Breach of the Covenant of Quite Enjoyment), are all based on the fallacious argument that these claims cannot survive the end of the tenancy. The plaintiff cites G.L. Ch. 186 Sec. 14; *Berman & Sons, Inc. v. Jefferson*, 379 Mass. 196, 202 (Mass. 1979); *Sullivan v. H.H. Gilbert Management Corp.*, 7 Mass.L.Rptr. 291 (Mass.Super.Ct. 1997) and *Boston Housing Authority v. Hemingway*, 363 Mass. 184, 199 (1973) as its sole and specific authority for this argument. This argument is wholly meritless and borders on frivolity. Neither the statute nor any of the cases cited by plaintiff even discuss this issue, not even

in dicta or a footnote. In fact, the statute merely sets out civil claims for "wrongful acts of lessor." It is silent on the issue of termination of the claim, and not a single annotated case holds that these claims die at the termination of the tenancy. Likewise, the cases cited by plaintiff present issues for appellate review that have nothing to do with the argument set forth by the plaintiff. Not a single issue for review in the cases cited even raises the question of when these claims of a tenant expire, little alone discuss that issue in any way whatsoever. The only case correctly cited by plaintiff merely holds that a tenancy is a contractual relationship. *Hemingway*, 363 Mass. at 199. There is no mention whatsoever in *Hemingway* or any other authority cited by the plaintiff that supports its argument or interpretation of the cases it cites.

In *Berman & Sons, Inc. v. Jefferson*, 379 Mass. 196 (1979), the two issues on appellate review were: (1) whether a tenant must pay full rent without abatement when the landlord, acting without fault or bad faith, fails to maintain a dwelling in habitable condition and (2) whether the tenant's obligation to pay full rent persists until the landlord has had a reasonable time to repair the defect. *Id.* At 198. The *Berman* case had absolutely nothing to do with the issue of when the tenant's claims arising out of the tenancy terminate. Accordingly, it is improper for plaintiff to cite this case as supporting its contention.

In *Sullivan v. H.H. Gilbert Management Corp.*, No. 934818 (Mid.Super.Ct. May 16, 1997), the Middlesex Superior Court only considered the issue of whether the warranty of habitability extends to a guest of a tenant. The other two issues raised were not considered, and even those issues had nothing to do with the argument plaintiff makes

in the case at bar. Furthermore, this is only a Superior Court case in another jurisdiction from Norfolk County, where this action arose.

The defendants have correctly asserted their claims in Counts III, IV and VI and the plaintiff has failed to cite any authority that supports its' contention that these claim die at the conclusion of the tenancy proper. As such, plaintiff's Motion for Summary Judgment must be denied in its entirety.

## REQUEST FOR ORAL ARGUMENT

The defendants believe that oral argument will assist the court with its determination of the instant motion and therefore request that oral argument be granted on Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment pursuant to Local Rule 7.1(D).

WHEREFORE, the defendants respectfully request this Honorable Court grant the requested relief for the reasons set forth above and such other and further relief as the Court may deem just and proper.

Dated: July 1, 2005

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

/s/ Richard J. Bombardo

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 973-9950
B.B.O. # 633161

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendants' Memorandum of Law in Opposition to Plaintiff/Defendant in Counterclaim's Motion for Summary Judgment, with request for oral argument, to be served upon plaintiff's counsel of record this 1st day of July 2005 by mailing same first-class to: James V. Marano, Jr., Kushner & Marano, P.C., 1231 Washington Street, Newton, MA 02465.

_____
Richard J. Bombardo

# EXHIBIT

# A

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only DOCKET NO. 0309 SC 0496 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|
| ☐ BOSTON MUNICIPAL COURT | ☐ DISTRICT COURT BROOKLINE Division | ☐ HOUSING COURT Division |

**PART 1**

**PART 2** — PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
Derek Heimlich
186 Naples Road Apt. 2
Brookline, MA 02446
PHONE NO: 408-646-9912 (cell)

other PLAINTIFF'S ~~ATTORNEY (if any)~~
Name: Andrew Levy (same address)
new Address: 8 Farrington Ave. Apt. 5
Allston, MA 02134

**PART 3** — DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
Arnold Friedfertig
1714 Beacon Street
Brookline, MA ~~02446~~ 02445
PHONE NO: 617-277-7640

ADDITIONAL DEFENDANT (if any)

**PART 4** — PLAINTIFF'S CLAIM. The defendant owes $ 1400 plus $ 40 court costs for the following reasons. Give the date of the event that is the basis of your claim.

I am seeking payment of $1400 plus court costs for the tenants (including myself) of 186 Naples Road Apt. 2. The date of the event occurred over several months during winter of 2002-2003. The event consists of illegally wired heating system that produced physical and financial sufferance for the tenants. Tenants of this unit were paying for heat other than their own and gas usage they were not receiving.

SIGNATURE OF PLAINTIFF: [signed]   DATE: 8/15/03

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.

☒ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the

☐ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military.

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

THOMAS J. MAY — CLERK-MAGISTRATE OR DESIGNEE

DATE AND TIME OF TRIAL: OCTOBER 30, 2003   9 a.m.
ROOM NO:

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.

As of 10/30/03, Mr. Arnie Friedfertig has not sent the security deposit ($2,100) or an itemized list of deductions from the security deposit to tenants of 186 Naples Road Apt. 2.

We are seeking the return of our security deposit plus interest because of the fact it has been sixty days past the termination of the lease.

Derek Heimlich   10/30/03

Andrew Levy   10/30/03

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only | DOCKET NO. 0309 SC 0679 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|---|

| ☐ BOSTON MUNICIPAL COURT | ☐ DISTRICT COURT BROOKLINE Division | ☐ HOUSING COURT _____ Division |
|---|---|---|

**PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE**
Derek Heimlich
8 Farrington Avenue Apt. 5
Allston, MA 02134
PHONE NO: 408-646-9912

**PLAINTIFF'S ATTORNEY (if any)**
Name: _____
Address: _____
PHONE NO: _____    BBO NO: _____

**DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE**
Arnold Friedfertig
1714 Beacon Street
Brookline, MA 02445
PHONE NO: 617-277-7640

**ADDITIONAL DEFENDANT (if any)**
Name: _____
Address: _____
PHONE NO: _____

**PLAINTIFF'S CLAIM.** The defendant owes $2,000 plus $40 court costs for the following reasons: Give the date of the event that is the basis of your claim.

As of 11/5/03, Mr. Arnold Friedfertig has neither sent the security deposit nor an itemized list of deductions from the security deposit to previous tenants of 186 Naples Road Apt. 2. We, myself as representing the other tenants, are seeking the return of our security deposit (triple the amount) plus interest because it has been over 30 days past the termination of the lease.

SIGNATURE OF PLAINTIFF X _[signature]_    DATE 11/5/03

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:

☐ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____
SIGNATURE OF PLAINTIFF    DATE

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

**NAME AND ADDRESS OF COURT**
BROOKLINE DISTRICT COURT
360 WASHINGTON STREET
BROOKLINE    MA    02445

**DATE AND TIME OF TRIAL**
DECEMBER 11, 2003    9 a.m.
AT
DATE    TIME
ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

FIRST JUSTICE    CLERK-MAGISTRATE OR DESIGNEE

COURT COPY

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.