UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10804 JLT

| | |
|---|---|
| DAD CONSTRUCTION CO., INC., <br> Plaintiff, <br><br> v. <br><br> DEREK HEIMLICH, ANDREW LEVY and, <br> ARLEIGH GOODWIN, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' MOTION TO AMEND ANSWER AND COUNTERCLAIMS

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to as the defendants, through their attorney Richard J. Bombardo, and hereby move this Honorable Court, Pursuant to Federal Rule of Civil Procedure Rules 13 and 15 to 1) amend defendants' counterclaim Count I, Fraud, Deceit and Misrepresentation against the plaintiff; 2) add a new claim, Count V, against Dad Construction Co., Inc. for violation of the security deposit law (by prior agreement of the parties) and 3) to amend the prior Answer and Counterclaims to more clearly assert Count VI – Breach of the Covenant of Quiet Enjoyment.  The defendants submit that substantial good cause exists for this motion to be granted as set forth below.

The proposed Amended Answer and Counterclaims is attached hereto as Exhibit A.

### GROUNDS FOR THIS MOTION

1. The defendants assert that the U.S. District Court has jurisdiction over the proposed amendments to the Answer and Counterclaims without destroying diversity pursuant to 28 U.S.C. 1367, as the new claims will not destroy diversity pursuant to 28 U.S.C. 1332 because they are not inconsistent with the jurisdictional requirements of 28 U.S.C. 1332.

2. <u>Federal Rule of Civil Procedure</u> 15(a) states that leave of court should be freely given when justice so requires and the defendants assert justice cannot be done without the granting of this motion.

3. <u>Federal Rule of Civil Procedure</u> 13 states that a counterclaim about a security deposit should be brought in this action because it involves the same transaction or occurrence or series of transactions or occurrences and it would be fundamentally unfair to bar this claim when there was specific agreement to assert it in this action.

4. There is no prejudice to the plaintiff if the counterclaims are amended because the plaintiff has been on notice of the claims since the inception of this action and the facts are clear in the original Answer that the defendants are making these claims, including the amended claim for fraud.

5. True justice cannot be afforded the defendants if the amendments are not permitted. The basis of the entire dispute underlying this action was over the security deposit claims, the parties specifically agreed to dismiss actions brought by the defendants seeking damages for breach of the security deposit law and interpose them in the case at bar, and the defendants relied on that agreement in

dismissing the Brookline actions. The plaintiff cannot claim prejudice to defend a claim it always knew was being asserted against it by the defendants.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION

6. The Plaintiff has filed a Motion for Summary Judgment on defendants' counterclaim for fraud.

7. The defendants agree that the plaintiff has correctly stated the law on fraud in Massachusetts, and therefore seek to amend this claim to comply with the pleading requirements.

8. The defendants allege clear claims of fraud in the amended Count I – on the principle allegation that the plaintiff committed fraud in inducing the defendants into entering their respective leases.

9. This claim asserts that the plaintiff, at a minimum, breached the covenant of good faith and fair dealing by knowing it would not comply with the security deposit law, the warranty of habitability and the covenant of quiet enjoyment when it entered into the leases, and that the defendants reasonably relied on these misrepresentations in entering into the leases. As a result of their reliance, the defendants suffered damages.

10. The defendants' amended count for fraud merely pleads specifically as fraud claims that were already clearly plead in the entirety of their original Answer, but not separately listed in the count for fraud. Since the claims were always clear in the Answer, the plaintiff cannot possibly assert it would be prejudiced by defending the amended claim, there is no surprise in this count.

11. The defendants alleged in their original Answer that the plaintiff also committed fraud by filing the instant lawsuit which it knew was fraudulent. However, the defendants agree that this does not constitute a count for fraud itself, but rather a basis for sanctions by the court if it holds that the plaintiff's Complaint was frivolous and/or without merit, and therefore agree to withdraw the Count as written and substitute the new Count I in the Proposed Amended Answer and Counterclaims.

## COUNT V – VIOLATION OF THE SECURITY DEPOSIT LAW

12. At the time this action was filed by plaintiff, the defendants had actions for security deposit violations pending in the Brookline District Court.

13. The plaintiff itself, by Arnold M. Freidfertig (before it had retained counsel) agreed with the defendants that it would be most appropriate to dismiss the Brookline actions and assert the security deposit claim in the instant action.

14. This decision was reached mutually to avoid potential inconsistent results and to consolidate the claims into one action to reduce expenses and waste of judicial resources.

15. It would be against the administration of justice to deny the defendants the right to assert a counterclaim it so clearly has against the plaintiff, and which it has been on notice of since before this action was even filed.

16. In fact, it was the security deposit lawsuits brought by the defendants that triggered the plaintiff to file the case at bar in the first place.

17. Accordingly, there cannot be any prejudice to the plaintiff if this claim is asserted.

18. If this amended claim is not allowed, then the defendants will have to file another action to pursue these claims. Since this constitutes a counterclaim involving the same transaction or occurrence or series of transactions or occurrences, prudence and judicial economy indicate that thus claim should be allowed to be plead in the instant action. Furthermore, the plaintiff is already under the belief that the security deposit claim was interposed in this action and did not seek summary judgment on that claim, it is clear plaintiff expects to defend this claim in the instant action and does not see a basis for summary judgment on this claim as set forth specifically in footnote 1 of plaintiff's Memorandum of Law in its Motion for Summary Judgment.

**COUNT VI – BREACH OF THE COVENANT OF QUIET ENJOYMENT**

19. The facts underlying this count were all plead in the original Answer, but not asserted under a separate count.

20. There are no new facts contained in the amended Count VI – and the count merely states a claim based upon those facts which was already entirely plead in Count II of the original Answer.

21. The plaintiff has also therefore been on notice of this claim since the original Answer and cannot be prejudiced by having to defend it. No new witnesses would be required, nor any discovery beyond the mandatory self disclosure already provided by the defendants and the plaintiff.

REQUEST FOR ORAL ARGUMENT

The defendants believe that oral argument will assist the court with its determination of the instant motion and therefore request that oral argument be granted on Defendants' Motion to Amend Answer and Counterclaims pursuant to Local Rule 7.1(D).

WHEREFORE, the defendants respectfully request this Honorable Court grant the requested relief for the reasons set forth above and such other and further relief as the Court may deem just and proper.

Dated: July 1, 2005

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 973-9950
B.B.O. # 633161

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the Defendants' Motion to Amend Answer and Counterclaims, with attached proposed Amended Answer and Counterclaims, to be served upon plaintiff's counsel of record this 1st day of July 2005 by mailing same first-class to: James V. Marano, Jr., Kushner & Marano, P.C., 1231 Washington Street, Newton, MA 02465.

Richard J. Bombardo