UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10804-JLT

DAD CONSTRUCTION CO., INC., )
      Plaintiff )
)
)
vs. )
)
DEREK HEIMLICH, ANDREW LEVY )
and ARLEIGH GOODWIN, )
      Defendants )

**THE PLAINTIFF, DAD CONSTRUCTION CO., INC.'S, OPPOSITION TO THE DEFENDANTS' MOTION TO AMEND THEIR ANSWER AND COUNTERCLAIM AND REQUEST FOR COSTS**

Now comes the plaintiff, Dad Construction Co., Inc. (hereinafter "Dad Construction"), and hereby moves this Honorable Court in Opposition to the defendants' Motion to Amend their Answer and Counterclaims. As grounds for this opposition, Dad Construction states as follows:

Generally speaking, leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the decision to permit an amendment lies within the sound discretion of the trial judge. See generally, Goulet v. Whitin Machine Works, Inc., 399 Mass. 547 (1987). Despite the liberal amendment policy expressed in the Rules, there are situations in which a motion to amend a pleading should be denied. For instance, "a district court need not grant leave to amend [a pleading] if the amendment would be futile." Davis v. Studdert, No. 02-4110 (10thCir. 2003); see also, Huxall v. First State Bank, 842 F.2d 249, 250 n. 2 (10thCir. 1988).

Allowing the defendants to amend their Counterclaim as to Count I, alleging fraud, deceit and misrepresentation, would be futile as they have no evidence to support that claim. The defendants' concede that Count I as it is currently plead in insufficient to maintain a cause of action for fraud. (See the defendant's Motion to Amend Answer and Counterclaims, ¶ 11, attached hereto as "**Exhibit A**"). In their Amended Count I, the defendants' allege that Dad Construction knew when it was negotiating the leases in question that "it never intended to comply with the security deposit law…it never intended to comply with

1

the warranty of habitability [and that]…it never intended to comply with the covenant of quiet enjoyment." (See the defendants' Amended Counterclaim, attached hereto as "**Exhibit B**"). The defendants have made no offer of proof to substantiate these bald assertions. In fact, the defendants have no evidence to support these allegations and will be unable to offer any supporting evidence at the time of trial. As such, allowing the defendants to amend Count I of their Counterclaim would be futile. Moreover, the plain language of the defendants' amended Count I still fails to sufficiently plead a cause of action for fraud. See, *Giuliano v. Nations Tiltle, Inc.*, No. 96-2331 (1st Cir. 01/23/1998).

The defendants have already moved to add a Count alleging violation of the security deposit law against Dad Construction. (See the defendant's Motion to Amend Answer and Counterclaims to Assert Additional Claims and Join a New Party, attached hereto as "**Exhibit C**"). That motion was already denied by this Court. (See Order, dated November 2, 2004, and attached hereto as "**Exhibit D**"). The defendants should be estopped from re-asserting that Count a second time. As the defendants have forced Dad Construction to expend time and effort to address this issue a second time, they should be made to pay costs.

The argument relative to the defendants' Count for Breach of the Covenant of Quiet Enjoyment has been fully addressed in Dad Construction's Motion for Summary Judgment which is presently before this Court. The argument will not be addressed again in this opposition.

## II. <u>FACTUAL BACKGROUND</u>

Dad Construction is the owner of a multi-family dwelling located at 186 Naples Road in Brookline, Massachusetts. On or about August 30, 2002, the defendants entered into a lease agreement with Dad Construction. Pursuant to the lease agreement, the defendants were to live in the dwelling at 186 Naples Road for a period of one year, and were to pay Dad Construction $2,100 per month as rent. Under the lease, the defendants were allowed to take possession of the dwelling on or about September 1, 2002. Unbeknownst to Dad Construction, the defendants utilized the premises as their temporary fraternity house during their tenancy.

The defendants resided within the leased premises for one year, the full duration of the lease period. During the course of their tenancy, the defendants caused substantial damage to the leased premises. At the conclusion of the lease period, the defendants vacated the premises. After they had vacated the premises, the defendants demanded the return of the money they had provided to Dad Construction as security deposits. Dad Construction initially refused to refund the security deposits to the defendants. Since that time, Dad Construction has offered to refund said security deposits in full settlement of this case but the defendants have refused to accept them. As of yet, the defendants have failed to make a settlement offer despite repeated requests for same.

