# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-10804 JLT

|  |  |
|---|---|
| DAD CONSTRUCTION CO., INC.<br>            Plaintiff, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| DEREK HEIMLICH, ANDREW LEVY and, | ) |
| ARLEIGH GOODWIN, | ) |
|            Defendants. | ) |

## AMENDED ANSWER AND COUNTERCLAIMS

NOW COME Derek Heimlich, Andrew Levy and Arleigh Goodwin, hereinafter referred to collectively as the Defendants, through their attorney Richard J. Bombardo, and answer the Complaint ("Complaint") of Dad Construction, Co., Inc., hereinafter referred to as the Plaintiff, paragraph by paragraph, as follows:

1. The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. The Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendants deny that they threw loud or offensive parties and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 14 of the Plaintiff's Complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

## COUNT I

19. The Defendants repeat and reaffirm the responses contained in paragraphs 1-18 as if same were fully set forth herein.

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

## COUNT II

22. The Defendants repeat and reaffirm the responses contained in paragraphs 1-21 as if same were fully set forth herein.

23. The Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

## COUNT III

26. The Defendants repeat and reaffirm the responses contained in paragraphs 1-25 as if same were fully set forth herein.

27. The Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

## COUNT IV

29. The Defendants repeat and reaffirm the responses contained in paragraphs 1-28 as if same were fully set forth herein.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

## COUNT V

32. The Defendants repeat and reaffirm the responses contained in paragraphs 1-31 as if same were fully set forth herein.

33. The Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

## COUNT VI

35. The Defendants repeat and reaffirm the responses contained in paragraphs 1-34 as if same were fully set forth herein.

36. The Defendants deny the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

39. This court lacks personal jurisdiction over all Defendants.

## SECOND AFFIRMATIVE DEFENSE

40. The Plaintiff, if damaged, was required to mitigate its damages, but failed to do so.

## THIRD AFFIRMATIVE DEFENSE

41. If the Plaintiff had any claim against the Defendants, that claim has been waived by the actions or inactions of the Plaintiff, its agents, servants and/or representatives.

## FOURTH AFFIRMATIVE DEFENSE

42. The Plaintiff has unclean hands and as such, is barred from recovering any damages from the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

43. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

44. Plaintiff by its conduct and actions and/or conduct and actions of its agents is barred

from pursuing any and all rights and claims it may have had.

## SEVENTH AFFIRMATIVE DEFENSE

45. The Plaintiff violated the security deposit law and other statutes causing severe

damages to the Defendants. The Defendants are entitled to a set-off of all damages

they incurred against any damages that the Plaintiff may have sustained.

## EIGHTH AFFIRMATIVE DEFENSE

46. The Plaintiff has committed fraud against the Defendants and upon the Court and as

a result, is barred from any recovery against the Defendants.

## NINE AFFIRMATIVE DEFENSE

47. The Plaintiff failed to maintain the premises in a sanitary and legal manner and as

such, the Defendants are entitled to set-off the difference in value between that

which was let and the fair market rental value of the premises in the condition so let

and any damages that they suffered as a result of the Plaintiff's failure to maintain

the premises.

## TENTH AFFIRMATIVE DEFENSE

48. If the Plaintiff sustained damages as alleged in the Complaint, such damages were

caused by one or more third parties over whom the Defendants did not have direction

or control and for whom the Defendants are not responsible.

## COUNTERCLAIMS

49. Plaintiff-in-counterclaim Derek Heimlich is an individual residing at 8 Farrington

Avenue, Apt. 5, Allston, MA.

50. Plaintiff-in-counterclaim Andrew Levy is an individual residing at 8 Wadsworth

Street, Allston, MA.

51. Plaintiff-in-counterclaim Arleigh Goodwin is an individual residing at 8 Wadsworth

Street, Allston, MA.

52. Defendant-in-counterclaim Dad Construction Co., Inc. is, upon information and

belief, a Massachusetts corporation with its principal place of business at 1714

Beacon Street, Brookline, MA 02445.