### III. PROCEDURAL HISTORY

The defendants filed suit in the small claims division of the Brookline District Court for the recovery of their security deposits. Arnold Friedfertig was incorrectly named as a defendant in that action. A small claims trial was conducted and judgment was entered against Mr. Friedfertig. Mr. Friedfertig was not present at the small claims trial.

Subsequently, Dad Construction filed suit against the defendants in the Norfolk Superior Court seeking remuneration for the extensive damage caused to the premises at 186 Naples Road. The defendants Answered Dad Construction's Complaint and also asserted several Counterclaims. The defendants subsequently removed the case to this Court.

On or about October 1, 2004, the defendants filed their Motion to Amend Answer and Counterclaims and Assert Additional Claims with this Court. (See Exhibit **C**). In part, the defendants were seeking to amend their Counterclaims to assert a Count alleging violation of the security deposit law against Dad Construction. (See Exhibit **C**). Dad Construction opposed the defendants' motion. In its Order dated November 2, 2004, the Court denied the defendants' ,otion. (See Exhibit **D**). Since that time, the case has proceeded through the normal course of pre-trial discovery.

IV.  **ARGUMENT**

   A.  <u>**The defendants can offer no evidence to support the allegations in their Amended Count I, therefore it would be futile for them to amend their Counterclaim.**</u>

Rule 15(a) of the Federal Rules of Civil Procedure allows for the liberal amendment of pleadings under certain circumstances. That Rule provides, in pertinent part, as follows:

   **(a)    Amendments.**  A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served...a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

"Although leave to amend is within the discretion of the judge, leave should be granted <u>***unless there appears some good reason for denying the motion***</u>." *Goulet*, 399 Mass. at 549 (1987)(emphasis added); citing, *Castellucci v. United States Fidelity and Guaranty Company*, 372 Mass. 288 (1977); citing, *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Reasons which might justify the denial of a motion to amend include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, <u>***futility of amendment***</u>, etc.'" *Bengar v. Clark Equipment Company*, 24 Mass.App.Ct. 41 (Mass.App.Ct. 1987)(emphasis added); citing, *Foman*, 371 U.S. at 182 (1962). "The right to amend is <u>***never absolute***</u>...as a district court may deny a motion to amend if the court concludes that the amendment would be futile." *Jurgevich v. McGary*, No. 02-1291 (10thCir. 2003); See also, *Demars v. General Dynamics Corp.*, 779 F.2d 95, 99 (1st Cir. 1985), quoting, *Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir. 1983).

In their Amended Count I, the defendants' allege that Dad Construction knew when it was negotiating the leases in question that "it never intended to comply with the security deposit law...it never intended to comply with the warranty of habitability [and that]...it never intended to comply with the covenant of quiet enjoyment." (See Exhibit **B**). The defendants have made no offer of proof to substantiate

these unfounded assertions. In fact, the defendants have no evidence to support these allegations and will be unable to offer any supporting evidence at the time of trial.

To be sure, the defendants will be totally unable to establish the mental state of Dad Construction, a corporate entity, when it was negotiating the defendants' leases. Put another way, the defendants will be wholly unable to sustain their burden of proof at the time of trial. As such, allowing the defendants to amend Count I of their Counterclaim would be futile. The defendants' motion should be denied.

    **B.**    **In addition, the defendants' Amended Count I still fails to sufficiently plead a cause of action for fraud**

"Under Fed.R.Civ.P. 9(b), when alleging fraud, the [pleading] must set forth ***specific facts*** that make it reasonable to believe that the defendant[s] knew that a statement was materially false or misleading." *Giuliano*, No. 96-2331 (1st Cir. 01/23/1998)(emphasis added); see also, *Serabian v. Amoskeag Bank Shares, Inc.*, 24 F.3d 357, 361 (1st Cir. 1994) quoting, *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992). "The rule requires that the particular 'times, dates, places or other details of [the] alleged fraudulent involvement' of the actors be alleged." *Giuliano*, No. 96-2331 (1st Cir. 01/23/1998); *Serabian*, 24 F.3d at 361 (1st Cir. 1992) quoting, *In re GlenFed, Inc. Securities Litigation*, 11 F.3d 843, 847-48 (9th Cir. 1993), reh'g en banc granted, 11 F.3d 843 (9th Cir. 1994).