## FACTS

53. The defendants were tenants at of property owned by Dad Construction Co., Inc.

from September 1, 2002 until August 31, 2003

54. The defendants did not cause any damage to the property of Dad Construction Co.,

Inc.

55. Derek Heimlich and Andrew Levy paid Dad Construction Co., Inc. a security deposit

as required by their lease.

56. Arleigh Goodwin paid Dad Construction Co., Inc. a security deposit to Dad

Construction Co., Inc. as required by his lease.

57. Dad Construction Co., Inc. did not deposit the security deposit in an escrow account

as required by Massachusetts General Laws Chapter 186 Section 15B.

58. Dad Construction Co., Inc. did not comply with other provisions of said statute

relating to security deposits, including that a statement of condition must be given at

the time of letting, and that notice of the account in which the security deposit was deposited.

59. Dad Construction Co., Inc. failed to return any portion of the security deposit of each of the plaintiffs-in-counterclaim at any time since the tenancies ended.

60. Dad Construction Co., Inc. never sent the plaintiffs-in-counterclaim notice within 30 days of why the security deposit was not being returned.

61. The plaintiffs-in-counterclaim each sued for the return of their security deposit, plus damages for violation of the statute, first suing Arnold M. Freidfertig individually, and then suing Dad Construction Co., Inc. after Mr. Freidfertig was successful in getting the actions against him dismissed because he was sued personally, and not Dad Construction Co., Inc..

62. In retaliation for the plaintiffs-in-counterclaim filing small claims actions for the return of their security deposits, Dad Construction Co., Inc. filed a lawsuit against them seeking a minimum of $95,000.00 in damages for damage allegedly caused by the plaintiffs-in-counterclaim while they were tenants without ever inspecting the premises prior to the termination of the tenancies, and never once even sending the plaintiffs-in-counterclaim any notice at all that it claimed they had done such extensive damage to the premises.

63. Dad Construction Co., Inc. was required to inspect the premises prior to taking possession of the premises for any damage that it was going to assert against the tenants, but did not ever do so.

64. In the original Complaint filed by Dad Construction Co., Inc., the plaintiff also asserts that it had notice of problems with the tenants for some time, as the police

were called to the premises numerous times, and Dad Construction Co., Inc. was cited criminally by the Town of Brookline for improperly storing trash and other violations of the sanitary code throughout the course of the tenancies.

65. Dad Construction Co., Inc. did not seek any damages from the plaintiffs-in-counterclaim prior to their initiating lawsuits for security deposit violations.

66. Despite such allegations, Dad Construction Co., Inc. never once notified the plaintiffs-in-counterclaim that any such damage or charges were being attributed to them.

67. Despite each plaintiff-in-counterclaim having additional roommates whom were listed on their respective leases, Dad Construction Co., Inc. deliberately chose to sue only those tenants which sued him.

68. Without an investigation, which Dad Construction Co., Inc. never performed, there was no way for Dad Construction Co., Inc. to determine who had caused any alleged damage and therefore had no basis to sue only those tenants which sued him first.

69. Dad Construction Co., Inc. chose deliberately to single out only those tenants which sued it for the purpose of intimidating the tenants from continuing their suits against it.

70. The plaintiffs-in-counterclaim did not cause any damage to the premises and believe that any repairs made to the property were either the result of Dad Construction Co., Inc.'s failure to maintain the premises in accord with the sanitary and building code or were improvements that it always intended to make and now asserts as a false basis of damages in a fraudulent scheme to intimidate the plaintiffs-in-counterclaim from pursuing their claims against it.

71. Dad Construction Co., Inc. has never provided any receipts or proof to the plaintiffs-in-counterclaim of repairs it alleges were made as a result of damage caused by them.

72. Dad Construction Co., Inc. has used the legal system as a means to deny the plaintiffs-in-counterclaim their right to petition a judicial body for redress of their grievances in violation of state and federal statutes.

73. Dad Construction Co., Inc. has used its' corporate status as a mechanism to commit fraud.

74. Dad Construction Co., Inc. offered to lease the defendants two apartments in the premises located at 186 Naples Road, Brookline, MA (hereinafter referred to as the "premises") by a one year written term lease.