The defendants have again failed to sufficiently plead a Count for fraud, deceit and misrepresentation. In its Amended Count I, the defendants have failed to provide the "particular times, dates, places or other details of [the] alleged fraudulent involvement of [Dad Construction]." *Giuliano*, No. 96-2331 (1st Cir. 01/23/1998); *Serabian*, 24 F.3d at 361 (1st Cir. 1992) quoting, *In re GlenFed, Inc.*, 11 F.3d at 847-48 (9th Cir. 1993), reh'g en banc granted, 11 F.3d 843 (9th Cir. 1994). Rather, the defendants have made only general allegations of fraud against Dad Construction. The defendants have again failed to sufficiently plead a Count for fraud and their motion to amend must be denied.

**C.     The defendants have already moved to add a Count for violation of the security deposit law against Dad Construction and that motion was already denied by this Court**

On or about October 1, 2004, the defendant filed their Motion to Amend Answer and Counterclaims and Assert Additional Claims with this Court. (See Exhibit **C**). In their motion, the defendants were seeking, in part, to amend their Counterclaims to assert a Count alleging violation of the security deposit law against Dad Construction. (See Exhibit **C**). Dad Construction opposed the defendants' motion. In its Order dated November 2, 2004, the Court denied the defendants' motion. (See Exhibit **D**).

The defendants are now attempting to re-assert a claim for violation of the security deposit law against Dad Construction. ***This Court has already refused to allow the defendants to assert this claim.*** (See Exhibit **D**). The defendants are choosing to disregard this Court's clear Order and are moving, for a second time, for leave to assert a Count for violation of the security deposit law against Dad Construction. This should not be allowed. The defendants should not be allowed to question the Court on the validity of its prior Order.

In addition, as Dad Construction has been forced to expend additional time and effort in opposing this issue a second time, the defendants should be made to pay Dad Construction's costs in preparing the instant opposition.

**V.     CONCLUSION**

The defendants' motion should be denied. It would be futile for the defendants to amend their Counterclaim to assert a claim for fraud as they have no evidence to prove that claim at the time of trial. Moreover, the plaintiff's Amended Count I is still insufficiently plead under the Rules.

The defendants have already attempted to add a Count against Dad Construction alleging violation of the security deposit law. This Court has already ruled that the defendants will not be allowed to assert such a claim. The defendants are now attempting to address this issue a second time despite the Court's clear Order. This should not be allowed. The defendants should be made to pay Dad Construction for the costs it incurred in opposing this issue a second time.

WHEREFORE, the plaintiff, Dad Construction Co., Inc., hereby moves this Honorable Court to deny the defendants' Motion to Amend Answer and Counterclaims, award costs for time that Dad Construction has expended in opposing said motion, and to grant whatever other relief this Court deems just and fair.

## REQUEST FOR ORAL ARGUMENT

Should this Court deem necessary, the plaintiff requests an oral argument on the instant motion.

Respectfully submitted,
The plaintiff,
By its attorneys,

_____
James V. Marano, Jr., BBO# 359722
Brian D. Lajeunesse, BBO# 652348
**KUSHNER & MARANO, P.C.**
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 244-1744

Dated: July 13, 2005

## CERTIFICATE OF SERVICE

I, James V. Marano, Jr., Esquire, hereby certify that on this 13th day of July, 2005, I have served a copy of the Plaintiff/Defendant in Counterclaim's Opposition to the Defendant's Motion to Amend their Answer and Counterclaim, via first-class mail to the following:

Richard J. Bombardo, Esquire
Lovenberg & Associates
11 Beacon Street, Suite 625
Boston, MA  02108

_____
James V. Marano, Jr., BBO# 559722