75. Implied in all contracts entered into in Massachusetts is the covenant of good faith and fair dealing.

76. In the lease, Dad Construction Co., Inc. represented to the defendants that it would maintain the premises in good and habitable condition.

77. In the lease, Dad Construction Co., Inc. represented to the defendants that it would take a security deposit and comply with all requirements of the security deposit law.

78. In the lease, Dad Construction Co., Inc. represented to the defendants that it would not interfere with the defendants quiet enjoyment of the premises.

79. In inducing the defendants to sign their respective leases, Dad Construction made the affirmative representation that it would comply with the entire lease and that it would fulfill all its' statutory, lease and implied covenants.

80. When Dad Construction Co., Inc. was attempting to obtain the defendants' acceptance of the lease and premises, it materially represented that it would comply with these requirements.

81. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the security deposit law.

82. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the warranty of habitability.

83. Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the covenant of quiet enjoyment.

84. The misrepresentations of Dad Construction Co., Inc. were knowing and material to the terms of the leases.

85. The misrepresentations of Dad Construction Co., Inc. were made with the intent of inducing the defendants to rely on them and accept the lease contracts.

86. The defendants relied on these misrepresentations when they entered into their respective leases.

87. Dad Construction Co., Inc. breached the covenant of good faith and fair dealing by making these material misrepresentations.

88. The defendants would not have entered into the leases if they knew these representations were false.

89. As a direct result of Dad Construction, Co., Inc.'s material misrepresentations and the defendants reliance upon them, the defendants suffered significant damages.

## COUNT I – FRAUD, DECEIT AND MISREPRESENTATION
## DAD CONSTRUCTION CO., INC.

90. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 89 as if same were fully set forth herein.

91. Implied in all contracts entered into in Massachusetts is the covenant of good faith and fair dealing.

92. The Defendant-in-counterclaim made the following misrepresentations when it entered into the leases with the Plaintiffs-in-counterclaim:

  a.  In the lease, Dad Construction Co., Inc. represented to the defendants that it would maintain the premises in good and habitable condition.

  b.  In the lease, Dad Construction Co., Inc. represented to the defendants that it would take a security deposit and comply with all requirements of the security deposit law.

  c.  In the lease, Dad Construction Co., Inc. represented to the defendants that it would not interfere with the defendants quiet enjoyment of the premises.

  d.  In inducing the defendants to sign their respective leases, Dad Construction made the affirmative representation that it would comply with the entire lease and that it would fulfill all its' statutory, lease and implied covenants.

  e.  When Dad Construction Co., Inc. was attempting to obtain the defendants' acceptance of the lease and premises, it materially represented that it would comply with these requirements.

  f.  Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the security deposit law.

    g.  Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the warranty of habitability.

    h.  Dad Construction Co., Inc. knew when it was negotiating the leases that it never intended to comply with the covenant of quiet enjoyment.

93. The misrepresentations of Dad Construction Co., Inc. were knowing and material to the terms of the leases.

94. The misrepresentations of Dad Construction Co., Inc. were made with the intent of inducing the defendants to rely on them and accept the lease contracts.

95. The defendants relied on these misrepresentations when they entered into their respective leases.

96. Dad Construction Co., Inc. breached the covenant of good faith and fair dealing by making these material misrepresentations.

97. The defendants would not have entered into the leases if they knew these representations were false.

98. As a direct result of Dad Construction, Co., Inc.'s material misrepresentations and the defendants reliance upon them, the defendants suffered significant damages.

99. As a result of the fraud and material misrepresentations of the Defendant-in-counterclaim, the Plaintiffs-in-counterclaim suffered damages, including incidental and consequential damages, which proof at time of trial will reveal, including attorney's fees.

## COUNT II – UNFAIR AND DECEPTIVE PRACTICES
## DAD CONSTRUCTION CO., INC.

100. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 99 as if same were fully set forth herein.

101. The Defendant-in-counterclaim is in the trade or business of renting residential housing, and did, throughout the course of the tenancy, engage in unfair and deceptive practices within the meaning and scope of M.G.L. c. 93A and the Attorney General's regulations published to enforce this law. These unfair and deceptive practices include, but are not necessarily limited to, the following:

   a. Requiring a security deposit from the Plaintiffs-in-counterclaim, but failing to comply with all aspects of the security deposit law, including escrowing the deposit in an account protected from the Landlord's creditors, failing to give the tenants a statement of condition of the premises at the time of letting, failing to return the security deposit within 30 days of the tenants vacating the premises;

   b. Violating the requirements for prepaid rent as set forth by statute and 940 C.M.R. 3.17(1)(I);

   c. Breach of the warranty of habitability including multiple violations of the building and sanitary code;

   d. Failing to inform the Plaintiffs-in-counterclaim about fire insurance in violation of M.G.L. C. 175 Sec. 99, 940 C.M.R. 3.16(3) and/or M.G.L. c. 186 sec. 21.

   e. Bringing fraudulent claims against the Plaintiffs-in-counterclaim in the instant action;

   f. Knowingly and willfully violating material terms of the lease and the covenants implied by law and statutes relating to the tenancy and security deposits; and

g. Engaging in conduct which was reasonably foreseeable to result in the infliction of extreme emotional distress on the Plaintiffs-in-counterclaim.

102. All of the Defendant-in-counterclaim's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A. Therefore, the Plaintiffs-in-counterclaim are entitled to three times, but not less than two times, all damages awarded or that could be awarded pursuant to M.G.L. c. 93A, plus reasonable attorney's fees.

## COUNT III – BREACH OF WARRANTY OF HABITABILITY
## DAD CONSTRUCTION CO., INC.

103. The Plaintiffs-in-counterclaim repeat and reallege the responses contained in paragraphs 1 through 102 as if same were fully set forth herein.

104. The Defendant-in-counterclaim expressly or impliedly warranted to provide and keep the premises in good repair, in compliance with all applicable laws and regulations, and in all other respects fit for habitation.

105. The Defendant-in-counterclaim breached said warranty allowing the following conditions to exist in the premises:

a. UNIT 2

1. mold in the bedroom and bathroom on the ceiling;

2. Ceiling paint peeling;

3. 3 broken windows;

4. improperly metered and wired heating and gas service causing Unit 2 to pay for heat in other units and greatly increasing the costs;

5. failing to deliver the premises in clean and sanitary condition;

6. smoke detector inoperable;

7. the oven had a gas leak;

8. ceiling leaked water; and

9. inadequate and improperly working furnace

b. UNIT 3

1. Heater improperly connected to Unit 2;

2. extensive water damage to walls (including mold);

3. peeling paint and plaster;

4. cabinets falling off the wall;

5. rotten and decaying food left in the refrigerator from prior tenant; and

6. trash throughout the apartment at the time of letting.

106. As a result of the Breach of Warranty of Habitability, the Plaintiffs-in-

counterclaim suffered damages and are entitled to the difference between the fair

market rental value of the premises in good repair and in compliance with all

applicable laws and regulations and the value of the premises in disrepair and any

damages they suffered which are the consequence of the breach of warranty.

## COUNT IV- NEGLIGENT FAILURE TO MAINTAIN THE PREMISES DAD CONSTRUCTION CO., INC.

107. The Plaintiffs-in-Counterclaim repeat and reallege the responses contained in

paragraphs 1 through 106 as if same were fully set forth herein.

108. Throughout the tenancy of the Plaintiffs-in-counterclaim, the Defendant-in-

counterclaim negligently failed to maintain and keep the premises in good repair and

condition all of which has caused the Plaintiffs-in-counterclaim to suffer injury,

inconvenience, expense, discomfort, great anxiety, distress and upset.

109.   The conditions that the Defendant-in-counterclaim have failed to maintain and/or

repair existed at the inception of the tenancy and include, but are not necessarily

limited to, the following:

a.  UNIT 2

   1.  mold in the bedroom and bathroom on the ceiling;

   2.  Ceiling paint peeling;

   3.  3 broken windows;

   4.  improperly metered and wired heating and gas service causing Unit 2 to

       pay for heat in other units and greatly increasing the costs;

   5.  failing to deliver the premises in clean and sanitary condition;

   6.  smoke detector inoperable;

   7.  the oven had a gas leak;

   8.  ceiling leaked water; and

   9.  inadequate and improperly working furnace

b.  UNIT 3

   1.  Heater improperly connected to Unit 2;

   2.  extensive water damage to walls (including mold);

   3.  peeling paint and plaster;

   4.  cabinets falling off the wall;

   5.  rotten and decaying food left in the refrigerator from prior tenant; and

   6.  trash throughout the apartment at the time of letting.

110.  As a result of the Defendant-in-counterclaim's negligent failure to maintain the premises, the Plaintiffs-in-counterclaim have suffered damages, including incidental and consequential damages which proof at time of trial will reveal.

## COUNT V- VIOLATION OF SECURITY DEPOSIT LAW
## DAD CONSTRUCTION CO., INC.

111.  The Plaintiffs-in-Counterclaim repeat and reallege the responses contained in paragraphs 1 through 110 as if same were fully set forth herein.

112.  The Plaintiffs-in-counterclaim were required to pay a security deposit to Dad Construction Co., Inc. as a condition of their tenancy.

113.  Dad Construction Co., Inc. failed to comply with Massachusetts General Laws, Ch. 186, Sec. 15B, including failing to escrow the security deposits in a trust account, failing to give a statement of condition to the tenants at the time of letting, failing to return the security deposit within 30 days of the termination of the tenancy or giving the tenants notice in writing of the reason why their security deposits were not returned, and other violations of the law.

114.  As a result of Dad Construction Co., Inc.'s breach of the security deposit law, the plaintiffs-in-counterclaim suffered damages.

115.  The plaintiffs-in-counterclaim are therefore entitled to three times the value of their security deposit, plus interest and attorney's fees.

## COUNT VI - BREACH OF THE COVENANT OF QUIET ENJOYMENT
## DAD CONSTRUCTION CO., INC.

116.  The Plaintiffs-in-counterclaim repeat and reallege the allegations contained in paragraphs 1 through 115 as if same were fully set forth herein.

117.  There was implied in the tenants' leases a covenant of quiet enjoyment of the premises by the defendant-in-counterclaim.

118.  The defendant-in-counterclaim failed to maintain the premises in compliance with applicable laws and regulations as set forth above.

119.  The defendant-in-counterclaim's failure to maintain the premises in compliance with applicable laws and regulations constituted a breach of the covenant of quiet enjoyment.

120.  As a result of the defendant-in-counterclaim's breach of the covenant of quiet enjoyment, the plaintiffs-in-counterclaim are entitled to the greater of their actual damages or three times the tenants' rent plus reasonable attorney's fees.

**WHEREFORE**, the Defendants and Plaintiffs-in-counterclaim respectfully pray that this Honorable Court:

1.  Dismiss the Plaintiff's Complaint in its entirety;

2.  Enter judgment in favor of Defendants on all counts alleged in Plaintiff's Complaint;

3.  Enter judgment in favor of Plaintiffs-in-Counterclaim on all Counterclaims;

4.  Award the Plaintiffs-in-counterclaim damages on each Counterclaim in accordance with the damages proven at trial, including double or treble damages;

5.  Award the Defendants and Plaintiffs-in-counterclaim their reasonable attorney's fees incurred in the instant action.

6. Grant such other and further relief as the Court deems just and proper.

**THE DEFENDANTS AND PLAINTIFFS-IN-COUNTERCLAIM DEMAND
A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: July 1, 2005

Respectfully Submitted,
DEREK HEIMLICH, ANDREW LEVY and
ARLEIGH GOODWIN,
By their attorney,

Richard J. Bombardo, Esq.
11 Beacon Street, Suite 520
Boston, MA 02108
(617) 973-9950
B.B.O. # 633161

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing to be served upon
counsel for Plaintiff this 1st day of July 2005 by mailing same to plaintiff's counsel of
record, James V. Marano, Esq., Kushner & Marano, P.C., 1231 Washington Street, Suite
Two, Newton, MA 02465.

Richard J. Bombardo